

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 15, 2024

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Robert Menendez, et. al*,
                S2 23 Cr. 490 (SHS)

Dear Judge Stein:

       The Government respectfully submits this letter in response to the January 13, 2024 letter motion filed by defendant Robert Menendez in the above-captioned matter requesting a one-week extension of the defendants' deadline to file suppression motions, in light of certain documents recently provided by the Government. (Dkt. No. 127 ("Def. Ltr.").) The Government writes to (a) clarify its position on the defendant's request and (b) briefly correct the record regarding the defendant's characterization of the Government's document productions.

       *First*, to avoid the substantial inefficiencies in briefing multiple suppression motions, likely concerning the same or similar warrants, on separate schedules, the Government consents to the requested extension on the condition that it applies to its time to respond to all defense suppression motions. Prior to the defendant filing his letter motion, the Government accordingly advised defense counsel by email that while the Government does not believe that the documents upon which his motion rests are material to a suppression motion, the Government did not object to the defendant's limited request, provided that the Government's corresponding deadline, for all suppression motions, moves by the same period of time. Although the defendant appears to state correctly the Government's position at the beginning of his letter, in the concluding paragraph of his letter, he requests that only his own deadline be extended to January 22, 2024 and appears to suggest that, if his motion is granted, the Government's deadline for responding to *only the defendant's* suppression motion be moved by the corresponding time period. (*Compare* Def. Ltr. at 1 (extension requested as to "the defendants' deadline" and the Government's response), *with id.* at 2 (request as to "Senator Menendez's deadline" and the Government's response).) To clarify, the Government requests that, to the extent the Court grants the defendant's motion, the Government be permitted to file its response to all suppression motions—not just those filed by the defendant—three weeks later (*i.e.*, on February 12, 2024, if the defendant's requested one-

Honorable Sidney H. Stein
January 15, 2024
Page 2

week extension is granted). That approach would permit the Government to respond to all suppression motions on the same schedule, and, to the extent warranted, in one filing, which is expected to be most efficient given the relevant law, procedural history, and facts, and would similarly permit the defendants to file their replies, should they wish to do so, on one schedule.

*Second*, while the Government, as a professional courtesy, does not object to the requested extension (provided that it receives a commensurate extension to respond to all suppression motions), the Government notes that the defendant's characterization of the Government as belatedly "relent[ing]" to defense requests (Def. Ltr. at 1) is materially inaccurate. The Government does not intend to recite the history of its correspondence with and productions to the defendant in detail unless requested, given that it is immaterial to the requested extension, but that history shows that the Government has engaged in repeated, diligent, and good-faith engagement with the defendant and has made productions well exceeding its legal obligations.[1]

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:   s/ Lara Pomerantz
       Eli J. Mark
       Paul M. Monteleoni
       Lara Pomerantz
       Daniel C. Richenthal
       Assistant United States Attorneys
       (212) 637-2431/2219/2343/2109

cc:    (by ECF)

       Counsel of Record

---

[1] With respect to the redacted interview memoranda that the defendant discusses in his extension request, for example, the Government initially, on December 28, 2023, disclosed portions of potential witness statements that closely tracked the relevant interview memoranda (a form substantially similar to a prior request by the defendant for quotations from those memoranda). On January 2, 2024, the defendant requested the redacted memoranda themselves, which the Government indicated on January 4, 2024, that it would consider producing as a courtesy (despite not being required to do so), ultimately resulting in a January 12, 2024 production after the redactions were completed. The Government also notes that the already modest 209-page total of these memoranda substantially overstates their volume, given that they are redacted and disclose substantially the same information as that the Government disclosed weeks earlier in a 14-page letter. The Government further notes that the pertinent documents with respect to a confidential source (the "CS") were produced in response to a defense request as a courtesy, notwithstanding that the search warrant affidavit of June 15, 2022 that the defendant cited in making his request referred to a recorded conversation of the CS, the recording of which was previously produced to the defense in discovery, and that was mentioned in only a single paragraph of a 110-paragraph, 92-page affidavit.