

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 3, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
             **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in further support of its letter motion requesting that the Court order the defendants to provide particularized notice by April 4, 2024 as to (1) whether, and (2) if so, on what bases, they intend to invoke at trial any affirmative defense, including that set forth in the Foreign Agents Registration Act ("FARA") for "activities not serving predominantly a foreign interest," 22 U.S.C. § 613(d)(2), and in response to defendant Robert Menendez's letter in opposition (Dkt. 272 ("Def. Ltr.")) filed yesterday afternoon. The defendant presses four principal points in his opposition. None has merit.

      *First*, the defendant states that because Section 219 criminalizes a public official acting as a foreign agent required to register under FARA, the Government bears the burden of proving that the defendant was required to register. (Def. Ltr. 1 ("the requirement to register is an element of liability under FARA on which the government bears the burden of proof" (emphasis omitted)).) That is true. It is also irrelevant. In a fraud case, the Government must prove that the defendant acted with the intent to defraud, but that does not turn the defense of advice-of-counsel, which defeats such intent, into something the Government must *disprove*. *See, e.g.*, *United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017). So too in a Section 951 case, the Government must prove that the defendant acted as a foreign agent, but that does not mean that the Government must *disprove* that one or more of the exceptions to agency applies. *See United States v. Rafiekian*, 991 F.3d 529, 541-44 (4th Cir. 2021); *United States v. Duran*, No. 07 Cr. 20999, 2008 WL 11333989, at *2 (S.D. Fla. Oct. 10, 2008).[1] And so too here.

      To be sure, as the defendant suggests (*see* Def. Ltr. 1, 3), depending on how this case is tried, there may be some factual or evidentiary interplay between what the Government presents to meet its burden, and the affirmative defense in Section 613(d)(2). But that is neither unusual

---

[1] The defendant's statement that 18 U.S.C. § 951 "largely regulates businesses (and their principals)" (Def. Ltr. 3) is incorrect, and the cited cases are criminal prosecutions of individuals.

nor improper, much less, as the defendant asserts, "unconstitutionally" so (Def. Ltr. 1). *See, e.g.*, *Martin v. Ohio*, 480 U.S. 228, 234 (1987) ("We are thus not moved by assertions that the elements of aggravated murder and self-defense overlap in the sense that evidence to prove the latter will often tend to negate the former."); *United States v. Johnson*, 968 F.2d 208, 214 (2d Cir. 1992) (rejecting constitutional challenge to affirmative defense in witness tampering statute providing "that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully").

Nor is any theoretical overlap nearly as great as the defendant suggests. To prove the defendant guilty of violating Section 219, the Government must prove that the defendant agreed to or did act as an agent of a foreign principal required to register under FARA, *i.e.*, a person who "acts as an agent. . . [or] who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal" and "who directly or through any other person" "engages within the United States in political activities for or in the interests of such foreign principal; acts within the United States as a political consultant for or in the interests of such foreign principal; or within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States." 22 U.S.C. §§ 611, 612(a), 618(a). None of this requires the Government to prove whether the actions were not in the interest of the United States, much less the degree thereof.

Section 613, by comparison, is a separate section of the statute, labeled "Exemptions." That section exempts from registration certain persons who are otherwise "agents of foreign principals" and thus *who otherwise have to register*. Section 613(d) provides an exemption for:

> Any person engaging or agreeing to engage only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of such foreign principal; or (2) in other activities not serving predominantly a foreign interest; or (3) in the soliciting or collecting of funds and contributions within the United States to be used only for medical aid and assistance, or for food and clothing to relieve human suffering, . . . .

22 U.S.C. § 613(d). In short, FARA is structured precisely like Section 951. It contains a substantive requirement, which is complete, and then, separately, sets forth a series of "[e]xemptions" from such requirement. *See Rafiekian*, 991 F.3d at 541-43 *Duran*, 2008 WL 11333989, at *2. Nor, contrary to the defendant's suggestion (Def. Ltr. 2), is there something novel about interpreting criminal statutes in this manner; rather, it has been the law for more than a century. *See McKelvey v. United States*, 260 U.S. 353, 357 (1922) ("an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and . . . it is incumbent on one who relies on such an exception to set it up and establish it"); *see also United States v. Durrani*, 835 F.2d 410, 421 (2d Cir. 1987); *United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997); *see generally Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91-92 (2008).

For these reasons, even if the Court were considering the matter on a blank slate, it should determine that Section 613(d) provides for affirmative defenses. However, the Court is not presented with a blank slate. The pertinent regulation provides: "The burden of establishing the

availability of an exemption from registration under the Act shall rest upon the person for whose benefit the exemption is claimed." 28 C.F.R. § 5.300; *see Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 255 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982). The defendant offers nothing in support of the proposition that this regulation provides mere "guidance" (Def. Ltr. 2). But even if the regulation were deemed only persuasive, rather than binding, it is entirely consistent with the statutory scheme, uniform case law, and logic. Indeed, under the defendant's reading of the statute, to find him guilty, the jury would have to be instructed on, and find that the Government had disproven beyond a reasonable doubt, not only the multiple exemptions in Section 613(d), but also each of the many other factually varied exemptions in Section 613 generally. *See* 22 U.S.C. § 613(a)-(h). There is no basis in law or logic for such an absurd result. *Cf. Rafiekian*, 991 F.3d at 544 ("We find no sign in the text or legislative history that Congress intended to make prosecutions under § 951 so unwieldy.").

*Second*, the defendant asserts that he "is in no position to make an early determination as to whether he intends to rely on one or more of the FARA exceptions [*sic*]," because he "has no idea what alleged conduct the government will claim constitutes a FARA violation." (Def. Ltr. 3.) Given the extraordinarily detailed Superseding Indictment, discovery, and motion practice to date, this assertion is hyperbolic, at best.

*Third*, the defendant suggests that notice need not be given because even if he intends to advance this affirmative defense, there is no material risk that he will seek to offer evidence that could result in a waiver under the Speech or Debate Clause. (Def. Ltr. 4.) This is so, according to the defendant, because "[f]or those activities that the Court has already held to be 'legislative,'" the Government "is barred from introducing evidence that the Senator engaged in those activities in the first place and the Senator need to [*sic*, likely "need not"] prove that those activities did not serve predominantly a foreign interest." (*Id.*) Putting aside that there are multiple proper reasons to order notice even if there were no material risk of a Speech or Debate Clause waiver, this argument is a red herring. The parties agree that the defendant does not "need" to invoke the exemption under Section 613(d)(2) or any other affirmative defense; the question is whether, and on what bases, he may seek to do so. And if he does so, the risk of litigation over the scope of a waiver under the Speech or Debate Clause is substantial. For example, under the Court's Speech or Debate Clause ruling, while the Government cannot introduce evidence of the defendant's actual holds with respect to foreign military financing or sales that were communicated to the Executive Branch, the Government can introduce evidence of the defendant's agreement or promises or communications to others regarding the same. *See United States v. Menendez*, No. 23 Cr. 490 (SHS), 2024 WL 1120182, at *6 (S.D.N.Y. Mar. 14, 2024) ("To the extent that the indictment alleges that a corrupt agreement was formed in which Menendez agreed—or promised—to use his power to influence foreign military sales or foreign military financing to Egypt, or to the extent Menendez says he will place a hold or sign off on foreign military sales or foreign military financing, the Speech or Debate Clause does not apply."). The defendant notably does *not* in his opposition disclaim that he may offer evidence of actual holds, or the surrounding circumstances, in aid of the argument that his agreement and promises were not predominantly in the foreign interest. The same is true with respect to multiple other matters about which the defendant has previously suggested he may introduce legislative acts. (*See* Gov't Omnibus Mem. of Law in Opp. to Defs. Mots. Directed to the S2 Indictment (Dkt. 180) at 41 n.11 & 44 n.12.)

*Finally*, notwithstanding his contention that he "is in no position to make an *early* determination" of this affirmative defense, the defendant also suggests in his letter that the

Honorable Sidney H. Stein
April 3, 2024
Page 4

Government waited too *long* to file its motion. (Def. Ltr. 3, 5 (emphasis added).) The record, and case law, is to the contrary. The Government has been seeking such notice from the defendants for weeks, it only sought a ruling from the Court when it was apparent that the parties had reached an impasse, and it is both common and appropriate for notice of affirmative defenses to be sought and ordered in the weeks before trial, *see, e.g.*, *United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   s/ Daniel C. Richenthal
        Eli J. Mark
        Paul M. Monteleoni
        Lara Pomerantz
        Daniel C. Richenthal
        Assistant United States Attorneys
        (212) 637-2431/2219/2343/2109

        MATTHEW G. OLSON
        Assistant Attorney General
        National Security Division

By:   s/ Christina A. Clark
        Christina A. Clark
        Trial Attorney
        (202) 307-5191

cc:   (by ECF)

       Counsel of Record