**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 23-490 (SHS) |
| v. | |
| ROBERT MENENDEZ, *et al.*, | *Document Electronically Filed* |
| Defendants. | |

**DEFENDANTS' JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

## INTRODUCTION

Defendants Senator Robert Menendez, Nadine Menendez, Wael Hana, and Fred Daibes respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure that the Court include the following questions in its general *voir dire* of prospective jurors, without prejudice to Defendant Senator Menendez's forthcoming motion seeking a written jury questionnaire, so that the defense may effectively exercise its challenges, both for cause and peremptory. Defendants respectfully request that the Court conduct more detailed questioning if a prospective juror's answer suggests that further inquiry is appropriate. Defendants further request that the Court conclude any such further inquiry by asking the prospective juror whether the particular fact or circumstance would influence the juror in favor of or against either the government or Defendants, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. Defendants respectfully request leave to supplement these requests in light of ongoing events and pretrial deadlines, and the further discovery that is still being provided.

### Proposed Neutral Statement of the Case and General Principles

[Neutral statement of the case to be proposed jointly by the parties.]

You are instructed that the indictment is not evidence. It merely contains the government's charges against the defendants, Senator Robert Menendez, Nadine Menendez, Wael Hana, and Fred Daibes, which the government has the burden of proving beyond a reasonable doubt at trial. Senator Menendez, Mrs. Menendez, and Messrs. Hana and Daibes have pleaded not guilty to the charges against them. They are presumed innocent. Senator Menendez, Mrs. Menendez, and Messrs. Hana and Daibes have no obligation to produce any evidence, question any witness or do anything else at trial. At all times, the government has the burden of producing evidence

establishing guilt beyond a reasonable doubt as to Senator Menendez, Mrs. Menendez, and Messrs. Hana and Daibes and as to each the count against them, and the legal elements of each count, which I will explain to you before you begin your deliberations. If you are selected as a juror in this case, it will be your duty to determine whether, based solely on the evidence presented at trial, the government has proven its case against Senator Menendez, Mrs. Menendez, and Messrs. Hana and Daibes beyond a reasonable doubt. You are required to make a determination of innocence or guilt as to each of the defendants independently. Meaning that if you unanimously find that the government has proven that one defendant is guilty of all the elements of a particular count, you are not required to find that all the defendants are guilty of the same count.

### Proposed Availability and Conflict *Voir Dire* Questions

1. The trial of this case will last 6 to 8 weeks. Trial will be in session, generally speaking, Monday through [Friday] from [9:00] a.m. to [5:00] p.m. The trial will recess for national holidays, such as Memorial Day. Is there any reason why you cannot serve as a juror in this case because of the length of the trial or this schedule?

2. Given the above schedule and length of trial, would it present a financial hardship for you to serve as a juror on this case? Any other type of hardship?

3. Do you have any physical, medical, psychological, or other reason why you cannot serve as a juror in this case?

4. Do you take any medications or have any condition that may interfere with your ability to concentrate?

5. Do you understand English fluently?

6. The defendants in this case are Senator Robert Menendez, Nadine Menendez, Wael Hana, and Fred Daibes. Do you know, or have you had any dealings, directly or indirectly, with any of these individuals? With any relative, friend or associate of these individuals?

7. To your knowledge, do any of your relatives, friends, associates, or employers know any of the defendants?

8. I will now read a list of the attorneys in this case. [Insert list of all counsel and former counsel.] Do you know any of these individuals? To your knowledge, have you, your family members, or your friends had any dealings with them?

9. I will now read a list of names of individuals and locations that may be mentioned during the trial or people who may be witnesses in this case. [Insert list of names and places.] Do you know any of those people? To your knowledge, have you, your family members, or your friends had any dealings with them? Have you been to any of these places?

## **Proposed Juror Background *Voir Dire* Questions**

10. What is your age?

11. Where did you grow up?

12. What is the highest level of education you have completed?

13. If you have earned a degree after high school, what was your major? Do you have any post-graduate degrees?

14. Are you presently a member of any church, synagogue, mosque, temple or other religious organization? If so, how often do you attend religious services?

15. Do you speak any foreign languages?

16. What is your current employment status?

17. What is your occupation (or prior occupation if retired or unemployed)? Who is your employer? And what do/did you do at work?

18. What is your current marital status? What is your spouse or domestic partner's occupation and employer?

19. Do you have children? How many and what ages? Do they live with you? What is their occupation and place of employment?

20. What is your current town of residence? How long have you lived at your current address, and is your home owned or rented?

21. Who else lives in your household? For each not already addressed above, what is that person's education level and current (or most recent) occupation?

22. Have you ever had prior jury service? If so, were you a trial juror or part of a grand jury? Was it a state or Federal case? Was it civil or criminal case? Did the jury reach a verdict, without telling us what it was? Is there anything about your prior jury experience that would prevent you from being fair in this case?

23. Have you, a family member, or close friend ever been involved in a lawsuit? What was the nature of the lawsuit? What was the result?

24. What are your hobbies, and what clubs and/or organizations do you belong to?

25. What television shows do you typically watch?

26. Have you ever held a political office?

27. Have you, or has any close friend or relative, ever worked in law enforcement—for example, as a police officer; as a security guard; at a jail or prison; in a local, state, or Federal prosecutor's office; or in some other law enforcement capacity? Have you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

28. Do you know, or have any association with, someone who works for the United States Attorney's Office for the Southern District of New York, United States Attorney's Office for the District of New Jersey, or Federal Bureau of Investigation? If yes, please identify the person, their relation to you, and where they work. Have you ever discussed the nature of their work? If so, generally what have you discussed?

29. Have you or any member of your immediate family been questioned by the police or other law enforcement authorities? If yes, what were the circumstances and what was your reaction? Is there anything about that experience that would not allow you to be fair and impartial in this case?

30. Have you or any member of your immediate family been arrested and or convicted of any crimes? If yes, what were the circumstances? Do you believe that you or your family member was treated fairly? Is there anything about that experience that would not allow you to be fair and impartial in this case?

31. Have you, a member of your family, or a close friend ever been the victim of a crime? If so, what were the circumstances? What was the resolution? Would that experience prevent you from being fair and impartial in this case?

## **Views on Certain Witnesses, Types of Evidence, Etc.**

32. The witnesses in this case may include law enforcement officers. Would you be more likely to believe a witness because he or she is a member of law enforcement, such as the FBI? Would you be less likely to believe such a witness?

33. Some people believe that the government does not arrest and/or prosecute an innocent person. Do you believe this to be true?

34. Do you believe that if the federal government spends significant resources and time prosecuting someone, that person is probably guilty?

35. Do you believe that if someone is indicted, they are probably guilty?

36. Do you have any objection to the idea that a person accused of a crime is presumed to be not guilty? Would you have any difficulty requiring the government to bear the burden of

4

proof and assuring that if a person is not proven guilty beyond a reasonable doubt they must be acquitted?

37. Do you think that if someone is accused of a crime and they are innocent that they should testify in their own defense? Do you think that if they do not testify in their own defense they must be guilty? Would you hold it against them if they do not testify?

## Proposed Juror Case-Specific Voir Dire Questions

38. At least one government witness has admitted to being involved in at least some of the crimes charged here. This person will be testifying pursuant to a cooperation agreement with the government that he hopes will result in more lenient treatment for him. Would you be more or less likely to believe that person is telling the truth based upon that cooperation agreement?

39. Some of the government witnesses have pled guilty to or been involved in committing crimes. Will you hold it against any of the Defendants if they associated with people who were committing crimes or had been arrested and accused of criminal conduct?

40. Have you ever contacted your congressperson or any other elected official? For what purpose? Were you satisfied with the experience and outcome?

41. What is your view of elected officials generally? How about U.S. Senators in particular?

42. Do you feel that elected officials should be held to a higher standard than the rest of the public?

43. If you use the internet, what are some of the websites you frequent?

44. Have you heard of Senator Menendez? Do you have any opinion about him?

45. Have you seen/heard/read any press accounts about this case? From what media outlet to you get that information? What did you watch/hear/read? Have you formed any opinions based on that?

46. Do you have any opinions about people from New Jersey in general? Do you think that because they are from New Jersey, they are more likely to break the law?

47. Is there anything about the nature of this case, including the fact that it involves accusations of bribery and corruption by an elected official and others, that would make it difficult for you to be a fair and impartial juror?

48. Have you ever donated money to a candidate running for office?

49. Have you ever worked or volunteered for a political campaign?

5

50. Do you have an opinion about members of a particular political party – in this case the Democratic Party but any political party -- the government, or about elected officials in general, that might make it difficult for you to be a fair and impartial juror in this case?

51. Have you or any member of your family or close friend ever been employed by the government?

52. Do you or does any member of your family or a close friend have experience doing business before the federal government, or before any state or municipal government?

53. Do you generally exchange gifts with your friends?

54. Have you ever had business dealings internationally? If so, please describe your experience.

55. Some of the individuals in this case were born in foreign countries or have contacts with individuals from other countries. Is there anything about that fact that would affect your ability to be a fair and impartial juror?

56. Do you have any strong feelings, positive or negative, about Arab people, *i.e.*, people from Middle Eastern or North African countries?

57. Do you have any strong feelings, positive or negative about Egypt, the Egyptian government, or people of Egyptian origin? About Qatar?

58. Does anyone believe the immigration from the Middle Eastern or North African countries in the United States is good or bad?

59. Would you consider Egypt and the United States to be allies? Qatar and the United States?

60. Do you have any strong feelings, positive or negative, about Qatar, the Qatari government, or people of Qatari origin?

61. Have you heard of the Muslim Brotherhood? Do you have any views on the Muslim Brotherhood?

62. Do you have any opinions about Coptic Christians?

63. Do you have any knowledge about halal food? What is that knowledge? Do you know anything about how food is determined to be or not to be halal?

64. Do you have any views about people who live in the United States but do not speak English well and require an interpreter?

65. You may hear testimony in languages other than English, which will be translated by a sworn translator. Even if you speak that language, you must take the sworn translator's translation as fact. Can you do that?

66. Are you an immigrant or a first-generation American citizen?

6

67. Do you have any preconceived notion about how an immigrant or first-generation American citizen should assimilate?

68. Do you have any opinions on people who prefer to transact in cash or are more comfortable keeping cash in their home as opposed to in a bank account?

69. Do you have any opinions about wealthy individuals that might impact your ability to be a fair and impartial juror in a case in which one or more defendants may be shown to be wealthy or to have a preference for expensive or luxury items? Do you have any opinion as to whether someone who is considered "wealthy" is more or less likely to violate the law?

70. Have you ever purchased precious metals, such as a bar of silver or gold? Have any friends or members of your family made such purchases? Do you have opinions about people who purchase or gift gold bars?

71. Have you ever loaned money to a friend? What about tried to help a friend with an employment opportunity?

72. Are you comfortable being part of a trial which will likely receive a lot of media attention? Will you hold it against Defendants if reporters outside the courthouse attempt to speak with you or contact you?

73. Would you be able to follow the Court's instruction that you must avoid reading, watching, or listening to news or other media reports concerning this case, including coverage of the case in social media?

74. If you knew that one of the defendants had previously been charged with an offense, would it make you more likely to think that this person had committed the crimes alleged here?

75. Is there any other matter that you believe is important to bring to the attention of the Court in determining whether you should serve as a juror in this case?

Dated: April 5, 2024                                        Respectfully submitted,

<table>
<tr><td>

*s/ Avi Weitzman*
Avi Weitzman
Adam Fee
Robert D. Luskin
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6000

*Attorneys for Defendant Robert Menendez*

</td><td>

*s/ David Schertler*
David Schertler
Danny Onorato
Paola Pinto
**SCHERTLER ONORATO MEAD & SEARS**
555 13th Street, NW
Suite 500 West
Washington, DC 20004
(202) 628-4199

*Attorneys for Defendant Nadine Menendez*

</td></tr>
<tr><td>

*s/ Lawrence S. Lustberg*
Lawrence S. Lustberg
Ricardo Solano, Jr.
Anne M. Collart
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Defendant Wael Hana*

</td><td>

*s/ Cèsar de Castro*
Cèsar de Castro
Seth Agata
Shannon McManus
Valerie Gotlib
**CÈSAR DE CASTRO, P.C.**
The District
111 Fulton Street – 602
New York, New York 10038
(631) 460-3951

*Attorneys for Defendant Fred Daibes*

</td></tr>
</table>

8