

April 14, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:  *United States v. Menendez et al.*, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write to respond to the government's letter filed today at 5:00 p.m. ET.

The letter is misleading. It claims the parties are at an "impasse" on a testimonial stipulation for Mr. Lustberg. That is false. The government's letter fails to disclose that the government first sent a draft of the 10-page stipulation to Senator Menendez's counsel (and all counsel other than Mr. Hana's lawyers) at 9:45 pm ET on Friday, April 12 – roughly 48 hours ago. (See Ex. A (email attaching draft stipulation)).

Contrary to the government's suggestion, we have never told the government that Senator Menendez refuses to sign a stipulation that would obviate the need to call Mr. Lustberg at trial. The opposite is true.

On Saturday morning at 12:40 a.m. ET – less than three hours after the government contacted us for the very first time regarding this proposed stipulation – we advised the government that "*we will review the draft with our client — which we obviously have not had a chance to do given you sent it to us tonight. And we'll come back with a proposal with revisions, so we can be constructive here. Let us get back to you with that.*" (See Ex. B (April 12, 2024, email from Adam Fee to the government) (emphasis added).) As we told the Court and all parties at the conference on Thursday, Senator Menendez was traveling for a family wedding, and we required time to confer with our client regarding the lengthy stipulation. We intend to provide the government proposed edits tomorrow (Monday) and expect that Senator Menendez will agree to an appropriate stipulation regarding the narrow issue about which Mr. Lustberg's testimony was referenced in the Indictment.



Hon. Sidney H. Stein
April 14, 2024
Page 2

What is clear, however, is that the government has "manufactured" this supposed dispute about a stipulation in the hope of causing Your Honor to revisit his rulings and to adjourn the trial. Whether it is because the government feels unprepared to proceed to trial on May 6, or because they simply refuse to try the case twice (should that be necessary), the request for an immediate conference is a transparent effort to avoid the production of 3500 material and trial exhibits by tomorrow's deadline. Indeed, when we asked the government whether its unilateral Sunday afternoon deadline for comments to the proposed stipulation was an effort to avoid disclosing 3500 and exhibits by the agreed-upon deadline, *see* Ex. B, the government ignored the request and simply rushed ahead to file its letter.

Any issues with the stipulation — which should be a short and straightforward document — have been engineered by the government by injecting assertions and language into the stipulation that no criminal defendant would ever accept. Were the Court to review the proposed stipulation (attached as Exhibit C to this letter, and filed under seal), we are confident you would agree that no reasonable lawyer would ever sanction the admission of certain aspects of the proposed stipulation. For example, the draft stipulation includes references to what "the defense bar in New Jersey" desired (¶ 1(h)), and improper, opinionated characterizations of the Senator's phone call to Mr. Lustberg (¶ 1(o), stating that Senator Menendez "berated" Mr. Lustberg).

No lay witness could testify about the views of the "defense bar in New Jersey," or characterize the Senator's phone call other than by simply describing what was said and the tone that was used. Nor is the proposed stipulation's detailed recounting of Fred Daibes attempted guilty plea in New Jersey an admissible fact under Fed. R. Cr. P. 11(f) and FRE 410, or even relevant to this trial. Rather than engage with undersigned counsel on these issues, the government rushed to falsely declare an impasse.

Once again, Senator Menendez is more than willing to enter into a stipulation on the issue that the government had indicated is relevant to this case. That issue is referenced in the Indictment at paragraph 53(c), where it is alleged that "[Senator] MENENDEZ and DIABES called DAIBES's lawyer [Mr. Lustberg] to complain that the lawyer had not been aggressive enough in attempting to get DAIBES's case dismissed."

The government has now injected entirely new, and we believe irrelevant and inadmissible allegations into the proposed stipulation, precisely because the prosecutors know that no competent defense lawyer would ever stipulate to these facts. Rather than hold a conference on such short notice, the Court should order the government to continue conferring with defendants in order to reach agreement on a stipulation that would avoid the risk of any disqualification of Mr. Lustberg.

PAUL
HASTINGS

Finally, the government's delay in making progress toward a resolution of this issue merits attention. Not even two weeks after the initial indictment was filed, the government told the Court that it was "speaking with Mr. Lustberg and exploring the best ways to address [this conflict.]" The Court directed the government to work toward resolution of the conflict "sooner rather than later" – a directive to which the government responded "Yes, your Honor." *See* ECF No. 67 at 12:14-20 (Transcript of proceedings on October 2, 2023). But the government did not act "sooner rather than later." Instead, the government waited until less than one business day before its 3500 and trial exhibit deadline to discuss a potential stipulation with Senator Menendez's counsel.

The government's conduct speaks volumes. Should the government and one or more defendants fail to reach agreement on an appropriate stipulation, the proper remedy is not disqualification, but precluding the government from seeking to call Mr. Lustberg.

Very truly yours,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*