# Exhibit B

| | |
|---|---|
| **From:** | Fee, Adam J. |
| **To:** | Monteleoni, Paul (USANYS) |
| **Cc:** | Weitzman, Avi; PH-MenendezTeam; Cesar de Castro; Seth Agata (sagata@cdecastrolaw.com); vgotlib@cdecastrolaw.com; Shannon McManus (smcmanus@cdecastrolaw.com); Collart, Anne M. (ACollart@gibbonslaw.com); Mark, Eli (USANYS); Richenthal, Daniel (USANYS); Pomerantz, Lara (USANYS); Ghosh, Catherine (USANYS) |
| **Subject:** | Re: [EXT] RE: [EXTERNAL] Re: United States v. Menendez, et al., S4 23 Cr. 490 (SHS) -- proposed stipulation (Larry Lustberg) |
| **Date:** | Saturday, April 13, 2024 12:40:07 AM |

To put a finer point on it, we will review the draft with our client — which we obviously have not had a chance to do given you sent it to us tonight. And we'll come back with a proposal with revisions, so we can be constructive here. Let us get back to you with that.

And so there's no lack of clarity here, this issue is not a basis to shirk your 3500/exhibits deadline as to any defendant. If you disagree, and intend to use this as a pretext to blow that Monday deadline, please let us know now — tonight — so we can enforce your agreement.

> On Apr 12, 2024, at 9:24 PM, Fee, Adam J. <adamfee@paulhastings.com> wrote:
>
> You will have to decide how to handle this on your end Paul. But so you can appreciate our perspective:
>
> You raised Mr Lustberg's potential testimony at one of the very first appearances in this case.
>
> The court has been urging you to work out a stipulation for weeks if not months.
>
> Tonight, three weeks from the start of trial, you send us — for the first time — a stipulation that is not actually a stipulation because there's no actual agreement on what's admissible. Nor is there any agreement on what the jury should hear.
>
> Then, it appears, you gave us three hours to consider the non-stipulation before you threatened again to go to the court.
>
> We'll review it and happy to discuss. But I'm still not sure what you think this achieves. This stipulation doesn't even preclude you from calling Mr Lustberg if the court rejects admissibility of facts within the stipulation.
>
> And I disagree with the suggestion that we would somehow be causing an eve of trial disqualification. The government has dithered and delayed on this issue. Now it seems you are trying to use the threat of Mr Lustberg's disqualification as leverage in forcing us to agree to a stipulation that you sent to us for the first time hours ago. If there's no agreement and you go to the court, the remedy should not be disqualification but preclusion of your ability to call Mr Lustberg.
>
> Let us know how you'd like to proceed.

On Apr 12, 2024, at 8:55 PM, Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov> wrote:

--- External Email ---

Report Suspicious

<!--[if !((ie)|(mso))]-->

--- External Email ---

Report Suspicious

<!--[endif]-->

We do not see what one has to do with the other. If there is a dispute over admissibility that we cannot agree on, it would have to be resolved by the Court whether or not this stipulation is signed, and signing this stipulation would prevent an unnecessary eve-of-trial disqualification, which we have been attempting to avoid.

Pursuant to your request, however, we can advise that the highlighted portions of the attached are portions we believe are inadmissible and we believe the balance is admissible. To the extent you continue to maintain that it is relevant to signing the stipulation, and think in good faith that there is any genuine possibility of narrowing the disputes over admissibility, we are happy to discuss and available for a call tomorrow afternoon if that would be helpful, but it does not change the timing for us to notify the Court, which we intend to do if the stipulation is not signed tomorrow.

-----Original Message-----
From: Fee, Adam J. <adamfee@paulhastings.com>
Sent: Friday, April 12, 2024 10:10 PM
To: Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
Cc: Weitzman, Avi <aviweitzman@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; Cesar de Castro <cdecastro@cdecastrolaw.com>; Seth Agata (sagata@cdecastrolaw.com) <sagata@cdecastrolaw.com>; vgotlib@cdecastrolaw.com; Shannon McManus (smcmanus@cdecastrolaw.com) <smcmanus@cdecastrolaw.com>; Collart, Anne M. (ACollart@gibbonslaw.com) <ACollart@gibbonslaw.com>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Richenthal, Daniel (USANYS)

<DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS)
<LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS)
<cghosh@usa.doj.gov>
Subject: [EXTERNAL] Re: United States v. Menendez, et al., S4 23
Cr. 490 (SHS) -- proposed stipulation (Larry Lustberg)

We do not consent to a factual stipulation where there are disputes as to admissibility of facts in the stipulation.

Which portions of the stipulation do you want to admit specifically?

On Apr 12, 2024, at 6:45 PM, Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov> wrote:


Attached is a stipulation concerning the testimony of Larry Lustberg (which, as you can see, does not preclude any party from moving to exclude any portion of the stipulation on grounds other than a hearsay objection to Lustberg not testifying).

Attached is a stipulation concerning the testimony of Larry Lustberg (which, as you can see, does not preclude any party from moving to exclude any portion of the stipulation on grounds other than a hearsay objection to Lustberg not testifying).  Annie Collart, representing Lustberg, has advised that Lustberg intends to sign it on behalf of Hana, but that he objects to certain portions of it being presented to the jury and is likely to seek to exclude them.

We should note that we, likewise, do not agree on the admissibility of all of the portions of this stipulation and may similarly seek to exclude certain of them.  Should the stipulation be signed, we think it would make sense to confer on an orderly mechanism for narrowing and presenting all such outstanding disputes to the Court for resolution.

If you consent, please sign and return by the end of the day tomorrow so that, if the stipulation is not fully executed, we may inform the Court.  Thank you very much.


Paul M. Monteleoni
Senior Trial Counsel
U.S. Attorney's Office
Southern District of New York
26 Federal Plaza
New York, NY 10278
212-637-2219

<2024.04.12 Lustberg stipulation - (for circulation).pdf.secure>

**********************************************************************************This message is sent by a law firm and may contain information that is privileged or confidential. If you receivedthis transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacyand security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

<2024.04.12 Lustberg stipulation (highlighted).pdf.secure>