# PAUL HASTINGS

April 18, 2024

**VIA ECF**

MEMO ENDORSED

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*4/18/24*
*The conference remains at 10:30 A.M tomorrow. Mr. Fee may make arrangements to have Mr. Menendez participate by telephone if possible.*
*So Ordered,*
*Sidney H Stein*
*U.S.D.J.*

    Re:    ***United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)**

Dear Judge Stein,

We respectfully submit this letter on behalf of Defendants Robert Menendez, Wael Hana, and Fred Daibes, in response to the government's letter today requesting a conference regarding each trial defendant's waiver of any right to call Ms. Lustberg at trial or on cross-examination, and the Court's order setting an in-person conference for tomorrow, April 19, at 10:30 a.m. We do not believe that any such conference is needed and that, if one is required, it should take place telephonically today, and not tomorrow. We respectfully submit that the government's request should not further delay the production of exhibit lists, witness lists, and Section 3500 material.

Sen. Menendez has to be in Washington, D.C., for senate business through this evening and will be unable to make it to New York City by the time of the scheduled conference tomorrow. But in any event, a conference is not necessary: We can represent that each defendant, after consultation with counsel, has authorized counsel to sign the stipulation obviating the need to call Mr. Lustberg and each defendant has confirmed that he waives in full the right to call Mr. Lustberg in the manner described by the Court yesterday and incorporated in the government's letter today.

There is therefore no need for a conference. And if the Court still wishes to hear from the parties, it should do so today via telephone, in order to avoid further tactical delay by the government in making the requisite disclosures.

The delay in the government's pretrial disclosures to date has been unfairly prejudicial to the defendants, as we are informed that the government will likely identify over a thousand exhibits and the 3500 material will be voluminous (although when asked yesterday, the government would not advise how voluminous). As it already stands, we believe that two weeks with the 3500 material may not be entirely adequate to prepare for trial, as the Court's prior order seemingly acknowledged that, given the complexity and length of this case, the defendants should receive the 3500 material, witness and exhibit lists three weeks prior to trial. We see no

1