UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                        :
   UNITED STATES OF AMERICA                             :
                                                        :
                        v.                              :          S4 23 Cr. 490 (SHS)
                                                        :
   ROBERT MENENDEZ,                                     :
   WAEL HANA,                                           :
       a/k/a "Will Hana," and                           :
   FRED DAIBES,                                         :
                                                        :
                        Defendants.                     :
                                                        :
------------------------------------------------------ x

## DEFENDANTS' PROPOSED REVISIONS ON
## THE GOVERNMENT'S REQUESTS TO CHARGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                          :
UNITED STATES OF AMERICA                  :
                                          :
            v.                            :          S4 23 Cr. 490 (SHS)
                                          :
ROBERT MENENDEZ,                          :
WAEL HANA,                                :
     a/k/a "Will Hana," and               :
FRED DAIBES,                              :
                                          :
                 Defendants.              :
                                          :
------------------------------------------------------ x

<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its instructions to the jury.

## TABLE OF CONTENTS

GENERAL REQUESTS ................................................................................ 1

1. INTRODUCTORY REMARKS ................................................................ 1

2. ROLE OF THE JURY AND ROLE OF THE COURT ................................. 2

3. BIAS BASED ON PREJUDICE ABOUT THE DEFENDANTS, THE GOVERNMENT AS A PARTY, OR CONDUCT OF COUNSEL ...................................................................... 4

4. SYMPATHY .......................................................................................... 5

5. PRESUMPTION OF INNOCENCE ......................................................... 6

6. REASONABLE DOUBT ......................................................................... 8

7. NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY ........... 10~~1110~~

8. WHAT IS EVIDENCE? ......................................................................... 11~~1211~~

9. WHAT IS NOT EVIDENCE? .................................................................. 14~~1513~~

10. LIMITING INSTRUCTIONS .................................................................. 16~~1715~~

11. EVIDENCE OBTAINED PURSUANT TO SEARCHES ............................... 17~~1816~~

12. STIPULATIONS OF FACT AND TESTIMONY .......................................... 18~~1917~~

13. CHARTS AND SUMMARIES – ADMITTED AS EVIDENCE ....................... 19~~2018~~

14. CHARTS AND SUMMARIES – NOT ADMITTED AS EVIDENCE ................ 20~~2119~~

16. WITNESS CREDIBILITY ...................................................................... 21~~2220~~

17. PREPARATION OF WITNESSES ........................................................... 23~~2422~~

18. LAW ENFORCEMENT WITNESSES ....................................................... 24~~2523~~

19. LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS ....... 25~~2624~~

20. TRANSCRIPTS AND TRANSLATIONS .................................................... 27~~2825~~

21. REDACTIONS ...................................................................................... 28~~2926~~

22. EXPERT TESTIMONY .......................................................................... 29~~3027~~

23. COOPERATING WITNESS TESTIMONY ................................................ 30~~3128~~

25. IMMUNIZED WITNESSES ................................................................... 33~~3431~~

26. PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED ............... 34~~3532~~

27.   UNCALLED WITNESSES – EQUALLY AVAILABLE OR UNAVAILABLE ......................353633

28.   OPINION OF DEFENDANT'S CHARACTER OR REPUTATION..................................373834

29.   DEFENDANT'S TESTIMONY ........................................................................383935

30.   DEFENDANT DID NOT TESTIFY ...................................................................394036

31.   PERSONS NOT ON TRIAL ...........................................................................404137

32.   CONSCIOUS AVOIDANCE ..........................................................................414238

33.   DUAL INTENT NO DEFENSE.......................................................................444541

34.   MOTIVE ...................................................................................................464742

35.   FALSE EXCULPATORY STATEMENTS ...........................................................474843

36.   SIMILAR ACTS..........................................................................................484944

37.   PUNISHMENT NOT TO BE CONSIDERED BY JURY..........................................495045

I.     THE INDICTMENT ...........................................................................505146

38.   INDICTMENT – OVERVIEW.........................................................................505146

39.   INDICTMENT – SUMMARY .........................................................................515247

40.   INDICTMENT – USE OF CONJUNCTIVE IN THE INDICTMENT ..............................555651

41.   INDICTMENT – CONSPIRACY AND SUBSTANTIVE COUNTS ..................................565852

II.    SUBSTANTIVE INSTRUCTIONS – COUNTS FIVE AND ELEVEN:  RECEIPT OF
       A BRIBE............................................................................................596155

42.   COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A
       PUBLIC OFFICIAL (PURPOSE AND ELEMENTS OF THE OFFENSE) ...........................596155

43.   COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A
       PUBLIC OFFICIAL (FIRST ELEMENT) ....................................................616357

44.   COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A
       PUBLIC OFFICIAL (SECOND ELEMENT)............................................................626458

45.   COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A
       PUBLIC OFFICIAL (THIRD ELEMENT) .....................................................646660

III.   SUBSTANTIVE INSTRUCTIONS – COUNTS SIX AND TWELVE: OFFER OR
       PAYMENT OF A BRIBE.......................................................................858767

46. COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE TO A PUBLIC OFFICIAL (PURPOSE AND ELEMENTS OF THE STATUTE)..................................................... 85~~87~~67

47. COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE TO A PUBLIC OFFICIAL (FIRST ELEMENT) ...................................................................................... 87~~89~~69

48. COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE TO A PUBLIC OFFICIAL (SECOND ELEMENT) ...................................................................................... 89~~91~~70

49. COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE TO A PUBLIC OFFICIAL (THIRD ELEMENT) ...................................................................................... 90~~92~~71

**IV. SUBSTANTIVE INSTRUCTIONS – COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD** ........................................................**94**~~96~~**73**

50. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD............. 94~~96~~73

51. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (ELEMENTS OF THE OFFENSE) ....................................................................................... 96~~98~~75

52. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (FIRST ELEMENT) ....................................................................................... 97~~99~~76

53. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (SECOND ELEMENT) ...................................................................................... 101~~103~~80

54. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (THIRD ELEMENT) ...................................................................................... 103~~105~~82

55. COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (FOURTH ELEMENT) ...................................................................................... 104~~106~~83

**V. SUBSTANTIVE INSTRUCTIONS – COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT** ........................**107**~~109~~**85**

56. COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT ...................................................................................... 107~~109~~85

57. COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (ELEMENTS OF THE OFFENSE) ................................................................... 109~~111~~87

58. COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (FIRST ELEMENT) ...................................................................................... 110~~112~~88

59.    COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (SECOND ELEMENT)................................................................................ 111~~1389~~

60.    COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (THIRD ELEMENT) ................................................................................ 112~~1490~~

61.    COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (FOURTH ELEMENT)................................................................................ 116~~1893~~

**VI.    SUBSTANTIVE INSTRUCTIONS – COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE ..............................................................................118~~12095~~**

62.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (PURPOSE OF THE STATUTE)....... 118~~12095~~

63.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (ELEMENTS) ............................ 120~~12196~~

64.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (FIRST ELEMENT)..................... 121~~12297~~

65.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (SECOND ELEMENT) ................. 122~~12398~~

66.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (THIRD ELEMENT).................... 123~~12499~~

**VII.   SUBSTANTIVE INSTRUCTIONS – COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS AGENT OF A FOREIGN PRINCIPAL ............................128~~129100~~**

67.    COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS AGENT OF A FOREIGN PRINCIPAL (PURPOSE AND ELEMENTS OF THE OFFENSE)............................................................ 128~~129100~~

68.    COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS A FOREIGN AGENT (FIRST ELEMENT) ................................................................................................. 130~~130101~~

69.    COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS A FOREIGN AGENT (SECOND ELEMENT) ................................................................................................. 131~~131102~~

70.    "FOREIGN AGENT"—"REQUEST" EXPLAINED ......................................... 134~~134104~~

71.    "FOREIGN AGENT"— INDICIA OF AGENCY ............................................... 135~~135105~~

72.    COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS A FOREIGN AGENT (THIRD ELEMENT) ................................................................................................. 137~~137107~~

**VIII.  SUBSTANTIVE INSTRUCTIONS – COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL ..............................................................................138~~138108~~**

73.    COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (GENERAL CONSPIRACY INSTRUCTIONS) ...................................................................................... 138~~138108~~

v

74. COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (ELEMENTS) ........... 140~~140110~~

75. COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (FIRST ELEMENT).... 141~~141111~~

76. COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (OBJECTIVES OF THE CONSPIRACY) ........................................................................................................... 145~~145115~~

77. COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (SECOND ELEMENT) 146~~146116~~

78. COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (THIRD ELEMENT)... 149~~149119~~

IX.    **SUBSTANTIVE INSTRUCTIONS – COUNTS FOUR AND SEVENTEEN: CONSPIRACY TO OBSTRUCT JUSTICE ..........................................151~~151121~~**

79. COUNT FOUR: CONSPIRACY TO OBSTRUCT JUSTICE .................................... 151~~151121~~

80. COUNT SEVENTEEN: CONSPIRACY TO OBSTRUCT JUSTICE ............................ 153~~153123~~

X.    **SUBSTANTIVE INSTRUCTIONS – COUNT FIFTEEN: CONSPIRACY FOR A PUBLIC OFFICIAL TO ACT AS A FOREIGN AGENT ......................154~~154124~~**

81. COUNT FIFTEEN: CONSPIRACY FOR A PUBLIC OFFICIAL TO ACT AS A FOREIGN AGENT ........................................................................................................... 154~~154124~~

XI.    **SUBSTANTIVE INSTRUCTIONS – COUNT TWO: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD ..................................................155~~155125~~**

82. COUNT TWO: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD ....... 155~~155125~~

XII.    **SUBSTANTIVE INSTRUCTIONS – COUNT THREE: CONSPIRACY TO COMMIT EXTORTION UNDER COLOR OF OFFICIAL RIGHT .....157~~157127~~**

83. COUNT THREE: CONSPIRACY TO COMMIT EXTORTION UNDER COLOR OF OFFICIAL RIGHT ........................................................................................................... 157~~157127~~

XIII.    **GENERAL CHARGES ........................................................................161~~161128~~**

84. AIDING AND ABETTING AND/OR WILLFULLY CAUSING A CRIME .................... 161~~161128~~

85. VENUE ...................................................................................................... 165~~165132~~

86. VARIANCE IN DATES OR AMOUNTS ............................................................ 169~~169136~~

87. MULTIPLE COUNTS – MULTIPLE DEFENDANTS................................... 171~~171137~~

88. DEFENSE THEORY OF THE CASE .............................................................. 172~~172138~~

XIV.    **CONCLUDING INSTRUCTIONS ........................................................173~~173139~~**

# GENERAL REQUESTS

## 1.    INTRODUCTORY REMARKS

Ladies and Gentlemen of the Jury:  I am now about to instruct you on the law that you will apply to the facts in this case.  You will then determine the facts in accordance with my instructions on the law.

As I told you during your selection, you are vital to the administration of justice, and I hope you fully appreciate your importance.  It is a tradition and a significant safeguard of our individual liberties that parties involved in criminal matters have a jury, chosen from their community, decide questions of fact and on that basis render a verdict.


Adapted from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2552).

**2.    ROLE OF THE JURY AND ROLE OF THE COURT**

I will now explain to you my role and your role.  As to the charges presented in this case, it is your duty to decide whether or not the guilt of each defendant has been proved beyond a reasonable doubt.  You must pass upon and decide the fact issues in the case.  I, as the Judge, do not find the facts.  Rather, you, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve any conflicts that there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  This is a very great responsibility that you must exercise with complete fairness and impartiality.  Your decision is to be based solely on the evidence or the lack of evidence.  It may not be influenced by bias, prejudice, or sympathy, for or against any of the parties.

My job is to instruct you on the law—that is, to explain to you the rules of law that govern your deliberations and to tell you what the questions are that you must answer in reaching your verdict.  It is your duty to accept the law as I state it to you in these instructions and to apply it to the facts as you decide them.

You must not substitute your concept of what the law should be for what I tell you that the law is.  Just as you alone find the facts, I alone determine the law, and you are duty bound to accept the law as I state it.  For this same reason, if any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should also not single out any instruction or any one word or phrase in an instruction as alone stating the law, but you should consider my instructions as a whole.

Accordingly, you will find the facts in this case, but you will accept the law as I state it to

you and apply that law to the facts as you find them.  The result of your work will be the verdict that you return.

In the course of these instructions, I will tell you some general principles about evidence and witnesses, I will explain the burden of proof that applies in this case, I will tell you the charges in the Indictment and explain the substantive law that applies to those charges, and finally, I will give you some concluding comments on your deliberations.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 2-2 & 2-3; and the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2552-54).

**3.**    **BIAS BASED ON PREJUDICE ABOUT THE DEFENDANTS, THE GOVERNMENT AS A PARTY, OR CONDUCT OF COUNSEL**

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  You must disregard any feelings you may have about each defendant's race, religion, national origin, sex, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any witness or anyone else involved in this case.  It would also be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less consideration.  The Government and each defendant stand on equal footing before you.  Your verdict must be based solely on the evidence or the lack of evidence.

For the same reasons, the personalities and the conduct of the lawyers are not in any way at issue.  If you formed opinions of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 2-5 & 2-11; and from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2554-55).

4

4.      SYMPATHY[1]

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence here.  As you sift through the evidence, ask yourself: Has the Government proven the guilt of each defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has met that burden, solely on the basis of the evidence and subject to the law as I give it to you.  Don't let fear, prejudice, bias, or sympathy interfere with that job.

If you have a reasonable doubt as to any defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal as to that defendant.  But on the other hand, if you should find that the Government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty for that defendant.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 2-12; and from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2555-56).

---

[1] Explanation for change:  The defendants propose deleting the Government's standalone instruction on sympathy, as this instruction is unnecessary.  It is redundant with the earlier instruction on the role of the jury, which already directs the jury not to be swayed by sympathy or other improper considerations.  Unlike the bias instruction, which elaborates on the kinds of bias the jury should avoid, a standalone sympathy instruction does not add anything further.

**5.    PRESUMPTION OF INNOCENCE**

Although the defendants have been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendants have each pled not guilty to the Indictment.

As a result of these pleas of not guilty, the burden is on the Government to prove each defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendants for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes each defendant to be innocent of all the charges against them.  I therefore instruct you that you are to presume that each defendant is innocent throughout your deliberations until such time, if ever, you, as a jury, are satisfied that the Government has proven the defendant you are considering guilty beyond a reasonable doubt.

Each defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you, as jurors, are unanimously convinced beyond a reasonable doubt of that defendant's guilt, after carefully and impartially considering all of the evidence in this case.  If the Government fails to sustain its burden as to the defendant you are considering, you must find that defendant not guilty.

This presumption of innocence was with each defendant when the trial began and remains with them even now as I speak to you, and will continue with the defendants into your deliberations unless and until you are convinced that the Government has proven their guilt beyond a reasonable doubt.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 4-1; and

6

from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2556-57).



**6.**     **REASONABLE DOUBT**[2]

I have said that the Government must prove each defendant's guilt beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt may arise from the evidence, or from an omission in the evidence, or from the nature of the evidence. However, a~~A~~ reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And, it is not sympathy.

In a criminal case, the burden is, at all times, upon the Government to prove guilt beyond a reasonable doubt. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt about the guilt of a defendant with respect to a particular charge against him, you must find the defendant not guilty of that

---

[2] Explanation for change: In addition to identifying for the jury what are *not* bases for "reasonable doubt," it would be helpful for this instruction to identify what *is* an appropriate basis—namely, the jury's understanding of the evidence. *See United States v. Bautista*, 252 F.3d 141, 145 (2d Cir. 2001) ("The absence of evidence in a criminal case is a valid basis for reasonable doubt.").

8

charge. On the other hand, if, after fair and impartial consideration of all of the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt with respect to a particular charge against him, you should find the defendant guilty of that charge.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 4-2; and from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2557-58).

**7.**    **NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the Government and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 4-3; and from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2558-59).

**8.    WHAT IS EVIDENCE?**[3]

In determining the facts, you must rely upon ~~your own recollection of~~ the evidence

presented at this trial.  What is evidence?  Evidence consists of the testimony of witnesses and

the exhibits that have been received, as well as facts or testimony to which the lawyers have

agreed or stipulated.  There are two types of evidence that you may properly use in deciding

whether or not each defendant is guilty of the crime with which he is charged: direct evidence

and circumstantial evidence.

One type of evidence is called direct evidence.  Direct evidence is evidence that proves a

disputed fact directly.  For example, when a witness testifies to what he or she saw, heard, or did,

that is called direct evidence.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is

evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple

example of circumstantial evidence that is often used in this courthouse.  Assume that when you

came into the courthouse this morning the sun was shining and it was a nice day outside.

Assume that the courtroom blinds were drawn and you could not look outside.  As you were

sitting here, someone walked in with an umbrella that was dripping wet.  Then, somebody else

walked in with a raincoat that also was dripping wet.  Now, you cannot look outside the

courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that

---

[3] Explanation for changes:  Defendants propose adding more explanation as to the inferences the jury may draw and the kind of circumstantial evidence generally relevant for questions as to mental state, knowledge, and intent, as adapted from *United States v. Huggins*, No. 1:13-cr-155-SHS, ECF 299, Tr. at 1402-03, and *Sand, et al.,* MODERN FEDERAL JURY INSTRUCTIONS, Instr. 6-17. Defendants propose other minor changes for clarity.

fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from established facts the existence or the nonexistence of some other fact.

You're entitled to draw whatever reasonable inferences you do on the basis from of direct evidence and on the basis of indirect evidence. While not all logically possible conclusions are legitimate inferences, you may draw any inferences that a reasonable mind may draw from the direct or circumstantial evidence.  It's entirely up to you. The law does not put any particular weight on direct evidence versus circumstantial evidence. You decide how much weight, if any, to put on any piece of evidence, whether direct or circumstantial, because that's entirely up to you.

Many material facts, such as state of mind, are rarely susceptible to proof by direct evidence.  Usually facts such as knowledge, or lack of knowledge, or intent are established by circumstantial evidence—such as a person's words, actions, and conduct, as of the time of the occurrence of the events in question, as well as any other surrounding facts and circumstances from that time—and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of that defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 5-2; and

from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2559-60).



**9.    WHAT IS NOT EVIDENCE?**

Some of what you have seen and heard during this trial is not evidence.  I remind you that the Indictment is not evidence; it is only an accusation.  It may not be used by you as evidence of the defendants' guilt.

The statements and arguments made by the lawyers are not evidence.  Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence.  You should weigh and evaluate the lawyers' arguments carefully.  But you must not confuse them with the evidence.  As to what the evidence was, it is your recollection that governs, not the statements of the lawyers.

In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer that is evidence.  One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record.  You are not to consider such answers in any way.

You should draw no inference or conclusion for or against any party by reason of lawyers' objections or my rulings on such objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not be swayed against the Government or the defendants simply because counsel for either side has chosen to make an objection.

Nothing I say is evidence.  If I comment on the evidence during my instructions, do not accept my statements in place of your recollection.  It is your recollection that governs.  Also, do not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views.  Indeed, I have no opinion as to the facts of this case, and you should not

14

seek to find such an opinion in my rulings.

Further, do not concern yourself with what was said at sidebar conferences or during my discussions with counsel.  Those discussions related to rulings of law and not to matters of fact.

Finally, at times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times I may have questioned a witness myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 5-3; and from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2561-62), and *United States v. Constantinescu*, 19 Cr. 651 (SHS) (S.D.N.Y. June 27, 2022) (Tr. 767-68).

**10.    LIMITING INSTRUCTIONS**

If certain testimony or other evidence was received for a limited purpose, you must

follow the limiting instructions I have given, and use the evidence only for the limited purpose I

indicated.

> Adapted from the charge given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2562).

**11.    EVIDENCE OBTAINED PURSUANT TO SEARCHES**

You have heard testimony about evidence seized in connection with searches that were conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt.

Adapted from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2562), and the Hon. Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF) (S.D.N.Y. Jan. 11, 2016) (Tr. 2886-87).

**12.**    **STIPULATIONS OF FACT AND TESTIMONY**

[*If Applicable*]

You have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  However, it is for you to decide what weight, if any, to give to those facts.

You have also heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true that the witness would have given that testimony.  However, it is for you to determine the weight and effect to be given that testimony.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 5-6, 5-7.

18

**13.** **CHARTS AND SUMMARIES – ADMITTED AS EVIDENCE**

[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I have admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 5-12.

**14.**     **CHARTS AND SUMMARIES – NOT ADMITTED AS EVIDENCE**

[*If Applicable*]

There have also been charts and exhibits introduced merely as summaries or analyses of testimony and documents in the case.  These charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations or other ways of summarizing certain underlying evidence.  It is often easier and more convenient to utilize charts and summaries as opposed to placing all of the underlying documents in front of you.  But it is up to you to decide whether the summary exhibits fairly and correctly reflect the underlying testimony and documents they purport to summarize.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them. But, one way or the other, realize that the summary exhibits are not, in and of themselves, direct evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.

Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, 5-13; and the charge given by the Hon. Analisa Torres in *United States v. Shea*, 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 795-96).

16.    WITNESS CREDIBILITY

You have had the opportunity to observe all of the witnesses.  You must now consider whether the witnesses were both truthful and accurate.  A witness could believe that he or she was being truthful, yet be mistaken and not able to recall facts accurately.  Also, a witness could take the oath and still intentionally testify falsely.

I am going to give you a few general instructions about how you may determine whether witnesses are credible and reliable and whether the witnesses told the truth in this trial.  It's really just a matter of using your common sense, your judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and candidly?  Were the witness's answers direct or were they nonresponsive?  Consider the way the witness acted, his or her way of testifying, and the strength or accuracy of his or her recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the testimony compare with other proof in the case? Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In addition, you may consider whether a witness had a possible bias or relationship with the party.  Such a bias or relationship does not necessarily make the witness unworthy of belief, but these are factors you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony here during the trial, you may consider that fact in deciding how much of the testimony, if any,

21

to believe.  In making this determination, you may consider whether the witness purposely made

a false statement or whether it was an innocent mistake.  You may also consider whether the

inconsistency concerns an important fact or merely a small detail, as well as whether the witness

had an explanation for the inconsistency and, if so, whether that explanation makes sense to you.

It's your decision, after reviewing all the evidence, whether to accept the testimony of

any witness.  You should give that testimony whatever weight you find that it deserves.

> Adapted from *Sand, et al.*, Modern Federal Jury Instructions, Instr. 7-1; and
> from the charges given by the Hon. Sidney H. Stein in *United States v.
> Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2563-66); and the
> Hon. Lorna G. Schofield in *United States v. Whitehead*, 22 Cr. 692 (LGS)
> (S.D.N.Y. July 12, 2021) (Tr. 1221-23).

**17.    PREPARATION OF WITNESSES**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2567-68); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3026).

23

18.    **LAW ENFORCEMENT WITNESSES**

You have heard the testimony of law enforcement officials or those who work with them. The fact that a witness may be employed as a law enforcement official or work with law enforcement officials does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for a defense counsel to try to attack the credibility of a law enforcement witness, on the grounds that that witness's testimony may be colored by a personal or professional interest in the outcome of the case.

It is for you to decide, after reviewing all the evidence, whether to accept the testimony of such a witness, and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from Sand *et al*., MODERN FEDERAL JURY INSTRUCTIONS, 7-16; and from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2568); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3022-23).

**19.     LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS**[4]

I've admitted into evidence the acts and statements of others because those acts and statements were committed or made by persons who the Government alleges were co-conspirators of the defendants.

You may consider as evidence against a defendant the reasonably foreseeable acts and statements of those who you find were co-conspirators of that defendant if made in furtherance of the conspiracy's common purpose.  The reason for this rule has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy.  Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people who you find, under the standards I have already described, to have been their co-conspirators.  This is so even if such acts were done and statements made in a defendant's absence and without his knowledge.  But the burden of proving beyond a reasonable doubt that a conspiracy existed and that the defendants were members of that conspiracy remains with the government.

---

[4] Explanation for change:  Addition for clarity, based on *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-9.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-9; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2056-57); *see United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**20.**    **TRANSCRIPTS AND TRANSLATIONS**

[*If Applicable*]

You have seen transcripts of recordings that were admitted into evidence.  Additionally, portions of certain communications and recordings were in languages other than English.  With respect to those conversations, I have admitted English language translations of those communications and recordings into evidence.  It is the English translations of these items that are in evidence.  You must accept the translations contained in the transcripts as evidence, even if you understand the non-English language.

With respect to English language recordings that were transcribed, those transcripts were provided to you as an aid or guide to assist you in listening to the recordings.  However, the transcripts for the English language recordings are not themselves evidence.  You should draw your own conclusions as to what you heard in those recordings.  If you think you heard something different from what appears in a transcript of an English language recording, then what you heard controls.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 5-9; and the charges given by the Hon. Loretta A. Preska in *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (LAP) (S.D.N.Y. Nov. 26, 2018) (Tr. 1126).

21.    REDACTIONS

[*If Applicable*]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out or covered. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been taken out or covered.

Adapted from the charge given by the Hon. Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF) (S.D.N.Y. Jan. 11, 2016) (Tr. 2888-89).

28

**22.**    **EXPERT TESTIMONY**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, 7-21.

23.    COOPERATING AND ACCOMPLICE WITNESS TESTIMONY[5]

You have heard testimony from one or more government witnesses. who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who participated in the criminal activity about which they testified in a trial. For those very reasons, Tthe law allows the use of the testimony of cooperating or accomplice witnesses, and there is nothing improper about the government's use of such witnesses. In fact, in federal courts, the law is that the testimony of a cooperating or accomplice witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt.

Accordingly, the testimony of these accomplice or cooperating witnesses was properly before you. The Government argues, as it is entitled to do, that if such testimony could not be used, there would be many cases in which there was real guilt, and convictions could not be obtained. However, the testimony of cooperating or accomplice witnesses should be scrutinized with special careexamined with greater scrutiny because such witnesses may believe that it is in their interest to give testimony favorable to the Government, and the fact that a witness is an accomplice can be considered by you in evaluating his credibility. You may consider whether the cooperating witness received any benefits or promises from the government or otherwise

---

[5] Explanation for changes: Defendants propose adding additional guidance as to the potential motivations of cooperating witnesses, consistent with the rule that district courts should detail these possible circumstances. *See United States v. Owimrin*, No. 1:17-cr-243-SHS, ECF 348, Tr. at 2059-61 (jury instructions); *United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 2009); *United States v. Vaughn*, 430 F.3d 518, 524 (2d Cir. 2005). Other changes are proposed for clarity, and to remove unnecessary opining on the specific content of witness testimony.

benefited from his or her cooperation with the government so as to be motivated to testify falsely against any one or all of the defendants.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving you a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, their background, and the extent to which their testimony is or is not corroborated by other evidence in the case.  You may consider whether an accomplice witness has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You have also heard testimony about one or more agreements between the Government and the accomplice witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of these witnesses, you should ask yourselves whether these witnesses would benefit more by lying or more by telling you the truth.  Was their testimony made up in some way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served telling you the truth?  If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause them to lie or one that would cause him to tell you the truth? Did the motivation color the witness' testimony?

If you find that testimony by such a witness is false, you should reject it.  If, however,

after giving cautious and careful consideration to that testimony, and to the witness' demeanor, and the other things that I mentioned, and you're satisfied that the witness told you the truth, you should accept it as credible and act accordingly.

As with any witness, let me emphasize that the issue of credibility doesn't have to be decided on an all-or-nothing basis.  Even if you find that a witness testified falsely in one part, you're still entitled to accept that testimony in other respects, or you can throw it all out of your consideration.  That's up to you.

You also heard testimony that one or more of the accomplice witnesses pled guilty to certain crimes that are related to the allegations in this case.  You are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial from the fact that a cooperating witness pled guilty to similar charges.  The decision of a witness to plead guilty is a personal decision that the witness made about his own guilt.  It may not be used by you in any way as evidence against the defendant on trial.

> Adapted from the charges given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK) (S.D.N.Y. Apr. 27, 2018) (Tr. 4005-07); and the Hon. Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC) (S.D.N.Y. Mar. 1, 2018) (Tr. 6427-28).

**25.**   **IMMUNIZED WITNESSES**

[*If Applicable*]

You've heard testimony from a witness, [*insert witness name(s)*], who testified pursuant to grant of immunity. The law permits the use of testimony from such witnesses. Indeed, such testimony, if found truthful by you, may be found sufficient in itself to support the conviction of a defendant if it convinces you of that defendant's guilt beyond a reasonable doubt.  However, the law requires that the testimony and motives of each such witness be scrutinized with particular care.  After scrutinizing carefully the testimony of a witness who is testifying pursuant to an immunity order, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should consider whether the witness has had the opportunity to observe the facts he testified about and whether the witness's recollections stand up in light of the other evidence in the case.  In other words, you must consider the credibility of the witness as you would any other witness.

Adapted from the charge given by the Hon. P. Kevin Castel in *United States v. Saint Clair*, 19 Cr. 790 (KPC) (S.D.N.Y. Mar. 9, 2022) (Tr. 1107).

**26.    PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial you may have heard testimony of witnesses that the Government did or did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether each defendant is guilty. However, you are also instructed that there is no legal requirement that the Government use any specific investigative technique to prove its case. The Government is not on trial and law enforcement techniques are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond a reasonable doubt.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 4-4; and the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3028-29).

**27.    UNCALLED WITNESSES – EQUALLY AVAILABLE OR UNAVAILABLE**

[*If Applicable*]

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand *et al.*, MODERN FED. JURY INSTRUCTIONS, Instr. 6-7; the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK) (S.D.N.Y Apr. 27, 2018) (Tr. 4009); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## 28. MISSING WITNESSES NOT EQUALLY AVAILABLE TO DEFENDANT[6]

### [*If Applicable*]

You have heard evidence about witnesses who have not been called to testify. The defense has argued that the witnesses could have given material testimony in this case and that the government was in the best position to produce these witnesses.

If you find that these uncalled witnesses could have been called by the government and would have given important new testimony, and that the government was in the best position to call them, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witnesses would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witnesses would have testified unfavorably to the government, you may consider whether the witnesses' testimony would have merely repeated other testimony and evidence already before you.

Adapted from Sand *et al.*, MODERN FED. JURY INSTRUCTIONS, Instr. 6-5.

---

[6] Defendants request that the Court provide this instruction if applicable.

**28.29.  OPINION OF DEFENDANT'S CHARACTER OR REPUTATION**

[*If Applicable*]

[The defendant] has called a witness who has given an opinion of his character or reputation.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about the witness's opinion of the defendant's good character or reputation, you find a reasonable doubt has been created as to a particular charge or charges, you must acquit him/her of those charge or charges.

On the other hand, if after considering all the evidence including that of the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from Sand *et al.*, MODERN FED. JURY INSTRUCTIONS, Instrs. 5-14, 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

29.30.  **DEFENDANT'S TESTIMONY**[7]

[*If Applicable*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  That is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendants are presumed innocent.  If a defendant chooses to testify, however, he is permitted to take the witness stand on his own behalf.

In this case, [tThe defendant] testified at this trial.  You should examine and evaluate this defendant's testimony just as you would the testimony of any witness.  You should not disregard or disbelieve his testimony simply because of the fact that he is charged as a defendant in this case.

Adapted from the charges given by the Hon. Lorna G. Schofield in *United States v. Whitehead*, 22 Cr. 692 (LGS) (S.D.N.Y. July 12, 2021) (Tr. 1224); and the Hon. Edgardo Ramos in *United States v. Almaleh*, S1 17 Cr. 25 (ER) (S.D.N.Y. Mar. 2, 2022) (Tr. 1085); *see also* Sand, *et al.*, MODERN FED. JURY INSTRUCTIONS, Instr. 7-4; *United States v. Gaines*, 457 F.3d 238, 249 & n.8 (2d Cir. 2006).

---

[7] Explanation for changes:  Edits proposed to make clear the ability of a defendant to testify and how the jury should weigh that testimony.  *See Owimrin*, Tr. at 2063; Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 7-4.

## 30.31.  DEFENDANT DID NOT TESTIFY

[*If Applicable*]

Now, [the defendants] did not testify in this case.  Under our Constitution a defendant has no obligation to testify or to present any evidence because it's the Government's burden to prove each defendant guilty beyond a reasonable doubt, and that burden remains with the Government throughout the entire trial and never shifts to the defendant.

A defendant is never required to prove that he innocent.  Therefore, you may not attach any significance to the fact that [the defendants] did not testify here.  No adverse inference against a defendant may be drawn by you because the defendant did not take the witness stand. You may not consider this against the defendants in any way in your deliberations.

Adapted from the charges given by the Hon. Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (SHS) (S.D.N.Y. Nov. 28, 2022) (Tr. 2573), and *United States v. Constantinescu*, 19 Cr. 651 (SHS) (S.D.N.Y. June 27, 2022) (Tr. 781).

**31.32.  PERSONS NOT ON TRIAL**

Some of the people who may have been involved in the schemes alleged in this trial are not on trial. This does not matter. You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the indictment. Nor may you speculate as to the reasons why other persons are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 3-4; and the charges given by the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2062); and the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2030).

## 32.33.  CONSCIOUS AVOIDANCE

*[If applicable]*

During my instructions on the law, I have instructed you or will instruct at various points that the Government must prove that the defendants acted knowingly or referred to a defendant's "knowledge."  You may also have heard the lawyers make arguments about knowledge.  In determining whether a defendant acted with knowledge, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact, then he knows that fact.  But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact.  The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.  One may not willfully and intentionally remain ignorant of a fact important to one's conduct in order to escape the consequences of criminal law.  And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not know the incriminating fact.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charges contained in Counts One, Two, Three, Four, Fifteen, and Seventeen of the Indictment.  First, there is a difference between knowingly

41

participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for finding that a defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime.

For example, it is logically impossible for a defendant to agree to join another person unless he or she knows that he or she has made such an agreement. However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether he knew facts relevant to or the object of the conspiracy, you may consider whether he deliberately avoided confirming otherwise obvious facts, that is, whether he deliberately closed his or her eyes to what otherwise would have been obvious.

However, you must remember that guilty knowledge may not be established by demonstrating that the defendant was merely negligent, reckless, foolish, or mistaken. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In sum, if find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to or had knowledge of that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to or had knowledge of that fact. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP) (S.D.N.Y. May 3, 2018) (Tr. 1763-66); *see United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is

appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt 'that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'").  The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."  *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").



**~~33.~~34.  DUAL INTENT NO DEFENSE[8]**

[*If Applicable*]

During this trial, the defendants have contended that their actions were motivated by considerations that were not unlawful.  However, even if true, it is not a defense to any count that the defendant may have been motivated by both proper and improper motives.  A defendant may be found to have the requisite intent even if he ~~or she~~ possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent. That said, evidence of a "good" motive is of course relevant in determining whether a defendant also possessed a sufficiently "bad" motive.  What matters is whether is it is clear beyond a reasonable doubt that a defendant in fact acted because of an improper motive, even if he also harbored other intents.

> Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3021); *see also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability"); *United States v. Gatto*, 986 F.3d 104, 129 n.12 (2d Cir. 2021) ("We are also unpersuaded by Defendants' dual intent argument, as it is commonplace for individuals to have more than one motive for acting.") (citing *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2014) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.")); *United States v. Calk*, 87 F.4th 164, 181 (2d Cir. 2023) ("In the context of public official bribery, we have stressed that a 'valid purpose that partially motivates a transaction does not insulate participants in an

---

[8] Explanation for change:  The Defendants propose clarifying this instruction to make clear that evidence of a "good" motive is still relevant to the jury's analysis of the defendants' intent.  *See, e.g.*, *United States v. Fayer*, 523 F.2d 661, 663 (2d Cir. 1975); *United States v. Cullen*, 454 F.2d 386, 391-92 (7th Cir. 1971) (Stevens, J.).

unlawful transaction from criminal liability.'" (internal citation omitted)).



## 34.35.  MOTIVE

Proof of motive is not a necessary element of the crimes with which the defendants are charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether any motive be shown.  But the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

> Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 6-18; and the charge of the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2017).

**35.36.  FALSE EXCULPATORY STATEMENTS[9]**

[*If Applicable*]

You have heard testimony that one or more of the defendants made or caused others to make certain statements to law enforcement or prosecutorial authorities in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.  If you find that a defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 6-11.

---

[9] Explanation for change:  The added clause makes clearer to the jury that it has discretion in what inferences it draws should it find that a defendant has given a false statement, consistent with standard model jury instructions.  *See* Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 6-11 ("If you find that the defendant gave a false statement … you may, but are not required to infer that the defendant believed that he was guilty.").

36.37.  SIMILAR ACTS

[*If Applicable*]

There has been evidence received during the trial that on one or more different occasions [certain defendants] engaged in conduct which you may believe was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendants are not on trial for committing any crimes not alleged in the Indictment.  Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendants committed the crimes charged.  Nor may you consider this evidence as proof that the defendants have a criminal personality or bad character.  This evidence of this other act or acts was admitted for a different and more limited purpose, namely, as potential evidence of the defendants' motive, opportunity, intent, knowledge, plan, and/or absence of mistake or accident, and/or to provide background for the alleged conspiracy and those alleged to have been involved in it.  You may consider it only for that kind of limited purpose, as I instructed you when I admitted it.

However, the evidence of similar conduct is to be considered by you only on these issues. It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that a defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 5-25, 5-26.

### 37.38.  PUNISHMENT NOT TO BE CONSIDERED BY JURY

The question of possible punishment of the defendant you are considering is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not each defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 9-1.

49

# I.  THE INDICTMENT

**38.39.  INDICTMENT – OVERVIEW**[10]

The defendants – Robert Menendez, Wael Hana, a/k/a "Will Hana," and Fred Daibes – have been charged in what is called an Indictment, or "Superseding Indictment."  You must remember that an indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendants' guilt.  It creates no presumption and it permits no inference that the defendants are guilty.  Actually, the law is just the opposite—each of the defendants is presumed to be ~~not~~ innocent of the crimes charged, unless and until you find that the Government has proven the defendant you are considering guilty beyond a reasonable doubt, as I described above.  You are to give no weight to the fact that an indictment has been returned against the defendants.  And each of the three defendants here has pled not guilty to the charges in the Indictment.

~~Before you begin your deliberations, you will be provided with a copy of the Indictment.~~ I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

---

[10] Explanation for change:  Defendants propose to remove what is presumably a typo.  We also deleted the sentence stating that the jury would be provided a copy of the full indictment.  The defendants maintain that providing the jury with an unredacted, complete copy of the indictment would be unduly prejudicial.  But in all events, this court should reserve the decision on whether—and if so, to what extent—the indictment should be provided to the jury, which should turn on how the trial specifically unfolds.  *See, e.g.*, *United States v. Kelly*, 349 F.2d 720, 765 (2d Cir. 1965).

**39.40.  INDICTMENT – SUMMARY**

The Indictment contains eighteen counts or separate "charges."

Count One of the Indictment charges that Robert Menendez, Wael Hana, and Fred Daibes participated in a conspiracy to bribe a public official from in or about 2018 through in or about 2023.  As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is an agreement by two or more people to take actions that violate the law.  And by "in or about," I simply mean approximately.

Count Two of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez, Wael Hana, and Fred Daibes participated in a conspiracy to commit honest services wire fraud.  I will explain what this means later in my instructions.

Count Three of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez participated in a conspiracy to commit extortion under color of official right.  I will also explain what this means later in my instructions.

Count Four of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez and Fred Daibes participated in a conspiracy to endeavor, that is, seek, to obstruct justice in connection with a federal criminal prosecution of Daibes in the District of New Jersey.

Count Five of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez demanded or accepted or received a bribe as a public official, in connection with actions to benefit Hana and the Government of Egypt.  This is what is called a substantive count, meaning it is not a conspiracy count.  In a moment, I will explain to you the

51

differences between a conspiracy count and a substantive count.  For now, just keep in mind that a conspiracy count is different from a substantive count.

Count Six of the Indictment charges that, from at least in or about 2018 through in or about 2023, Wael Hana and Fred Daibes offered or paid a bribe to a public official in connection with actions to benefit Hana and Egypt.  This is also what is called a substantive count.

Count Seven of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez, Wael Hana, and Fred Daibes committed honest services wire fraud in connection with actions to benefit Hana and the Government of Egypt.

Count Eight of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez committed extortion under color of official right, in connection with actions to benefit Hana and the Government of Egypt.

Count Nine of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez and Wael Hana committed honest services wire fraud in connection with actions to benefit Jose Uribe and Uribe's associates.

Count Ten of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez committed extortion under color of official right, in connection with actions to benefit Uribe and Uribe's associates.

Count Eleven of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez demanded or accepted or received a bribe as a public official in connection with actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

Count Twelve of the Indictment charges that, from at least in or about 2018 through in or about 2023, Fred Daibes offered or paid a bribe to a public official in connection with actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

Count Thirteen of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez and Fred Daibes committed honest services wire fraud in connection with actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

Count Fourteen of the Indictment charges that, from at least in or about 2018 through in or about 2023, Robert Menendez committed extortion under color of official right, in connection with actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

Count Fifteen of the Indictment charges that, from at least in or about 2018 through in or about 2022, Robert Menendez and Wael Hana participated in a conspiracy to violate the federal statute that makes it unlawful for a public official, here Robert Menendez, to act as an agent of a foreign principal required to register under the Foreign Agents Registration Act, which is also known by the acronym "FARA." I will explain later in my instructions what that means.

Count Sixteen of the Indictment charges that, from at least in or about 2018 through in or about 2022, Robert Menendez was a public official acting as a foreign agent.

Count Seventeen of the Indictment charges that, from at least in or about June 2022 through in or about 2023, Robert Menendez participated in a conspiracy to obstruct justice in connection with a federal investigation in the Southern District of New York.

Count Eighteen of the Indictment charges that, from at least in or about June 2022 through in or about 2023, Robert Menendez endeavored, that is, sought, to obstruct justice in connection with a federal investigation here in the Southern District of New York.

That is a summary of the eighteen counts in the Indictment. You must consider each count separately, and each defendant separately, and you must return a separate verdict of guilty or not guilty on each count for each defendant charged in that count. Whether you find the defendant you are considering guilty or not guilty as to one offense should not affect your verdict as to any other offense charged or any other defendant.

**40.41.  INDICTMENT – USE OF CONJUNCTIVE IN THE INDICTMENT**[11]

You will be provided a copy of the Indictment at the conclusion of these instructions. You may see that the word "and" is used between various charging words in the Indictment.  For example, the Indictment charges that it was one purpose of the defendants' agreement to bribe a public official that Robert Menendez would corruptly demand, seek, receive, accept, *and* also agree to receive and accept something of value in return for being influenced in the performance of an official act.

You should treat uses of the conjunctive word "and" in the Indictment as being a disjunctive "or."  In other words, it is enough, for example, if the evidence shows that it was a purpose of the defendants' agreement to bribe a public official that Robert Menendez would corruptly demand, seek, receive, accept, *or* agree to receive and accept something of value in return for being influenced in the performance of an official act, rather than the evidence having to show every one of these things.

Adapted from the charges given by the Hon. Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (JLR) (S.D.N.Y. March 4, 2024) (Tr. 1563); and the Hon. Alison J. Nathan in *United States v. Allen*, 15 Cr. 95 (AJN) (S.D.N.Y. Nov. 9, 2017) (Tr. 769-70); *see also, e.g.*, *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008); *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995); *United States v. Astolas*, 487 F.2d 275, 280 (2d Cir. 1973).

---

[11] Explanation for change:  Defendants object to this proposed instruction as unnecessary.  The charged statutes speak for themselves, and so long as the count-specific instructions are properly framed to clarify when the jury may decide in the disjunctive, there should be no confusion. However, to the extent the Court includes this instruction, Defendants propose using the formulation "in exchange for" when describing the standard for bribery, which most closely and clearly tracks the governing *quid pro quo* standard.  *See McDonnell v. United States*, 579 U.S. 550, 574 (2016).

### 41.42.  INDICTMENT – CONSPIRACY AND SUBSTANTIVE COUNTS[12]

As I mentioned a few moments ago, several of the charged counts – specifically, Counts One, Two, Three, Four, Fifteen, and Seventeen – charge the defendants with participating in certain conspiracies.  The other counts charge what we call substantive crimes.

A conspiracy count is different from a substantive count.  A conspiracy charge, generally speaking, alleges that two or more people agreed together to accomplish an unlawful objective or objectives.  The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no conspiracy unless at least two people reached such an agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual or attempted commission, or with aiding and abetting or causing the commission, of an offense.  A substantive offense therefore may be committed by a single person, and it need not involve any agreement with or assistance from anyone.

A conspiracy to commit a crime is a completely separate offense from a substantive crime, although the commission of a substantive crime may be an "object" or a purpose of a conspiracy.  And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime which was the object of the conspiracy was never committed.  In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is never

---

[12] Explanation for change:  Defendants propose to omit the liquor store hypothetical as unnecessary; the instruction's explanation of the difference between a conspiracy and substantive charge is straightforward and does not require further elaboration.

accomplished.  Consequently, in a conspiracy charge there is no need to prove that the crime or crimes that were the objectives of the conspiracy actually were committed.  To give you a simple example: if two people agree to hold up a liquor store and do something to put the agreement into motion, they have committed the crime of conspiracy to commit robbery even if they never rob the liquor store.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement.  To take the liquor store example, there can be no substantive crime of robbery unless the liquor store actually is robbed or is attempted to be robbed.  Of course, if a defendant both participates in a conspiracy and commits the crime that was the object of the conspiracy, — for example, if a defendant agrees with someone to rob the liquor store and then goes on to commit the robbery — that defendant may be guilty of both the conspiracy and the substantive crime of robbery.

With respect to the substantive counts, you should be aware that there are two ways in which you may find a defendant guilty.  While I will explain both in more detail, I want to first take a moment to outline them briefly.

The first way is that you may find that the defendant either committed, or willfully caused someone else to commit or attempt to commit, the substantive crimes charged in the Indictment.  I am going to refer to that way as a claim that a defendant is guilty of a crime as what we call a "principal."

The second way is that you may find that someone other than the defendant committed the substantive crime at issue and the defendant aided and abetted the commission of that crime.

57

I will refer to that as a claim that a defendant is guilty of a crime as an aider and abettor.

For the sake of convenience, I will instruct you first with respect to the counts that charge substantive crimes.  Then, I will instruct you on the conspiracy counts.

> Adapted from the charges given by the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK) (Tr. 997-1000); in *United States v. Blaszczak*, 17 Cr. 357 (LAK) (Tr. 3938-41); and in *United States v. Gatto*, 17 Cr. 686 (LAK) (Tr. 1831-33).

## II. SUBSTANTIVE INSTRUCTIONS – COUNTS FIVE AND ELEVEN: RECEIPT OF A BRIBE[13]

### 42.43.  COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A PUBLIC OFFICIAL (PURPOSE AND ELEMENTS OF THE OFFENSE)

Let us turn first to the substantive charges of demanding, receiving, or accepting a bribe as a public official.  These are listed in the Indictment as Counts Five and Eleven, but I will discuss them first.  The order of the counts in the Indictment is not important and you should not infer anything from the order.  You also do not need to consider the counts in any particular order as you deliberate.

Count Five charges Robert Menendez with demanding, receiving, or accepting a bribe ~~in connection with~~in exchange for certain official actions to benefit the Government of Egypt and to benefit Will Hana.  Count Eleven charges Robert Menendez with demanding, receiving, or accepting a bribe ~~in connection with~~in exchange for certain official actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.  Only Robert Menendez is charged in Counts Five and Eleven.

---

[13] Explanation for changes:  Defendants object to the use of the phrase "in connection with," which is not the correct standard for bribery under 18 U.S.C. § 201(b)(2).  Instead, the statute requires a *quid pro quo*—an "exchange of a thing of value for an 'official act.'"  *McDonnell v. United States*, 579 U.S. 550, 574 (2016).  The Defendants have included an edit to that effect, as well as other streamlining edits consistent with the caselaw.  *See, e.g.*, *United States v. Silver*, 948 F.3d 538, 548-49 (2d Cir. 2020) ("*[Q]uid pro quo*, namely that the official 'promise[d] ... to perform or not to perform an official act' in return for payment.").

Defendants also object to an instruction that conflates the *mens rea* (corruptly) and *actus reus* (acting "in return for being influenced in the performance of any official act").  These are distinct elements that should be broken out separately here, and then defined separately below.

To establish a violation of demanding, receiving, or accepting a bribe for a public official, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, that at the time alleged in the Indictment, defendant Robert Menendez was a public official;

*Second*, that the defendant you are considering ~~directly or indirectly~~ demanded, sought, received, accepted, or agreed for Robert Menendez to receive something of value or for another person or entity at Robert Menendez's direction or for Robert Menendez's indirect benefit to receive something of value; ~~and~~

*Third*, that the defendant you are considering did so ~~with the corrupt intent~~in exchange for Robert Menendez to be influenced ~~in the performance or non-performance~~to perform or not perform ~~of~~ an official act; and

*Fourth*, that the defendant you are considering did so with corrupt intent.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 16-9, 16-10, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2037); and the Hon. Mae A. D'Agostino in *United States v. Figueroa*, 23 Cr. 161 (MAD) (S.D.N.Y. Dec. 4, 2023) (Tr. 901-02).

**43.44.  Counts Five and Eleven: Demanding, Receiving, and Accepting a Bribe as a Public Official (First Element)**

The first element of Counts Five and Eleven is that at the time alleged in the Indictment defendant Robert Menendez was a "public official."  The term "public official" for these counts includes a Member of Congress as well as "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government."

I instruct you as a matter of law that a United States Senator is a "public official."

Adapted from *Sand, et al.*, Modern Federal Jury Instructions, Instr. 16-11;
18 U.S.C. § 201(a)(1).

**44.45.  Counts Five and Eleven: Demanding, Receiving, and Accepting a Bribe as a Public Official (Second Element)** [14]

The second element is that the defendant you are considering, on or about the dates charged in the Indictment, directly or indirectly demanded, sought, received, accepted, or agreed to receive a thing of value.  Here, the Indictment alleges that Robert Menendez, ~~both directly and through his wife Nadine Menendez,~~ demanded, sought, received, accepted, or agreed to accept a thing of value or multiple things of value, as alleged in the Indictment.  Under the law, seeking or agreeing to receive a bribe is just as much a ~~crime~~ violation of the statute as actually receiving one.  In other words, the law makes no distinction between demanding, seeking, receiving, accepting, or agreeing to receive a bribe.  You need not find that the defendant you are considering did all of these things.  If you find that the evidence proves the defendant you are considering did at least one of those things, then this element is satisfied.

"A thing of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person demanding or receiving considers to be worth something.  ~~This includes a sum of money (in any form), gold, a car, a job, or a job offer.~~  It is not necessary that the thing of value be given at all, or if given that it be given directly to the public official.  Rather it is sufficient that the defendant you are considering understood or believed that the thing of value was demanded, sought, received, accepted, or agreed to be

---

[14] Explanation for change:  Defendants object to any language directing the jury as to whether certain tangible items in the case are or are not things of value as a matter of law.  That is a question of fact for the jury to decide.  Defendants also propose additional edits for clarity to better focus on the law of the instruction, as opposed to the facts of the case.  *See, e.g.*, *Sand et al.*, Modern Federal Jury Instructions, Instr. 16-12 (using "violation of the statute" language).

received by a family member or another person or entity at the public official's direction or with

the public official's approval or for that public official's indirect benefit.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 16-12, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo, et al.*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2038); the Hon. Mae A. D'Agostino in *United States v. Figueroa*, 23 Cr. 161 (MAD) (S.D.N.Y. Dec. 4, 2023) (Tr. 902-03); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3006-07); *see United States v. Calk*, 87 F.4th 164, 182-83 (2d Cir. 2023) (phrase "anything of value" in bribery and related statutes "has consistently been given a broad meaning" and "is generally construed to cover intangibles as well as tangibles and has been held to include amusement, sexual intercourse, or the promise of sexual intercourse, a promise to reinstate an employee, an agreement not to run in a primary election, and the testimony of a witness . . . [W]hat matters is the value that the defendants subjectively attached to the items received.  A recommendation for a job, for example, may not be typically given a specific market value, but it can still be highly valuable to the job seeker.") (internal citations, alterations, and quotation marks omitted); *see United States v. DeMizio*, 741 F.3d 373, 382 (2d Cir. 2014) ("[P]ayoff schemes have been viewed as involving kickbacks when the defendant has directed that the contracting party's profit be shared with family, friends, or others loyal to the defendant."); *see also* 18 U.S.C. § 201(b)(2) (bribe may be demanded, sought, received, accepted or agreed to be received "directly or indirectly" and "personally or for any other person or entity").

**45.46.  C**OUNTS **F**IVE AND **E**LEVEN: **D**EMANDING, **R**ECEIVING, AND **A**CCEPTING A **B**RIBE AS A **P**UBLIC **O**FFICIAL (**T**HIRD **E**LEMENT) [15]

The third element is that the defendant you are considering ~~acted with the corrupt~~

---

[15] Explanation for changes:  Per the comments above, this element should focus on the *actus reus* of acting in exchange for performance of official acts, with *mens rea* handled separately.  As to the *actus reus* element, we made a number of changes.

(1) We have reorganized the official act instruction to track the definitions and analysis of the Supreme Court in *McDonnell*: first by explaining what counts as a "question or matter," and then explaining what counts as taking action on that question or matter—with additional glosses following each part.  *See McDonnell*, 136 S. Ct. at 2368-71; *see also United States v. Silver*, 948 F.3d 538, 553 (2d Cir. 2020) (*Silver II*) ("Even though the particular act of influence need not be identified at the time of the official's promise, the particular question or matter to be influenced must be."); *id.* at 556 ("Thus, for an official to promise to perform an official act—and thereby engage in the prohibited *quid pro quo*—the official must promise to act on an identified "question, matter, cause, suit proceeding, or controversy" at the time of the promise."); *id.* at 557 ("McDonnell thus stands for the proposition that bribery requires that an official accept a payment, knowing that he is expected to use his office to influence a 'focused,' 'concrete,' and 'specific' question or matter that 'may be understood to refer to a formal exercise of governmental power.'"); *United States v. Skelos*, 988 F.3d 645, 656 (2d Cir. 2021) (holding that the trial court failed to properly charge the jury "that the specific and focused question or matter on which [the public official] was expected to take official action be identified at the time of the payment).  In doing so, we also included language that the Eleventh Circuit held was required in *United States v. Van Buren*, 940 F.3d 1192, 1200 (11th Cir. 2019).

(2) We deleted the sentence stating that an agreement to take official action is itself official action.  That is incorrect.  An agreement to take official action is just that: an agreement to take official action.

(3) We clarified, following *McDonnell*, that "advice" and "pressure" are official acts if designed to induce official action *by another public official.*

(4) In the sentence about expressing "support," we clarified that the support can be for an action or decision.  In *McDonnell*, the Court was referring to support for the research study, which would itself have been an official action, not merely an "idea."

(5) We deleted language that is foreclosed by *McDonnell*, such as the statement that anything "generally expected" of a public official is an official act, and the equation of official action with

"influence." *See McDonnell*, 136 S. Ct. at 2373 (vacating where jury instructions said "official actions may include acts that a public official customarily performs" or acts "to exercise influence").

(6) We deleted the statement that unofficial acts could be evidence of agreements to exert pressure or provide advice, since the instructions already defined those to be ways of taking official action. That language was therefore redundant.

(7) We have separated out the *quid pro quo* instruction from the *mens rea* instruction, because it goes to this element—the "in exchange for" aspect of the *actus reus*—and tweaked some language to account for that shift. In that instruction, we also deleted one sentence because it misleadingly suggested that the official need not agree to take official acts, which is incorrect. We added and altered the language about timing, "course of conduct," and stream of benefits to track the Second Circuit's decision in *Silver II*. *See Silver II*, 948 F.3d at 553 ("*McDonnell* re-emphasizes that the relevant point in time in a *quid pro quo* bribery scheme is the moment at which the public official accepts the payment. . . . *McDonnell* suggests that, at the time the bribe is made, the promised official act must relate to a 'properly defined' 'question, matter, cause, suit, proceeding or controversy.'"); *id*. ("Even though the particular act of influence need not be identified at the time of the official's promise, the particular question or matter to be influenced must be."); *id*. at 556 ("Thus, for an official to promise to perform an official act—and thereby engage in the prohibited *quid pro quo*—the official must promise to act on an identified 'question, matter, cause, suit proceeding, or controversy' at the time of the promise."); *id.* at 567 ("'The jury instructions here, however, required only that Silver promise 'to take [some or any] official action' 'for the benefit of the payor.' In light of *Ganim* and our other precedents, and especially after McDonnell's narrowing of the definition of official acts, such an instruction is insufficient to accurately inform the jury of what is required to find a quid pro quo."); *see also United States v. Reichberg*, 5 F.4th 233, 248 & n.63 (2d Cir. 2021). And we added a sentence at the end making clear that while the official's intent to do the act anyway isn't a defense, it can be considered as evidence on whether a quid pro quo agreement was formed.

That all said, it remains Mr. Hana's and Mr. Daibes's position that the "as the opportunities arise" theory is legally invalid in light of *McDonnell* and should not be included in the instructions to the jury. As discussed in prior briefing (*see, e.g.*, ECF Nos. 186, 223, 261), *McDonnell* requires that the Government must assert that the official agreed to act on a "focused and concrete" "question or matter" that is identified "at the time of the alleged *quid pro quo*." 579 U.S. 569-73. The "as the opportunities arise" theory allows the "question or matter" to be identified at a later time; this is too broad to survive *McDonnell*. Mr. Hana and Mr. Daibes reserve all rights, including the right to challenge this instruction on appeal.

intentdemanded, sought, received, accepted, or agreed to receive a thing of value in exchange

for Robert Menendez to be influenced in the performance or non-performance of an official act.

I will first explain what an "official act" means under the law, and will then explain "corrupt

intent."what "in exchange for" means under the law.

**Official Act**

An official act means any decision or action on any question or matter that may at any

time be pending, or that may by law be brought before any public official in his official capacity

or in his place of trust.  I've already defined "public official."  An official act must involve a

decision or, an action, or an agreement to make a decision or to take action on a specific question

or matter.  The term "official act" includes the decisions or actions generally expected of the

public official.  Thus, you must find two distinct requirements are met to find an official act:

First, there must be a "question or matter" pending before a public official, and second, there

must be a "decision or action" on that "question or matter."

The question or matter must involve a formal exercise of governmental power, similar in

nature to a lawsuit before a court, a determination before an agency, or a hearing before a

committee.  The question or matter must be something that may by law be brought before or

may, at some time, be pending before a public official.  That means something within the

specific duties of an official's position—the function conferred by the authority of his or her

office.  The question or matter must also be something that is circumscribed, specific, focused,

---

(8) The law says that a *quid pro quo* need not be "express," but it does not say that it need not be
"explicit," and recent Second Circuit authority holds that the *quid pro quo* in bribery cases must
always be "explicit."  *United States v. Benjamin*, 95 F.4th 60, 68, 71 (2d Cir. 2024).

and concrete, for example, the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete.  The matter may be pending either before the public official who is alleged to have accepted the bribe or before another public official.

The decision or action may include using one's official position to exert pressure on another public official to perform or not perform an official act; I will define "pressure" for you in a moment.  It may also include using one's official position to provide advice to another public official, knowing or intending that such advice will form the basis for an official act by another public official. I will define that term – advice – for you in a moment as well.  These dDecisions or actions do not need to be specifically described in any law, rule, or job description to be considered to be an "official act."  Official action can include both the exercise of formal official influence (such as a legislator's votes on legislation) and informal official influence (such as a legislator's behind-the-scenes influence on other public officials).  However, not every action taken by a public official qualifies as a "decision" on a pending "question or matter" such that it would be an "official act."  Some examples of actions that are *not*, without more, "official acts" are setting up a meeting, talking with a lobbyist or another official, organizing an event, or expressing support for an action, decision, or idea, without more.  Without more, those activities do not constitute a "decision" on a "question or matter" and are therefore not "official acts."  That is not to say that sort of activity is not relevant.  For example, sSuch activity may be evidence of an agreement to take official acts or to advise or pressure another official to take official acts.

An official act must involve a decision, an action, or an agreement to make a decision or

67

to take action on a specific matter.  The decision or action may include using one's official position to exert pressure on another to perform or not perform an official act.  It may also include using one's official position to provide advice to another, knowing or intending that such advice will form the basis for an official act by another.

The decision or action must be made on a question or matter that involves a formal exercise of governmental power.  That means that the question or matter must be specific, focused, and concrete—for example, the kind of thing that could be put on an agenda and then checked off as complete.  It must be something that may by law be brought before a public official or may, at some time, be pending before a public official, but not necessarily the official who is alleged to have demanded, received, or accepted a bribe.

**Corrupt Intent**

**"In Exchange For"** "Corrupt intent" means to act with an improper motive or purpose. The defendant must have demanded, sought, received, or agreed to receive a thing of value with the improper motive or purpose of a public official being corruptly influenced in the performance or non-performance of an official act.  This involves conscious wrongdoing or, as it has sometimes been described, a bad state of mind, although the defendant need not be aware of the specific law that he or she is charged with violating.

The party demanding or receiving a thing of value may have a different intent from the party giving it.  Therefore, you must decide the intent of the receiver separately from the intent of the giver.  In considering this element, remember that it is the intent at least in part for a public official to be influenced which is important, not the subsequent actions, if any, of the public

68

official.

Keep in mind that direct proof of intent is almost never available. Nor is it required. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you have before you evidence of certain acts, conversations, and statements alleged to have been made by, with, or in the presence of one or more of the defendants and others. The ultimate facts of knowledge and criminal intent may be established by words, conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct. It would be a rare case in which it could be shown that someone wrote or stated that, as of a given time in the past, he committed an act with corrupt intent. Rather, corrupt intent usually is established by circumstantial evidence of a person's state of mind, including proof of a person's words and conduct, and the logical inferences that can be drawn from that proof.

Bribery involves an exchange of a thing or things of value for official action by a public official, in other words, a "*quid pro quo*"—just a Latin phrase meaning "this for that" or "these for those." This is a phrase I'll be using during the discussion of the bribery charges as well as the honest services wire fraud and extortion charges. To prove a *quid pro quo*, the Government must show both (1) there was a particular question or matter on which the official promised to act in exchange for the thing of value and (2) that the particular question or matter was identified and agreed upon at the time the public official, here Senator Menendez, accepted, or agreed to accept the payment or benefit. Accordingly, to prove the *quid pro quo* element, the Government

must show that, at the moment at which the public official is alleged to have accepted or agreed to accept the thing of value, the particular question or matter he is being asked to influence has been identified and agreed upon.  The particular question or matter must, at a minimum, be a promise to influence a focused, concrete, and specific question or matter that involves a formal exercise of governmental power.  It is not sufficient if the public official simply promised to take some or any official action.  If the government does not make this showing, it has not proved this element of bribery beyond a reasonable doubt.

The Government must prove that the defendant you are considering demanded, sought, received, or agreed for a public official to receive a thing of value in exchange for the promise or performance or non-performance of an official act.  A *quid quo pro* must be explicit—that is, it must be clear and unambiguous.  But a *quid pro quo* need not be express or stated; otherwise, the law could be frustrated by knowing winks and nods.  Rather, the solicitation or receipt of a thing of value in ~~return~~ exchange for an official act can be implied from words and actions, so long as you find that the defendant you are considering understood at the time that a thing of value was being sought or given or received in exchange for the promise or agreement of a public official to be influenced ~~in the performance or non-performance of~~to perform or not perform an official act.  It is not ~~even~~ necessary that the public official in fact performed or had the actual authority or ability to perform the act which the defendant you are considering promised or sought the public official to perform.  But it is necessary that—at the particular time that the official accepted a thing of value—it was understood as a payment in exchange for official action on some specific, focused, and concrete matter involving the formal exercise of governmental

power.

      To that end, bBribery requires an intent to effect an exchange of money or other thing of value for official action—, but each payment need not be ~~correlated with~~for a specific official act. ~~The requirement that there be payment of a thing of value in return for the agreement to perform an official act is satisfied so~~Instead, the Government must identify a particular question or matter to be influenced.  So long as the evidence shows a "course of conduct" of things of value flowing to a public official that is in exchange for ~~a pattern of~~ official action on a particular question or matter to be influenced, this requirement of bribery is satisfied~~favorable to or for the benefit of the person who provided a thing of value~~.  In other words, a public official must do more than promise to take some or any official action beneficial to the payor as the opportunity to do so arises; he must promise to take official action on a *particular* question or matter as the opportunity to influence that same question or matter arises.  In that sense, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  ~~Further,~~But it ~~is not necessary for the Government to prove that the public official intended to perform a set number of official acts, or any, in return for the payments.  Thus, all that~~must be shown ~~is~~that payments were demanded or sought or received in exchange for a specific type of official action in return and that the specific type of official action was identified at the time the payment was~~.  For example, payments may be~~ demanded, or sought, or received ~~with the intent to retain the official's services on an "as needed" basis, so that whenever the opportunity presents itself the public official will take specific official actions on the giver's behalf~~.

      Also, because people rarely act for a single purpose, the Government is not required to

71

prove that the defendant you are considering acted *solely* in ~~return~~ exchange for a thing of value. Rather, this element is satisfied if the Government proves that the defendant you are considering demanded, sought, received, or agreed for a public official to receive a thing of value ~~with the intention~~, at least in part, in exchange for~~of~~ a public official being influenced in the performance of any official act. ~~In other words, it is no defense that the defendant acted because of both proper and improper motives, and the defendant you are considering may have a corrupt intent even if he or she possessed both an unlawful intent to seek or receive a bribe and some other noncriminal intent. This element can be satisfied regardless of whether the parties to the exchange had a prior relationship. Nor does it matter who initiated the exchange.~~

Please note that although I will refer to "official acts,"~~ or "official action,"~~ this element can also be satisfied if the bribe was demanded or sought or received ~~by~~in exchange for influencing the public official to *refrain* from taking ~~official action~~an official act. Put differently, a *quid pro quo* can either involve taking an official act ~~that is beneficial to the payor~~, or refraining from taking ~~official action that would be detrimental to the payor~~an official act. For ease of reference, I will refer to both as "official acts."~~ or "official action."~~

Keep in mind that, in considering this element, it is whether the defendant you are considering intended for a public official to demand or receive a bribe in ~~return~~exchange for being influenced in the performance of an official act that is important, not what actually happened later. It is not a defense that the public official would have performed a particular official act without the influence of a thing of value. In other words, it is not a defense that, had there been no bribe, the public official might have taken the same action anyway, or that the acts

72

or promises sought or taken were lawful, desirable, or beneficial to the public; the defendant is guilty of demanding or accepting or agreeing to accept a thing of value even if he or she would have, for other reasons, taken the same action for which that thing of value was sought, demanded, or received or agreed to be received.  If, however, you conclude that the public official would have taken the same action regardless of anything of value, you may consider that as evidence that the public official did not demand, accept, or agree to accept a thing of value in exchange for being influenced in the performance of any official act.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 16-13, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo, et al.*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2038-40); the Hon. Mae A. D'Agostino in *United States v. Figueroa*, 23 Cr. 161 (MAD) (S.D.N.Y. Dec. 4, 2023) (Tr. 903-06); the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2044); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3008).  *See also McDonnell v. United States*, 579 U.S. 550, 572-73 (2016) (explaining that a *quid pro quo* "need not be explicit" and may exist regardless of whether a public official actually performs promised acts); *United States v. Benjamin*, 95 F.4th 60, 68 (2d Cir. 2024) (a *quid pro quo* may be "implied from the official's and the payor's words and actions"); *United States v. Rosen*, 716 F.3d 691, 701 (2d Cir. 2013) ("Outside the unique context of campaign contributions . . . we have not, in the context of bribery cases, required proof of an express promise regarding the specific official acts to be undertaken as part of the exchange."); *United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015) ("'Nudge, nudge, wink, wink, you know what I mean' can amount to extortion under the Hobbs Act."); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (a public official "is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Birdsall*, 233 U.S. 223, 230-31 (1914) ("To constitute it official action, it was not necessary that it should be prescribed by statute; it was sufficient that it was governed by a lawful requirement of the Department under whose authority the officer was acting. [. . . ] Nor was it necessary that the requirement should be prescribed by a written rule or regulation. It might also be found in an established usage which constituted the common law of the Department and fixed the duties of those engaged in its activities. In numerous instances, duties not completely defined by written rules are clearly established by settled practice, and action taken in the course of their performance must be regarded as within the provisions of the above-mentioned statutes against bribery."); *United States v. Technodyne LLC*, 753 F.3d

368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose."); *United States v. Wright*, 665 F.3d 560, 572 (3d Cir. 2012) (defendant's friendship motive was not a bar to conviction); *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that was partial motivation for a transaction that is corrupt in part does not insulate participants in an unlawful transaction from criminal liability); *United States v. Ng Lap Seng*, 934 F.3d 110, 142 (2d Cir. 2019) ("When a statute uses the word 'corruptly,' the government must prove more than the general intent necessary for most crimes.  It must prove that a defendant acted 'with the bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means.'" (quoting *United States v. McElroy*, 910 F.2d 1016, 1021 (2d Cir. 1990))); *United States v. Biaggi*, 853 F.2d 89, 97 (2d Cir. 1988) (quoting *Birdsall*, 233 U.S. at 31) (observing that, "[i]n determining whether recommendations by the federal employees were part of their official duties, . . . conduct could constitute official action even though it was not prescribed by statute or written rule or regulation" and "[t]he scope of official conduct may be found, in addition, in 'established usage'"); *United States v. Ganim*, 510 F.3d 134, 144-47 (2d Cir. 2007); *Rosen*, 716 F.3d at 700 ("We have made it crystal clear that the federal bribery . . . statutes . . . criminalize 'scheme[s] involving payments at regular intervals in exchange for specific official [ ] acts as the opportunities to commit those acts arise,' even if 'the opportunity to undertake the requested act has not arisen . . . and even if the payment is not exchanged for a particular act but given with the expectation that the official will 'exercise particular kinds of influence.'" (quoting *Ganim*, 510 F.3d at 147 and *United States v. Coyne*, 4 F.3d 100, 114 (2d Cir. 1993))); *United States v. Silver*, 948 F.3d 538, 551-52 (2d Cir. 2020) (holding that an express or implied "promise to perform an official act in exchange for payment" amounts to a *quid pro quo*, and "it is not necessary that the public official in fact intend to perform the contemplated official act." (internal quotation marks and brackets omitted)); *see also id.* at 552 ("[T]he phrase being influenced, as used in § 201(b)(2)(A), does not describe the public official's true intent, it describes the intention he conveys to the briber in exchange for the bribe." (internal quotation marks and brackets omitted)); *United States v. Myers*, 692 F.2d 823, 842 (2d Cir. 1982) ("If Myers was 'playacting' and giving false promises of assistance to people he believed were offering him money to influence his official actions, he violated the bribery statute."); *United States v. Calk*, 87 F.4th 164, 181 (2d Cir. 2023) ("a correct outcome does not cleanse a corrupt decision-making process"); *cf. United States v. McCormick*, 500 U.S. 257, 273 (1991) (discussing, in relation to Hobbs Act extortion, whether "the payments are made in return for an explicit promise or undertaking by the official to perform *or not to perform* an official act" (emphasis added)); *see also United States v. Menendez*, 291 F. Supp. 3d 606, 615-16 (D.N.J. 2018) ("*McDonnell* neither abolished the stream of benefits theory nor held that an official act that is the object of an illegal *quid pro quo* agreement must be identified at the time the agreement is made. It merely narrowed the definition of 'official act'; the opinion says nothing new about what nexus

must be shown between a thing of value and an official act. . . . Against the backdrop of established Third Circuit authority approving the stream of benefits theory, *McDonnell*'s silence regarding that theory cannot be its death knell.").



**47.    "OFFICIAL ACT" – " PRESSURE" EXPLAINED** [16]

"Pressure" and "advice" have specific meanings in the context of a bribery case.  As the word is used here, a public official like Senator Menendez exerts "pressure" if he uses his official authority to threaten, coerce, or similarly apply force on another public official to take an official act.  For example, a Senator could exert pressure on an agency official by threatening to withhold the agency's funds, or threatening to invoke oversight authority over the agency.

When considering whether Senator Menendez used his office to exert pressure, you must consider what the Senator actually did—not simply his title or position.  Just because a public official holds a position of authority does not mean that everything he does amounts to pressure. In other words, the fact that Senator Menendez may be influential because of his office does not itself mean he used his office to exert pressure.  Rather, Senator Menendez must have used his power to threaten, coerce, or similarly apply force on another public official to take an official act.  If you find that Senator Menendez did not use his public authority to threaten, coerce, or similarly apply force on another public official to take an official act, then you should conclude that he did not use his office to exert pressure.

Adapted from the Fifth Circuit's Pattern Jury Instructions for Criminal Cases, § 2.09B (2019) (explaining a public official must "us[e] his official position to exert pressure on another official to perform an 'official act'"), and also caselaw interpreting *McDonnell.  See United States v. Silver*, 864 F.3d 102, 120-21 (2d Cir. 2017) (legislator's efforts to secure a job for his benefactor's son at a state-funded non-profit did not constitute "pressure" where there was "no evidence in the record" that the legislator "threated to withhold [the non-profit's] funding" if it refused to comply); *United States v. Menendez*, 291 F. Supp. 3d 606, 619

---

[16] Explanation for change:  In light of the centrality of the "pressure" and "advice" concepts to this case, Senator Menendez submits that additional guidance to the jury as to the meaning of those terms is necessary.



(D.N.J. 2018) ("[E]xerting pressure is an official act only when the official uses his 'official position.'"); *United States v. Jefferson*, 289 F. Supp. 3d 717, 739 n.23 (E.D. Va. 2017) (*McDonnell* rejects the idea that "a call from a Congressman" is "*ipso facto* ... pressure."); *see also United States v. Urciuoli*, 513 F.3d 290, 296 (1st Cir. 2008) (pre-*McDonnell* decision explaining that official action includes trying "deliberately to exploit [his] leverage" such as by "invok[ing] any purported oversight authority").  This instruction is also based on *McDonnell* itself, which rejected the government's argument that official action "encompasses nearly any activity by a public official."  579 U.S. at 566-71.  A public official's acts are not transformed into "official" ones simply because the official possesses "the reputation, network, and influence that comes with political office."  *Urciuoli*, 513 F.3d at 296.

## 48.    "OFFICIAL ACT" – "ADVICE" EXPLAINED

"Advice," as the word is used in this context, does not mean simply expressing a view or position on a matter.  Rather, a public official like Senator Menendez provides "advice" only when, as part of his official duties, he makes a recommendation to another public official, with the intent or expectation that the other official will rely on that recommendation as the basis of his own official act.  If a Senator makes a request or recommendation outside the scope of his official duties, or without the intent or expectation that the recipient would rely on that recommendation as the basis for his own official act, that is not "advice" or official action.

Accordingly, in determining whether Senator Menendez took official action by providing "advice" on a given matter, you should consider whether he was acting within his official duties in doing so.  You should also consider whether Senator Menendez intended or expected that the recipient of his advice would necessarily rely on it as the basis for his own official action.  In considering whether the recipient would necessarily rely on Senator Menendez's recommendation, you should consider whether the Senator was more directly acquainted than the other official with the facts and circumstances of the governmental matter at issue.

> Adapted from *McDonnell*, 579 U.S. at 571-73, which in turn cited *United States v. Birdsall*, 233 U.S. 223 (1914), to explain when a public official's "advice" to another official qualifies as an official act.  Under both *McDonnell* and *Birdsall*, a public official provides "official advice" when it is his official duty to provide such advice to another public official as part of a formal decision-making process, and the responsible official will "necessarily rely" on that advice as the basis for a decision.  *See McDonnell*, 579 U.S. at 572; *Birdsall*, 233 U.S. at 234; *see, e.g., Silver*, 864 F.3d at 122 (not treating state legislator's written opposition to a methadone clinic as advice, as he never "formally used his power as Speaker ... to oppose the clinic"); *United States v. Repak*, 852 F.3d 230, 254 (3d Cir. 2017) (defendant engaged in official act because "in his capacity as the [agency] Executive Director, [he] made recommendations to the [agency] Board of

Directors as to which contractors should be used on specific projects");
*Menendez*, 291 F. Supp. 3d at 619 ("[P]roviding advice can be an official act only
when the official knows or intends such advice will form the basis for an official
act.") (cleaned up).



### 49.    "OFFICIAL ACT" – WHAT IT EXCLUDES[17]

Not everything that a public official like Senator Menendez does in his official capacity is an "official act."  Under the law, certain actions by public officials are not considered official acts, even if performed in an official capacity.  Accordingly, even if you think it is inappropriate or distasteful, a public official does not commit the crime of bribery by accepting gifts or other consideration in exchange for non-official acts.

For example, the following acts are not, without more, official acts: meeting with other officials, speaking with interested parties, or expressing support for (or opposition to) a course of action;[18] setting up a meeting, making a call, or talking to another official;[19] giving a speech, writing an op-ed, or issuing a press release;[20] lobbying government agencies or advocating for

---

[17] Explanation for change:  Given that the boundaries of the term "official act" is not intuitively obvious to a layperson, Defendants propose that an instruction on what the term "official act" excludes be included.

[18] *McDonnell*, 579 U.S. at 571-72 ("meeting with other officials," "speaking with interested parties," or "[s]imply expressing support" for a course of action "at a meeting, event, or call" are not, without more, official acts).

[19] *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instruction No. 50.2 (setting up a meeting or talking to another official, without more, are not official acts).

[20] *Ninth Circuit Manual of Model Criminal Jury Instructions*, No. 8.11A (giving a speech is not an official act); *United States v. Gilbert*, 2018 WL 2095853, at *5 (N.D. Ala. 2018) (an "op-ed in a newspaper or a press release," standing alone, do not amount an "official act").

constituents;[21] taking a public position on an issue;[22] or sending a letter on official stationery.[23] To be clear, these acts could be evidence of an agreement to take an official act—depending, for example, on what was said at the meeting, on the call, or in the letter.  But these actions standing alone are not, without more, official acts.

This all may come as a surprise to you, and you may even feel uncomfortable with the idea that someone can give a public official something of value in exchange for these types of assistance—but, under the law, doing so is not the federal crime of bribery.

> Adapted from *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 405-12 (1999).  *See McDonnell*, 579 U.S. at 566-71 (relying on *Sun-Diamond* to reject the government's argument that "the term 'official act' ... encompasses nearly any activity by a public official"); *United States v. Jefferson*, 674 F.3d 332, 356 (4th Cir. 2012) ("Put simply, we agree with *Sun-Diamond* ... that the bribery statute does not encompass every action taken in one's official capacity.").  This instruction is also based on *McDonnell*, 579 U.S. at 580 ("There is no doubt that this case is distasteful; it may be worse than that.  But our concern is not with tawdry tales of Ferraris, Rolexes, and ball gowns ....").  Authority for the specific examples of non-official acts is provided in the footnotes.

---

[21] *United States v. Boyland*, 862 F.3d 279, 290 (2d Cir. 2017) (agreeing with the government's concession that "lobbying other government agencies" and "advocating for ... constituents" are not, "without more," official acts under *McDonnell*).

[22] *United States v. Silver*, 864 F.3d 102, 122 (2d Cir. 2017) ("[t]aking a public position on an issue, by itself, is not a formal exercise of government power, and is therefore not an 'official act' under *McDonnell*").

[23] *Silver*, 864 F.3d at 120 ("using government letterhead is not, by itself, a formal exercise of government power on a matter similar to a hearing or lawsuit"); *Jefferson*, 289 F. Supp. 3d at 738-39 (no official action where congressman sent letters on official letterhead to State Department).

**50.    BRIBERY – GOODWILL GIFTS[24]**

Not every gift or thing of value given to a public official like Senator Menendez amounts to a bribe.  Under the law, giving a gift or thing of value to a public official because of his office, to cultivate friendship, or to build goodwill in hopes of ultimately affecting one or more unspecified official acts, now or in the future, is not federal bribery.  For bribery, there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act, as I have defined for you a few minutes ago.

Payments, sometimes referred to as goodwill gifts, made with no more than some generalized hope or expectation of ultimate benefit on the part of the donor are thus not bribes, since they are made neither with the intent to engage in a relatively specific *quid pro quo* with an official nor for or because of a specified official act.  As to each Defendant, you should consider whether that Defendant intentionally gave or received the gift as part of an intended exchange for an official act by Senator Menendez.  Thus, if you find that any Defendant gave a thing of value to Senator Menendez or his wife as a show of goodwill or, for example, as a token of friendship, but not in exchange for an official act, then you must acquit Defendants on the federal bribery counts.

Adapted from the District of South Carolina's Pattern Jury Instructions for Criminal Cases, at 41 (2024), and also the Supreme Court's decision in *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 405-08 (1999); *see also, e.g., United States v. Dimora*, 750 F.3d 619, 625 (6th Cir. 2014) ("efforts to buy favor or generalized goodwill do not necessarily amount to bribery" and gifts exchanged solely to cultivate friendship are not bribes); *United States v. Ring*,

_____

[24] Explanation for change:  Given that the legal boundaries of "bribery" may not be not intuitively obvious to a layperson, Defendants propose the addition of an instruction on its exclusion of "goodwill gifts."

706 F.3d 460, 464 (D.C. Cir. 2013) ("The line between legal lobbying and criminal conduct is crossed, however, when a gift possesses a particular link to official acts."); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("The key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action."); *United States v. Jennings*, 160 F.3d 1006, 1020-21 & n.5 (4th Cir. 1998) ("goodwill gifts are [not] bribes … since they are made *neither* with the intent to engage in a relatively specific quid pro quo with an official *nor* for or because of a specific official act (or omission)"); *United States v. Costanzo*, No. 22-cr-281-JPO, ECF No. 170, at 26 (S.D.N.Y. Nov. 8, 2023) (jury charge) ("An alleged quid pro quo is not proven if you find that something of value was given to or accepted by a public official solely out of friendship or some other motive unrelated to inducing a violation of the public official's official duty.").

**51.    COUNTS FIVE AND ELEVEN: DEMANDING, RECEIVING, AND ACCEPTING A BRIBE AS A PUBLIC OFFICIAL (FOURTH ELEMENT)[25]**

The fourth element is that the defendant you are considering acted with corrupt intent. "Corrupt intent" means to act with a wrongful, immoral, depraved, or evil motive or purpose. The defendant must have demanded, sought, received, or agreed to receive a thing of value with the wrongful, immoral, depraved, or evil motive or purpose of a public official being corruptly influenced in the performance of an official act.  This involves conscious wrongdoing or, as it has sometimes been described, a bad state of mind, although the defendant need not be aware of the specific law that he or she is charged with violating.

The party demanding or receiving a thing of value may have a different intent from the party giving it or any other party involved in the alleged offense.  Therefore, you must decide the intent of each defendant separately.

Adapted from *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005). The Solicitor General also recently represented that this is the proper definition of "corruptly" to use in a bribery or gratuity case.  See Br. for U.S. at 38-39, *Snyder v. United States*, No. 23-108 (U.S.).

---

[25] Explanation for change:  As mentioned, Defendants object to any jury instructions that conflate the distinct *actus reus* and *mens rea* elements of an offense.  This proposed instruction separates out the *mens rea* element.

### III.  SUBSTANTIVE INSTRUCTIONS – COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE

**46.52.  Counts Six and Twelve: Offer or Payment of a Bribe To a Public Official (Purpose and Elements of the Statute)[26]**

We have been discussing the charges related to a public official demanding or accepting a bribe, and I will now turn to the charges related to offering or paying a bribe to a public official. Counts Six and Twelve charge defendants Wael Hana and Fred Daibes with offering or paying bribes to a public official.

Count Six alleges that from at least in or about 2018 through in or about 2023, Hana and Daibes offered and provided bribes to Robert Menendez, who was a public official, directly and through Nadine Menendez, in connection with in exchange for certain official actions benefiting the Government of Egypt and benefiting Hana.  Count Twelve alleges that from at least in or about 2018 through in or about 2023, Daibes offered and provided bribes to Robert Menendez, who was a public official, directly and through Nadine Menendez, in connection within exchange for certain official actions to benefit Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

In order to establish that defendants Hana and Daibes are guilty of the crime charged in Count Six or that Daibes is guilty of the crime charged in Count Twelve, the Government must prove beyond a reasonable doubt the following three elements:

---

[26] Explanation for change:  As explained above, Defendants object to the use of "in connection with" language, which is overbroad and does not reflect what the law actually requires.  *See McDonnell*, 579 U.S. at 574.  Defendants also propose additional changes to streamline the jury's focus on the elements of this offense.

*First*, that on or about the dates in the Indictment, the defendant you are considering offered, promised, or gave money or something else of value to or for the benefit of a public official;

*Second*, that the person who received or benefited from the thing of value was then a public official; and

*Third*, that the defendant did so with the corrupt intent to influence an official act as part of a *quid pro quo*, as I have already defined.

Adapted from Sand, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 16-1, 16-3; and the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2041-42).

**47.53.  Counts Six and Twelve: Offer or Payment of a Bribe To a Public Official (First Element)[27]**

The first element is that the defendant you are considering offered, promised, or gave money or something else of value to a public official or for the benefit of a public official.

~~The law makes no distinction between offering, promising, giving, or agreeing to give a thing of value; the mere offer or promise of a thing of value is just as much a crime as the actual giving of one.~~

It is not necessary that the payment have been made at all, or, if made, that it be made directly to the public official, but the Government's evidence must establish. ~~Rather, it is sufficient~~ that the defendant you are considering understood or believed that the payment or thing of value was offered, promised, or given to a family member or another person or entity at the public official's direction or with the public official's approval or for that public official's indirect benefit.  However, that payment was not made is relevant, and may be considered in determining whether the defendant you are considering offered or promised such payment.

> Adapted from *Sand, et al.*, Modern Federal Jury Instructions, Instr. 16-5, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2042); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3006-07); *see United States v. DeMizio*, 741 F.3d 373, 382 (2d Cir. 2014) ("[P]ayoff schemes have been viewed as involving kickbacks when the defendant

---

[27] Explanation for changes:  Defendants propose edits to streamline this instruction; the second sentence of the Government's instruction is duplicative of the first sentence.  Additionally, Defendants propose clarification as to the range of evidence that may bear on the jury's consideration:  The absence of a fact is probative of determine whether there was an agreement about that fact.  *See United States v. Jackson*, 371 F. Supp. 3d 257 (E.D. Va. 2019 ("Thus, the fact that [the public official] did not perform official acts demonstrates that [the alleged briber] did not give, offer, or promise anything of value to [the public official], or conspire to do so, with the intent to influence official acts.").

has directed that the contracting party's profit be shared with family, friends, or others loyal to the defendant."); *see also* 18 U.S.C. § 201(b)(1) (prohibiting "directly or indirectly" offering or promising a bribe to a public official or offering or promising the public official to give the bribe to "any other person or entity" ).



**48.54.  COUNTS SIX AND TWELVE: OFFER OR PAYMENT OF A BRIBE TO A PUBLIC OFFICIAL (SECOND ELEMENT)**

The second element that the Government must prove beyond a reasonable doubt is that

Robert Menendez was a public official.  As I already instructed you, as a matter of law, a United

States Senator is a "public official."

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 16-4, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2042).

**49.55.  C**OUNTS **S**IX AND **T**WELVE: **O**FFER OR **P**AYMENT OF A **B**RIBE **T**O A **P**UBLIC **O**FFICIAL **(T**HIRD **E**LEMENT**)** [28]

The third element is that the defendant you are considering gave, promised, or offered money or some other thing of value to a public official (or, as noted above, to another person or entity at the public official's direction or for the public official's indirect benefit) with the corrupt intent to influence any official act.

Because I have already instructed you regarding what "official act," "*quid pro quo*," and "corrupt intent" mean in this context, I will not do so in detail now.  You should apply the same instructions that I gave you earlier regarding the concept of those terms.

As a reminder, in considering whether a defendant offered, promised, or gave something of value to a public official (or offered or promised the public official to give something of value to another person or entity) with the corrupt intent to influence an official act, remember that it is the intent of the giver to influence the public official's actions, and not any subsequent actions by the public official, that is important.  Thus, the Government does not have to prove that the public official actually accepted the bribe offered, or even knew about it, or that the bribe actually influenced the public official, or that the public official actually ever intended to or even could perform the act sought.  It also does not matter if the public official would have performed the act anyway.  It is not even necessary that the public official who received the payment, if it was made, had the authority or ability to perform or in fact performed the act which the

---

[28] Explanation for changes:  Defendants object to the inclusion of the final two paragraphs of this instruction, which are duplicative of prior instructions except to add "reminders" of glosses favoring the prosecution.  If the prior instructions suffice, it is unnecessary to add any additional reminders.

~~defendant you are considering sought.~~

~~Finally, the Government does not have to prove that, at the time of the payment, the public official or anyone else promised a particular act.  It is sufficient if the defendant you are considering intended that public official would, as a result of the payment, take official acts as specific opportunities arose.~~

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 16-6, and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2043); *see United States v. Fernandez*, No. 19-15044, 2022 WL 3581793, at *5 (11th Cir. Aug. 22, 2022) ("The question of what responsibilities constituted [the defendant]'s 'official duties' was a factual one for the jury."); *United States v. Alfisi*, 308 F.3d 144, 151–52 (2d Cir. 2002) ("For example, if a party to litigation were to pay a judge money in exchange for a favorable decision, that conduct would—and should—constitute bribery, even if a trier of fact might conclude ex post that the judgment was on the merits legally proper.").  *See also McDonnell v. United States*, 579 550, 572–73 (2016) (explaining public official need not carry out promised act); *United States v. Rosen*, 716 F.3d 691, 700 (2d Cir. 2013) ("We have made it crystal clear that the federal bribery . . . statutes . . . criminalize 'scheme[s] involving payments at regular intervals in exchange for specific official [ ] acts as the opportunities to commit those acts arise,' even if 'the opportunity to undertake the requested act has not arisen . . . and even if the payment is not exchanged for a particular act but given with the expectation that the official will 'exercise particular kinds of influence.'" (quoting *Ganim*, 510 F.3d at 147 and *United States v. Coyne*, 4 F.3d 100, 114 (2d Cir. 1993))); *United States v. Myers*, 692 F.2d 823, 842 (2d Cir. 1982) ("If Myers was 'playacting' and giving false promises of assistance to people he believed were offering him money to influence his official actions, he violated the bribery statute."); *United States v. Silver*, 948 F.3d 538, 551 (2d Cir. 2020) ("it is not necessary that the public official in fact intend to perform the contemplated official act.").

91

**56.    COUNT SIX: UNANIMITY OF THEORY [29]**

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  Count Six alleges that Hana and Daibes committed bribery regarding actions to benefit Hana and Egypt. In this count, the government has alleged that the defendants engaged in two bribery schemes: the first relating to payments to obtain certain benefits for Egypt, including foreign military sales and financing, and the second to protect a business monopoly granted to IS EG Halal. You cannot convict any of the defendants on these counts unless you are unanimous that the government has proven its case beyond a reasonable doubt as to the same alleged bribery scheme.

For example, if half of the jury finds beyond a reasonable doubt only that the charged defendants engaged in bribes relating to obtaining foreign military sales and financing, while the

---

[29] Explanation for change:  A unanimity instruction is necessary for this count to ensure that the jury is unanimous as to the factual basis for conviction.  To be sure, it is true that "[i]n the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability.  Fifth Circuit Pattern Instruction 1.27; *see United States v. Creech*, 408 F.3d 264, 268 (5th Cir. 2005); *United States v. Meshack*, 225 F.3d 556, 579–80 (5th Cir. 2000). But "such an instruction is insufficient if 'there exists a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts.'" *Creech*, 408 F.3d at 268 (quoting *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991)); *see also United States v. Villegas*, 494 F.3d 513, 515-16 (5th Cir. 2007); *United States v. Moreno*, 227 F. App'x 361, 362-63 (5th Cir. 2007). An instruction that was similar to this instruction was found sufficient to guard against a non-unanimous verdict in *United States v. Mauskar*, 557 F.3d 219, 226-27 (5th Cir. 2009). The Second Circuit likewise encourages more specific unanimity instructions when needed to avoid "a genuine danger of jury confusion," United States v. Schiff, 801 F.2d 108, 115 (2d Cir. 1986), which is the case here given that multiple charges exist in this count. *See also* ECF 180 (Gov't Opposition Brief) at 96 ("And the need for a unanimous verdict, of course, can and should be addressed by jury instructions."); ECF 271 (Gov't Opposition Brief) at 7, 9, 10 ("[T]he need for a unanimous verdict can and should be addressed through jury instructions, not dismissal.")

other half of the jury finds beyond a reasonable doubt only that they engaged in bribes relating to IS EG Halal, there would be no unanimity as to the theory of criminality, and the jury must find the defendants not guilty.

The government does not have to prove all of these theories of liability for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one liability theory is enough. But in order to return a guilty verdict, all of you must agree unanimously that the same theory has been proved.

## IV.   SUBSTANTIVE INSTRUCTIONS – COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD

50.57.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD [30]

I am now going to turn to a new set of counts.  Counts Seven, Nine, and Thirteen each allege that certain defendants committed honest services wire fraud.

Count Seven alleges that from at least in or about 2018 through in or about 2023, Robert Menendez, Hana, and Daibes participated in a scheme to defraud the public, in connection with by paying bribes to Robert Menendez, in exchange for Robert Menendez taking or not taking certain actions that deprived the public of the right of Menendez's honest services in connection with certain actions benefiting the Government of Egypt and Hana.

Count Nine alleges that from at least in or about 2018 through in or about 2023, Robert Menendez and Hana participated in a scheme to defraud the public, in connection with by paying bribes to Robert Menendez, in exchange for Robert Menendez taking or not taking certain actions that deprived the public of the right of Robert Menendez's honest services in connection with certain actions benefiting an individual named Jose Uribe and Uribe's associates.

Count Thirteen alleges that from at least in or about 2018 through in or about 2023, Robert Menendez and Daibes participated in a scheme to defraud the public, in connection with by paying bribes to Robert Menendez, in exchange for Robert Menendez taking or not taking certain actions that deprived the public of the right of Robert Menendez's honest services

---

[30] Explanation for changes:  The legal standard does not require a scheme merely "in connection with" paying bribes; the question is whether the defendants participated "by" paying bribes.  *See McDonnell*, 579 U.S. at 566-67, 574.

in connection with certain actions to benefit Daibes and to assist Daibes by acting for the benefit

of the Government of Qatar.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-1; and the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2058).



### 51.58.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (ELEMENTS OF THE OFFENSE)

In order to establish the offense of honest services wire fraud, the Government must prove the following four elements beyond a reasonable doubt:

First, that the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of Robert Menendez as a U.S. Senator and the Chairman or Ranking Member of the Senate Foreign Relations Committee through bribery;

Second, that the defendant acted knowingly with an intent to defraud;

Third, the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense, or concealment of fact; and

Fourth, that in advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of an interstate or international wire communication.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-3; and the charges given by the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2039-40); the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2058-59); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2993-94).

**52.59.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (FIRST ELEMENT)**[31]

The first element of honest services wire fraud is the defendant knowingly deceived or participated in a scheme or artifice to defraud the public of its intangible right to a public official's honest services through bribery.

A public official owes a duty of honest and faithful service to the public he serves. Public officials owe a fiduciary duty to the public.  When a public official seeks or obtains a corrupt payment for himself or a third party in exchange for official action, that official has breached his duty of honest service.  This is because, although the person is outwardly purporting to be exercising independent judgment on behalf of the public, in fact, the person's actions have been paid for.  Thus, the public is not receiving what it expects and what it is entitled to, namely, its right to the person's honest and faithful services.  Additionally, the

---

[31] Explanation for changes:  The second paragraph of this instruction is unnecessary after *Skilling*, because bribery has been defined to constitute a deprivation of honest services.  Given that fact, introducing this obscure concept is unnecessary and potentially confusing.

Defendants have deleted material that merely repeats glosses on the elements that favor the prosecution and which have already been explained in the quid pro quo instructions that are incorporated by reference.  These one-sided reminders are inappropriate.

Finally, Defendants have deleted the paragraph suggesting a different definition of "official action" for this offense relative to § 201.  The § 201 instructions did not say that only federal officials can take official action, so there is no need for a qualification otherwise here.  While it is true that § 1346 applies to non-federal officials, the only public official who is a defendant in this case is a federal official.  To be convicted, he must have agreed to take official action, which was already defined to include using his office for pressure/advice to another official.  Moreover, as Senator Menendez has explained, he disagrees as a matter of law that a federal official can provide "advice" within the meaning of *McDonnell* to a non-federal official.  *See* ECF 120, at 19-21 (MTD); ECF 187, at 9-15 (Reply).

defendant himself need not be a public official: a private citizen, for instance, does not owe a duty of honest services to the public, but can be found guilty of honest services wire fraud if he or she devises or participates in a bribery scheme intended to deprive the public of its right to a public official's honest services.

Turning to the second part of this element, aA "scheme or artifice" is simply a plan to accomplish some goal.  For ease of reference, I am going to just use the term "scheme."

A scheme to defraud is any plan, device, or course of action to deprive another of the intangible right of honest services by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

To prove that a defendant engaged in a scheme to deprive of the public of the honest services of a public official through bribery, the Government must show a *quid pro quo*, that is, the exchange ofan agreement to exchange a thing or things of value for official action by a public official.  I previously explained what a *quid pro quo* is, and the instructions described earlier on a *quid pro quo* also apply here.  That is, as I described earlier, for the public official, the public official received, demanded, accepted, or agreed to accept a thing of value, in exchange for official action, whether or not the payor actually provides the thing of value, and whether or not the public official ultimately performs the requested official action or intends to do so or even could do so.  For the payor, bribery includes the offer or agreement to provide the thing of value to a public official in exchange for official action, whether or not the public official actually accepts the thing of value, or even knows about it, or agrees to perform the official action or even could do so.  A defendant can participate in bribery even if he or she did not initiate the

payments, as long as he ~~or she~~ participated in the scheme knowing that the payment was offered, demanded, or made in exchange for influencing or seeking to influence the public official's official actions.

I described earlier what "official action" means.   Those instructions apply here, ~~but with one difference.  In the bribery counts (that is, Counts Five, Six, Eleven, and Twelve) that I have already instructed you on, an official act is one performed or caused by a "public official" as I have defined it, which includes federal officials.  For the purposes of honest services wire fraud, an official act may also be performed or caused by a non-federal government official.  In all other respects, however, official action for the purposes of honest services wire fraud is the same as official action for the purposes of bribery.  In particular, just like with bribery, official action for the purposes of honest services wire fraud may include using one's official position to exert pressure on another to perform or not perform an official act.  So, for example, the use of one's official position to exert pressure on a *state* official to perform an official act is itself official action for the purposes of honest services wire fraud.  Similarly, using one's official position to provide advice to a state official, knowing or intending that such advice will form the basis for an official act by a state official, is official action for the purposes of honest services wire fraud.~~

~~The Government is not required to show that the public official demanded, performed, or promised to perform, an act solely because of the payment.  It is no defense that the public official or person offering or paying him acted because of both proper and improper motives.  It is no defense that the public official may have chosen to perform the same act even if he or she had not received, or been offered or promised, a bribe.  All that is required is that the public~~

99

official performed, or promised to perform, or agreed to perform the act in question at least in part because of a bribe, or, for the person offering or paying, that the offer or payment be offered or paid at least in part for the same reason.  A defendant may have the requisite intent to defraud even if he or she possesses a dual intent, such as an unlawful intent to demand or receive or offer bribes and a proper or neutral intent.

Similarly, as I explained before in relation to the bribery counts, it is not a defense that the acts or promises sought or taken were lawful, desirable, or beneficial to the public.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-4; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2059-61); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2993-94).  *See also, e.g.*, *Skilling v. United States*, 561 U.S. 358, 401 (2010) (in honest services wire fraud, the "actual deception that is practiced is in the continued representation of the employee to the employer that he is honest and loyal to the employer's interests"); *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part does not insulate participants in an unlawful transaction from criminal liability); *United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2003) (a public official acts corruptly even where the official's actions were legally correct and benefitted the public); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid.").

53.60.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (SECOND ELEMENT)[32]

The second element of honest services wire fraud is that the defendant participated in the scheme to defraud knowingly and with a specific intent to defraud.

A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Specific intent to defraud means to act knowingly and with the specific intent to deceive for the purpose of depriving the public of its right to a public official's honest services.  In other words, the deceit may consist of concealing or helping another to conceal the things of value that the public official has solicited or received or the public official's implicit false pretense that he faithfully is performing his official duties, including the duty not to accept payments or things of value in exchange for performing, or promising to perform, an act.  As I said previously, direct proof of a defendant's state of mind, including knowledge and fraudulent intent, is almost never available, and is not required.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with an intent to defraud.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her

---

[32] Explanation for changes:  Defendants propose removing language that is adequately addressed in the instruction on direct versus circumstantial evidence, and so is unnecessarily repetitive. Additionally, the list of examples of deceit should specify bribery involving "official acts," as opposed to bribery involving any "acts."  *See United States v. Silver*, 948 F.3d 538, 568 (2d Cir. 2020) ("Instead, the jury should have been instructed that, to convict on honest services fraud, the Government must prove that, at the time the bribe was accepted, Silver promised to take official action on a *specific and focused question or matter as* the opportunities to take such action arose.").

words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the official act.  The essential elements of the crime charged must be established beyond a reasonable doubt.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-5; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2061-63); the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2042-43); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3001-02).

## 54.61.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (THIRD ELEMENT)

The third element that the Government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact.

A representation, statement, false pretense, omission, or concealment of fact is "material" if it would naturally tend to lead or is capable of leading a reasonable person to change his or her conduct or is capable of influencing a decision or action by the public.  Put another way, a material fact is one which would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

It is not necessary that the Government prove that the public actually made a decision or took any action or suffered any financial or other measurable loss from the alleged scheme.  And it is not necessary for the Government to prove that the defendants realized any gain from it.  It is sufficient for the Government to prove that the public did not receive the honest and faithful services of Robert Menendez, as I have explained them above.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-4; and the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2063-64); *see also United States v. Rybicki,* 354 F.3d 124, 145 (2d Cir. 2003) (en banc) ("[T]he misrepresentation or omission at issue for an honest services fraud conviction must be 'material,' such that the misinformation or omission would naturally tend to lead or is capable of leading a reasonable employer to change its conduct.").

**55.62.  COUNTS SEVEN, NINE, AND THIRTEEN: HONEST SERVICES WIRE FRAUD (FOURTH ELEMENT)**

The fourth and final element that the Government must establish beyond a reasonable doubt is that interstate or international wire communications were used in furtherance of the scheme to defraud.

Wire communications include telephone calls, faxes, emails, text messages, and wire transfers between banks or other financial institutions or companies.  The wire communications must pass between two or more states or a state and the District of Columbia, or from outside the United States into the United States or vice versa.

It is not necessary for the defendant you are considering to directly or personally use any wire facility, or cause any wire, as long as such use is reasonably foreseeable in the execution of the alleged scheme to defraud.  In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused or expected the wires to be used by others; and this does not mean that the defendant himself or herself must have specifically authorized others to use a wire facility.  When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used.

The use of the wire need not itself be fraudulent.  Stated another way, the material wired need not contain any fraudulent representation, or even any request for money.  The use of the wires must, however, further or assist in carrying out the scheme to defraud.

Finally, if you find that the wire communication was reasonably foreseeable and that

the interstate wire use charged in the Indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

If you find that wire communications were used in furtherance of the scheme to defraud, you must be unanimous as to at least one of the particular interstate or international wire communications in furtherance of the scheme that occurred.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 44-7; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2064-65); the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2048); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3002-04).

### 63.    COUNT SEVEN: UNANIMITY OF THEORY [33]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  Count Seven alleges that the defendants committed honest services wire fraud to benefit Hana and Egypt.  In this count, as with Count Six above, the government has alleged that the defendants engaged in two bribery schemes: the first relating to payments to obtain certain benefits for Egypt, including foreign military sales and financing, and the second to protect a business monopoly granted to IS EG Halal. You cannot convict any of the defendants on these counts unless you are unanimous that the government has proven its case beyond a reasonable doubt as to the same alleged bribery scheme.  As I have explained with respect to Count Six, if the jury is not unanimous as to at least one scheme, you must find the defendants not guilty.

---

[33] Explanation for change:  As explained with respect to Count Six, a specific unanimity instruction is necessary here to avoid jury confusion given the multiple charges that exist for this count.

## V. SUBSTANTIVE INSTRUCTIONS – COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT

**~~56.~~64.  COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT** [34]

Counts Eight, Ten, and Fourteen of the Indictment charge Robert Menendez with obtaining one or more things under color of official right.

Count Eight relates to the alleged scheme by Robert Menendez to obtain things of value from Hana and Daibes in ~~connection with~~exchange for certain official actions benefiting the Government of Egypt and Hana.

Count Ten relates to the alleged scheme by Robert Menendez to obtain things of value from Hana and Jose Uribe in ~~connection with~~exchange for certain official actions benefiting Uribe and Uribe's associates.

Count Fourteen relates to the alleged scheme by Robert Menendez to obtain things of value from Daibes in ~~connection with~~exchange for certain official actions benefiting Daibes and to assist Daibes by acting for the benefit of the Government of Qatar.

The crime of extortion under color of official right is the use of one's position as a public official, or the authority of public office, to obtain money for oneself, or for another person, knowing the thing of value was made in exchange for ~~return for seeking~~ official acts.

---

[34] Explanation for changes:  The legal standard under the Hobbs Act is not "in connection with," but rather "in exchange for"; the Defendants have edited this instruction to use that phrase consistently.  *See Evans v. United States*, 504 U.S. 255, 259-60, 268-69 (1992); *United States v. Silver*, 864 F.3d 102, 111 (2d Cir. 2017).

In the context of extortion under color of official right, it is the public officer's official power that supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-18; and the charges given by the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2049-50); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2972); *see also United States v. Margiotta*, 688 F.2d 108, 130-32 (2d Cir. 1982), overruled on other grounds by *McNally v. United States*, 483 U.S. 350 (1987) ("The public officer's misuse of his office supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear. . . . The use of public office, with the authority to grant or withhold benefits, takes the place of pressure or threats."); *United States v. Butler*, 618 F.2d 411, 418 (6th Cir. 1980) ("The 'coercive' element on the part of the official, and the 'duress' or 'fear' element on the part of the 'victim' are implied from the public official's position of authority over the victim.").

## ~~57.~~65.  COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (ELEMENTS OF THE OFFENSE)

In order to establish that a defendant committed extortion under color of official right, the government must prove beyond a reasonable doubt the following four elements:

*First*, that Robert Menendez was a public official, or held public office during the relevant time period;

*Second*, that Robert Menendez obtained property, for himself or for another person, not legitimately due to him as a public official;

*Third*, that this property was given to Robert Menendez or another person with the consent of the giver in exchange for official action by Robert Menendez, and that Robert Menendez knew that the property was given in exchange for official action; and

*Fourth*, that interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

I will now go through each of these elements in more detail.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-19; and the charges given by the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2050); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2973).

## 58.66.  COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (FIRST ELEMENT)

As I mentioned, the first element the Government must prove beyond a reasonable doubt is that, at the time or the events charged in the Indictment, Robert Menendez was a public official or held public office.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-20; and the charges given by the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2051); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2973).

110

**59.67.  COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (SECOND ELEMENT)**

The second element is that Robert Menendez obtained property for himself, or for another person, that was not legitimately owed to the public office that he occupied, that is, that was not legitimately owed to Robert Menendez in his capacity as a United States Senator.  The term "property" includes money and tangible and intangible things of value that are capable of being transferred, that is, capable of being given from one person to another.

The Government does not have to prove that the property was given to Robert Menendez directly or that the property personally benefited Robert Menendez.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-21; and the charges given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2973-74); and the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2051-52, 2055).

**60.68.  Counts Eight, Ten, and Fourteen: Extortion Under Color of Official Right (Third Element)[35]**

The third element that the Government must prove, beyond a reasonable doubt, is that Robert Menendez used the authority of his public office to obtain the property for himself or for another person and that the property was given, at least in part, ~~because of~~in exchange for official action by Robert Menendez~~'s official position~~.

---

[35]  Explanation for changes:  Defendants propose several changes to more fully align this instruction with the law and to avoid confusing the jury:

(1)  The language "because of Menendez's official position" is too broad.  Indeed, even a gratuity offense under *Sun-Diamond* requires more than that.  As the Government's instructions elsewhere acknowledge, the property must be in exchange for official action.

(2) The law says that a *quid pro quo* need not be "express," but it does require a *quid pro quo* to always be "explicit."  *United States v. Benjamin*, 95 F.4th 60, 68, 71 (2d Cir. 2024).

(3) The language about "influence, power, or authority" was used in the jury instructions rejected in *McDonnell* and is no longer legally accurate in light of that decision's definition of official action.  While the official need not have actual or final authority, the payor must reasonably believe that the official is capable of taking the official action desired.  Note that even the Fourth Circuit in *McDonnell* included the "reasonably" qualification.  *See United States v. McDonnell*, 792 F.3d 478, 512 (4th Cir. 2015), *vacated on other grounds*, 579 U.S. 550 (2016).

(4)  There is no reason to call out a prior friendship as a particular "factor" to consider in inferring a *quid pro quo*, over any other piece of evidence.

(5)  We clarified that whether the action is beneficial/desirable is not a defense but that does not mean it is irrelevant—it can be considered as evidence that no *quid pro quo agreement* was ever formed.

(6)  As explained above, a federal official cannot provide "advice" within the meaning of *McDonnell* to a non-federal official.  Given that Senator Menendez is a federal official, we have omitted language that confusingly and indirectly discusses non-federal officials.  This charge requires evidence that Senator Menendez agreed to take official action.

112

This element requires the existence of a *quid pro quo,* which I defined earlier.  To prove a *quid pro quo,* the Government must prove that Robert Menendez obtained the property to which he was not entitled by his public office, knowing that it was given in exchange for official acts. The Government must also prove that the party giving the payment was motivated, at least in part, by the expectation that, as a result of the payment, Robert Menendez would perform or decline to perform official acts for the benefit of that party, and that Robert Menendez was aware of that party's motivation.

Again, as I charged you earlier, it is not necessary that Robert Menendez or the person giving the property state the *quid pro quo* in express or stated terms.  A *quid pro quo* can be implied from words and actions, because otherwise the law's effect could be frustrated by knowing winks and nods.  But a *quid pro quo* must nonetheless be explicit—that is, it must be clearly and unambiguously made.

This element can be satisfied even if the party giving the payment initiated the *quid pro quo* and even if that party and Robert Menendez had a friendly or prior relationship.  If you find either to be the case, however, each is a factor that you should consider in deciding whether the party giving the payment and Robert Menendez intended to enter into a *quid pro quo*.  The Government's burden is to prove that the promise or performance of official action was at least a part of the motivation for the other party to give over the payment and at least part of what Robert Menendez understood was motivating the other party.  Thus, if you find that the transfer or acceptance of payment was for entirely different reasons, stemming from friendship or any other innocent reason, then this element will not have been proven.

113

The Government does not need to prove that Robert Menendez could or actually did perform any specific official act on behalf of the party giving the property. A public official need not have actual or final authority over the official act sought by a payor so long as the payor reasonably believed the public official ~~had formal or informal influence, power, or authority over~~could take the official act sought by the payor and paid based, at least in part, on that belief. If Robert Menendez did take official action on behalf of the payor, it ~~does not matter~~is not a defense if the actions he took were desirable or beneficial or that he would have taken the same action regardless of the receipt of a payment from the other party. The extortion laws, like the bribery and honest services wire fraud laws, are concerned with the manner in which public officials take or agree to take or to seek to cause another to take official action, not with whether the official's actions are good or bad. If, however, you conclude that the action taken was desirable or beneficial to the public, you may consider that as evidence that Robert Menendez did not accept or obtain property in exchange for taking that action.

I have mentioned several times that Counts Eight, Ten, and Fourteen involve payments in exchange ~~for "official action" or~~ an "official act." I already defined that term for you, earlier in connection with ~~Counts Seven, Nine, and Thirteen—the honest services wire fraud counts—~~and it has the same meaning here. ~~That is, like with the honest services wire fraud counts, official action may involve a non-federal official, unlike in the bribery counts, which relate only to official action by federal officials~~.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-22; and the charges given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2974-77); and the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr.

2053-56).



### 61.69.  COUNTS EIGHT, TEN, AND FOURTEEN: EXTORTION UNDER COLOR OF OFFICIAL RIGHT (FOURTH ELEMENT)

The fourth element the Government must prove beyond a reasonable doubt for Counts Eight, Ten, and Fourteen is that a defendant's action or an action that he or she caused affected or could affect interstate commerce in any way or degree.  If you decide that Robert Menendez obtained property under color of official right, you must then decide whether this action did affect, or would have affected, commerce between two or more states or between a state and the District of Columbia.  "Commerce between two or more states" just means that items are bought and sold by entities located in different states or between a state and the District of Columbia.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.  For example, if the payment obtained by a defendant traveled or went through interstate commerce, that would be a sufficient effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular person or business, or to commerce in general.  Moreover, a defendant need not have intended or anticipated or known of an effect on interstate commerce.  You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of the actions he or she agreed with others to undertake.

In addition, if you find beyond a reasonable doubt that the target of the extortion related to something that moved in interstate or foreign commerce, then this element will have been met.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 50-24; and the charges given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2981); and the Hon. Valerie E.

116

Caproni in *United States v. Silver*, 15 Cr. 93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2056-57).



## VI.   SUBSTANTIVE INSTRUCTIONS – COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE

**62.70.  COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (PURPOSE OF THE STATUTE)[36]**

Count Eighteen charges Robert Menendez with obstruction of justice.  Specifically, Count Eighteen charges that from in or about June 2022 through at least in or about 2023, Robert Menendez wrote checks and letters falsely characterizing the return of bribe money to Hana and Jose Uribe as repayment for loans, and caused their then-counsel to make false statements regarding the bribe money from Hana and Uribe in an effort to interfere with the federal investigation of Robert Menendez and others in the Southern District of New York.

This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be or is endeavored to be impeded, thwarted, or corrupted.  Success of the endeavor is not an element of the crime.  Any corrupt effort, whether successful or not, that is made for the purpose of corruptinginfluencing, obstructing, or impeding the due administration of process is condemned.

The due administration of justice refers to the fair, impartial, uncorrupted, and unimpeded investigation, prosecution, disposition, or trial of any matter – civil or criminal – in the courts of the United States.  It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.  Thus, due administration of justice includes but is not limited to a federal grand jury

---

[36]  Explanation for changes:  Defendants propose changes to clarify that a "corrupt motive," as the *mens rea*, is a separate and mandatory element apart from the *actus reus*.

proceeding or grand jury investigation or a federal, civil, or criminal trial.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr., 46-2; and the charge given by the Jesse M. Furman in *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. Dec. 10, 2013) (Tr. 1262-63).



**63.71.  COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (ELEMENTS)**[37]

In order to establish the offense charged in Count Eighteen, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that on or about the dates set forth in the Indictment, there was a proceeding pending before a federal court or grand jury;

*Second*, that the defendant you are considering knew of the proceeding; and

*Third*, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding; and

*Fourth*, that the defendant acted with corrupt intent.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 46-3.

---

[37]  As with bribery, the Government's instruction conflates the *mens rea* with the *actus reus*. They are distinct elements and must be charged separately.  *See, e.g.*, Fifth Circuit Pattern Jury Instructions § 2.63A, at 283 (2019); Seventh Circuit Pattern Jury Instructions at 698 (2023); Tenth Circuit Pattern Jury Instructions § 2.62, at 223 (2021).

### 64.72.  COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (FIRST ELEMENT)

The first element the Government must prove beyond a reasonable doubt is that on or about the dates set forth in the Indictment, there was a proceeding pending before a federal court or grand jury.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr., 46-4; and the charge given by the Hon. Jesse M. Furman in *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. Dec. 10, 2013) (Tr. 1264).

**65.73.  COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (SECOND ELEMENT)**

The second element is that the defendant knew that such a proceeding was in progress.

In order to satisfy this element, you need only determine that the defendant knew on or about the date charged in the Indictment that a criminal case or a grand jury proceeding was in progress. In this regard, you may take into account all of the facts and circumstances surrounding the conduct with which the defendant is charged in determining whether he knew that a criminal case or grand jury proceeding was in progress.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr., 46-5; and the charge given by the Hon. Jesse M. Furman in *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. Dec. 10, 2013) (Tr. 1264).

**66.74.  COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (THIRD ELEMENT)**[38]

The ~~final~~ third element with respect to a violation of obstruction of justice is that the defendant ~~corruptly~~ influenced, obstructed, or impeded, or ~~corruptly~~ endeavored to influence, obstruct, or impede the proceeding.

~~The word "corruptly" means simply having the improper motive or purpose of obstructing justice.  Obstructing justice need not have been the sole motivation for the defendant's conduct as long as the defendant acted, at least in part, with that improper purpose.~~

As used in this statute, "endeavor" means any effort or any act to obstruct, impede or interfere with the trial or grand jury proceeding.  Success of the endeavor is not an element of the crime.  The term endeavor is designed to reach all conduct which is aimed at influencing, obstructing, or impeding the due administration of justice.  This element is satisfied if you find that the defendant ~~with corrupt intent,~~ acted to obstruct, or took action knowing that it had the natural and probable effect of obstructing, the due administration of justice.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr., 46-6; and the charge given by the Jesse M. Furman in *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. Dec. 10, 2013) (Tr. 1265-66); s*ee also United States v. Desposito*, 704 F.3d 221, 230 (2d Cir. 2013) ("to satisfy the element of intent, the government must show a nexus between the defendant's act and the judicial proceedings; that is, there must be a relationship in time, causation, or logic such that the act has the natural and probable effect of interfering with the due administration of justice" (internal quotation marks omitted)); *United States v. Quattrone*, 441 F.3d 153, 179 n.25 (2d Cir. 2006) ("we reject Quattrone's proposed instruction that the jury had to find he had knowledge of the scope and subject matter of the grand jury investigation, such that he knew what documents or categories of documents had been subpoenaed by the grand jury and that he corruptly endeavored to obstruct by causing the destruction of documents he

---

[38] As noted, Defendants object to the conflation of the *mens rea* and *actus reus* components of obstruction, and have broken the "corruptly" requirement into a separate instruction.

knew to be sought in the investigation").



**75.    COUNT EIGHTEEN: OBSTRUCTION OF JUSTICE (FOURTH ELEMENT)**

The final element with respect to a violation of obstruction of justice is that the defendant must have acted corruptly. The word "corruptly" means that the defendant acted voluntarily, deliberately, and dishonestly with the specific intent to sway, change, or prevent an action likely to be taken in the proceeding. In other words, the defendant must have had the wrongful, immoral, depraved, or evil motive or purpose of obstructing justice. So a defendant who acted inadvertently or with an innocent motive has not obstructed justice.

Obstructing justice need not have been the sole motivation for the defendant's conduct as long as the defendant acted, at least in part, with that improper purpose. If you are considering whether the defendant may have had multiple motives, you should ask whether the defendant's motives were primarily corrupt—in other words, whether the bad motive outweighed the innocent motive. As in evaluating mental states more generally, you may also consider a defendant's "good" motive in determining whether a defendant also possessed the requisite "bad" motive.

> Adapted from Eleventh Circuit Pattern Jury Instructions, § O58.1 (2022) (equating "corrupt" with "voluntar[y], deliberate[], and dishonest[]" action to sway a proceeding); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005) (defining "corrupt" to mean "wrongful, immoral, depraved, or evil"); *United States v. Lundwall*, 1 F. Supp. 2d 249, 251 (S.D.N.Y. 1998) (recognizing that an "inadvertent[] [action] or … some other innocent motive" is not corrupt); *United States v. Fayer*, 523 F.2d 661, 663 (2d Cir. 1975) (in the obstruction context, focusing on whether "the 'good' motive … was outweighed by the 'bad' motive.").

125

**76.    "CORRUPTLY" – NEXUS REQUIREMENT**[39]

A defendant's actions can qualify as a "corrupt" attempt to interfere with a judicial or grand jury proceeding only if the defendant specifically intends to interfere with the proceeding. That specific intent requires knowledge by the defendant that his actions are likely to interfere with the proceeding. In other words, there must be a nexus between the actions and the proceeding. The prosecution must prove that the defendant engaged in conduct directed at the court or grand jury that he believed would have the natural and probable effect of interfering with a proceeding.

A defendant's interactions with third parties, including prosecutors, are therefore relevant only if the defendant knew that those interactions were likely to affect the judicial or grand jury proceeding and specifically intended that result. It is not sufficient that the defendant knew of the proceeding's existence, or even that he hoped or thought it possible that his actions could affect the proceeding.

> Adapted from *United States v. Aguilar*, 515 U.S. 593, 599 (1995) ("if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct"), and *United States v. Schwarz*, 283 F.3d 76, 109 (2d Cir. 2002) ("the conduct offered to evince that [corrupt] intent must be conduct that is directed at the court or grand jury and that, in the defendant's mind, has the 'natural and probable effect' of obstructing or interfering with that entity"; finding "fatal defect" where "there was no showing that [defendant] … knew that the allegedly false statements he made to federal investigators … would be conveyed to the federal grand jury"; not sufficient that "[he] may have hoped that they would be provided to the grand jury, and surely there was that possibility").

---

[39] To ensure that the jury applies the correct standard, Defendants propose an additional instruction explaining the nexus requirement of obstruction.



## VII.  SUBSTANTIVE INSTRUCTIONS – COUNT SIXTEEN: PUBLIC OFFICIAL ACTING AS AGENT OF A FOREIGN PRINCIPAL

**67.77.  COUNT SIXTEEN:  PUBLIC OFFICIAL ACTING AS AGENT OF A FOREIGN PRINCIPAL (PURPOSE AND ELEMENTS OF THE OFFENSE)[40]**

It is a crime for any public official to be or to act as an agent of a foreign principal, which would require someone who is not a public official to register with the Department of Justice under within the meaning of the Foreign Agents Registration Act, known as "FARA."  Count Sixteen charges that defendant Robert Menendez was a public official who was and acted as such an agent of the Government of Egypt and certain Egyptian officials from at least in or about 2018 through at least in or about 2022.

FARA requires the registration with the Department of Justice of anyone who is or acts as an "agent of a foreign principal."  However, a public official owes a duty of honest and faithful service to the public he serves and cannot act as an agent of a foreign principal, even though someone who is not a public official can if he or she registers with the Department of Justice.

In order to establish the offense charged in Count Sixteen, the Government must prove the following three elements beyond a reasonable doubt:

*First*, the defendant was a public official;

*Second*, the defendant was or acted as an agent of a foreign principal; and

---

[40] Explanation for changes:  Because Senator Menendez is being prosecuted as a public official, it is irrelevant how FARA works as applied to non-public officials, and opining at length about that separate framework is likely to only confuse the jury.

*Third*, the defendant acted knowingly.

*See* 18 U.S.C. § 219(a).

## 68.78.  COUNT SIXTEEN:  PUBLIC OFFICIAL ACTING AS A FOREIGN AGENT (FIRST ELEMENT)

The first element of this offense is that Robert Menendez was a public official during the time period charged in the Indictment.  As I already instructed you, a public official includes a U.S. Senator.

*See* 18 U.S.C. § 219(c).

**69.79. COUNT SIXTEEN:   PUBLIC OFFICIAL ACTING AS A FOREIGN AGENT (SECOND ELEMENT)[41]**

The second element of this offense is that the defendant was or acted as an agent of a foreign principal.

The government of a foreign country, such as Egypt, is a foreign principal.  Where the government of a foreign country is the pertinent foreign principal, the term "foreign principal" includes the government's ~~agencies,~~ officials~~, officers, and employees~~.

An "agent of a foreign principal" ~~includes~~ means the following:

(1)       any person who, while acting ~~acts~~ as an agent, representative, employee, or servant, or while acting~~any person who acts~~ in any other capacity at the order, request, or under the direction or control, of a foreign principal~~, or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal and who~~ directly or through any other person –

(i)       engages within the United States in political activities for or in the interests of such foreign principal;

(ii)      acts within the United States as a political consultant for or in the interests of such foreign principal; or

---

[41] Explanation for changes:  In clause (1), Defendants propose to make clear that a foreign agent's qualifying activities must be taken in the context of his agency relationship, as the Government's instruction recognizes later on.  *See also An v. Despins*, No. 22-cv-10062, 2023 WL 4931832, at *5 (S.D.N.Y. Aug. 2, 2023) (asking whether the alleged agent's activities were ones "directly or indirectly controlled in whole or in part by a foreign principal" (cleaned up)).  Defendants also propose additional edits to clarify the instruction and focus the jury's instruction on the portions of the FARA statute relevant to this case.

      (iii)     within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States; or

(2)     any person who agrees, consents, assumes or purports to act as, or who is or holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal as defined above.

As you can see, you must ask whether Senator Menendez engaged in any of the activities described above at the order, request, or under the direction or control, of a foreign principal. The the Government need not prove that a person engaged in all of the activities described above for that person to be an agent of a foreign principal, but it must prove that he engaged in at least one of the listed activities rather any one of them would suffice.  It would be enough, for example, if the Government proved that the person engaged within the United States—at the order, request, direction, or control of a foreign principal—in political activities for or in the interests of the foreign principal, because that is one way that one can be an "agent" of a foreign principal.

The term "political activities" means "any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party."

The term "political consultant" means "any person who engages in informing or advising

any other person with reference to the domestic or foreign policies of the United States or the political or public interest, policies, or relations of a foreign country or of a foreign political party."

*See* 18 U.S.C. § 219; 22 U.S.C. § 611.



**70.80.  "FOREIGN AGENT"—"REQUEST" EXPLAINED[42]**

As I said above, a person can act as an "agent of a foreign principal" if he acts under the order, direction, or control of a foreign principal, or at the "request" of a foreign principal.  The term "request" has a particular meaning in ~~the context of this law~~this context, which is narrower than its meaning in everyday use.  In this context, not every ask by a foreign principal qualifies as such a request.  To qualify, an ask must be something more than an ordinary solicitation~~, without more,~~ although it can be less than an order or command.  So a foreign principal does not make a qualifying request merely by asking or persuading another person for his own reasons to do something, even if the request, if fulfilled, would benefit the foreign principal.  Instead, the foreign principal making the ask must have some degree of authority over the agent.  The ultimate question, including based on a request, is whether it is fair to draw the conclusion that an individual is not acting ~~fully~~ independently, ~~is not simply~~such as by stating or following his ~~or her~~ own views, but is instead acting as an agent of the foreign principal.

> *See Attorney General of the U.S. v. Irish Northern Aid Committee*, 668 F.2d 159 (2d Cir. 1982) ("The exact perimeters of a 'request' under the Act . . . fall[] somewhere between a command and a plea."); *United States v. McGoff*, 831 F.2d 1071, 1074 (D.C. Cir. 1987) ("The scope of persons subject to FARA is broad.  Section 611 defines the critical terms 'agent[s] of foreign principal[s],' to include almost anyone who undertakes any public-related or financial activity on behalf of a foreign principal.").

---

[42] Explanation for changes:  This instruction should make clear to the jury that a "request" in the FARA context requires the principal to have authority over the foreign agent.  *See* FARA Unit, Dep't of Justice, *The Scope of Agency Under FARA* (May 2020), https://www.justice.gov/nsd-fara/page/file/1279836/dl ("the term 'request' … must be read to connote some form of authority by the principal over the agent").  Defendants also propose streamlining changes to clarify and improve the readability of the instruction.

71.**81.**  "FOREIGN AGENT"— INDICIA OF AGENCY[43]

To decide whether a person is acting as an agent of a foreign principal, you must determine whether he is acting ~~solely~~ based on his own volition or views or instead is taking direction, or acting at the order, under the control, or in response to a request (as I defined it above) from a foreign principal.  In other words, you must ask whether the circumstances indicate that the foreign principal exercises power or control over Senator Menendez, or whether the Senator has a sense of obligation to carry out the foreign principal's wishes.  Only then may he qualify as a foreign agent under the law.

In determining whether this agency test is met, factors that may ~~be relevant~~support finding an agency relationship include: the specificity of the foreign principal's instructions or requests, ~~if the foreign principal's instructions or requests are more general, if the foreign principal's goals align with the alleged agent's own independent interests or subjective viewpoint,~~ if the instructions or requests are coercive or are accompanied by an offer or the provision of compensation, evidence of an ongoing relationship or coordination between the foreign principal and agent, ~~the frequency of the alleged agent's interactions with the foreign~~

---

[43] Explanation of changes:  Defendants propose to more fully explain the law on the indicia of agency, to make clear that FARA requires the principal to hold some level of power or other authority over the alleged agent, and to make clear what factors can cut for or against finding agency status.  *See* FARA Unit, Dep't of Justice, *The Scope of Agency Under FARA*, *supra* (recognizing that agency status requires "the[] circumstances [to] evince some level of power by the principal over the agent or some sense of obligation on the part of the agent to achieve the principal's request," and outlining factors that may support or undermine a claim of agency status); *Attorney General of the U.S. v. Irish Northern Aid Cmte.*, 530 F. Supp. 241, 256-57 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982) (recognizing "control" as one way the foreign-agent test can be met).

135

principal or its intermediaries, and whether the person seeks or receives feedback on his work from the foreign principal.

Conversely, the following factors count against finding an agency relationship: if the foreign principal's instructions or requests are more general, the foreign principal's goals align with the alleged agent's own interests or subjective viewpoint, or the alleged agent's interactions with the foreign principal or its intermediaries are only infrequent.

You should consider all of the surrounding circumstances to determine whether the foreign principal held power or control over the defendant so as to make him acted as an agent of a foreign principal.

> *See Attorney General of the U.S. v. Irish Northern Aid Committee*, 668 F.2d 159 (2d Cir. 1982) ("[T]he agency relationship sufficient to require registration need not, as . . . meet the standard of the Restatement (Second) of Agency with its focus on 'control' of the agent by the principal. Control is an appropriate criterion for a determination of common law agency because the agent contemplated by the Restatement has the power to bind his principal. In determining agency for purposes of [FARA], however, our concern is not whether the agent can impose liability upon his principal but whether the relationship warrants registration by the agent to carry out the informative purposes of the Act."); *United States v. Rafiekian*, 991 F.3d 529, 539 (4th Cir. 2021) ("Congress utilized a more sweeping definition of 'agent' and "far-reaching verbiage" in FARA as compared to Section 951); *United States v. McGoff*, 831 F.2d 1071, 1074 (D.C. Cir. 1987) ("The scope of persons subject to FARA is broad. Section 611 defines the critical terms 'agent[s] of foreign principal[s],' to include almost anyone who undertakes any public-related or financial activity on behalf of a foreign principal.").

136

**72.82.  Count Sixteen:  Public Official Acting as a Foreign Agent (Third Element)**

The third element is that the defendant acted knowingly.  The term "knowingly" was previously defined by me, and has the same meaning here.



## VIII. SUBSTANTIVE INSTRUCTIONS – COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL

### ~~73.~~83.  COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (GENERAL CONSPIRACY INSTRUCTIONS)

In addition to the substantive offenses that I have just described, the defendants are also charged with separate conspiracies to violate certain federal laws.  Now that we have discussed the substantive counts, I will turn back to the conspiracy counts.  I will start with Count One, the conspiracy to bribe a public official.  As I said earlier, Count One charges Robert Menendez, Hana, and Daibes with participating in a conspiracy to bribe a public official, from at least in or about 2018 through in or about 2023, in violation of Title 18, United States Code, Section 371. Count One also charges that certain overt acts were committed in furtherance of this conspiracy.

A conspiracy is a criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

"Conspiracy" simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the commission of a substantive crime. Thus, if a conspiracy exists, it is still punishable as a crime, even it if should fail to achieve its purpose. Consequently, for a defendant to be guilty of conspiracy, there is no need for the Government to prove that he, she, or any other conspirator were actually successful in their criminal goals.  You may thus find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were never actually committed.

138

Each member of a conspiracy may perform separate and individual acts. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

Adapted from the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2043-45); *see also* Sand, Modern Federal Jury Instructions, Instr. 19-2 (2012); *United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.")

**~~74.~~84.   COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (ELEMENTS)**

In order to find the defendant you are considering guilty on Count One, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that the conspiracy charged in Count One existed.  In other words, that from at least in or about 2018 through in or about 2023, or any portion of that time period, there was an agreement or understanding among two or more persons to take actions that would violate one or more of those provisions of the law which make it illegal to (1) demand or receive a bribe as a public official or (b) offer or pay a bribe to a public official;

*Second*, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose – that is, with the intent to achieve the illegal object of the charged conspiracy; and

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Now, let us separately consider the three elements.

Adapted from the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2045-46); and *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-3.

140

**75.85.  COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (FIRST ELEMENT)**[44]

The first element is that the conspiracy existed.

Simply defined, a conspiracy is an agreement by two or more persons to take actions that violate the law.

The essence of the crime of conspiracy is the agreement to accomplish an unlawful objective.  It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed, or that the defendant actually committed the crime that is the object of the conspiracy.  Indeed, you may find the defendants guilty of conspiracy despite the fact that it was factually impossible for any of the defendants to commit the substantive crime or goal of the conspiracy.  This is because the success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator.  The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement, and the conspiracy is entirely separate and distinct from the substantive crimes that may be the goal of the conspiracy. To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

---

[44]  Explanation for changes:  In the added paragraphs, Defendants propose to use the model language from Sand *et al.*, Modern Federal Jury Instructions, Instr. 19-4.  This model language more clearly and neutrally conveys the points made in the Government's proposed language.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to take actions that violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find two or more persons entered into the unlawful agreement alleged in the Indictment and that an act was committed in furtherance of that agreement in order to find that a conspiracy existed.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature,

characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged coconspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged

conspirators agreed, as I have explained, to work together in furtherance of one or more of the objects alleged in Count One of the Indictment, and that an act was taken to further that agreement. To find that the Government has established the existence of the conspiracy alleged in Count One beyond a reasonable doubt, you must find unanimously that the Government has proven that the conspiracy had as its objective or objectives demanding or receipt of a bribe as a public official or offering or payment of a bribe to a public official, or both of these things, which I will describe in greater detail in a moment.  In short, you must all agree on one or more objects of the conspiracy, but need not find both objects to find a defendant guilty.

> Adapted from the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2047-50); and *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-4. *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**76.86.  COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (OBJECTIVES OF THE CONSPIRACY)[45]**

In this case, Count One of the Indictment charges that there were two objectives of the conspiracy:

One, that a public official would demand or receive a bribe in ~~return~~ exchange for being influenced in the performance of any official act.  I have already instructed you on the elements of this substantive crime in connection with my instructions for Counts Five and Eleven.

Two, offering or giving a bribe to a public official with the intent to influence the performance of any official act.  I have already instructed you on the elements of this substantive crime in connection with my instructions for Counts Six and Twelve.

As I noted, if you find that the conspirators agreed to accomplish either one or both of these two objectives, then the illegal purpose element will be satisfied, but you must be unanimous as to at least one objective.

As I instructed you earlier, you may find a defendant guilty of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were not actually committed.

Adapted from the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2049-50).

---

[45] Explanation for change:  As Defendants have explained, the relevant standard under *McDonnell* is "in exchange for."  Defendants propose to use "in exchange for" language consistently throughout the jury charge.

### ~~77.~~ 87.  COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (SECOND ELEMENT)

In order to satisfy the second element of Count One, the Government must prove that the defendant you are considering willfully and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its purposes and in furtherance of one or more of its objectives as you have unanimously determined those objects to be in the first element.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something that the law forbids, that is, with a bad purpose to disobey the law, although the defendant need not know of the precise law that he or she was violating or that the law was a federal law.

Now, as I said earlier, knowledge is a matter of inference from the proven facts. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving one or more of the defendants or in their presence, and you may consider this evidence in determining whether the Government has proven the a defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

146

Nor is it necessary that the defendants received any monetary benefit from their participation in the conspiracy, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had or did not have a financial or other interest, that is a factor you may properly consider in determining whether the defendant was a member of the conspiracy.

The duration and extent of each defendant's participation has no bearing on the issue of his or her guilt. He need not have joined the conspiracy at the outset and need not have received any benefit in return. A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he or she joined and all that was done during the conspiracy's existence while he was a member, if those acts were reasonably foreseeable and within the scope of that defendant's agreement.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. One participating in a conspiracy is no less liable because his or her part is minor and subordinate. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

A person's mere association with a member of the conspiracy, however, does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a

147

defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself or herself from it.

It is not essential that the Government prove that a particular conspiracy alleged in the Indictment started or ended on any of the specific dates described for that conspiracy. It is sufficient if you find that the conspiracy was formed and that it existed for some time around or within the dates set forth in the Indictment.

In sum, the Government most prove that a defendant, with an understanding of the unlawful nature of the conspiracy, knowingly and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking. Only through that does a defendant become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-6; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2051-54); and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK) (Tr. 1010). *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)). *See also United States v. Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1990) (discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**78.88.  COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL (THIRD ELEMENT)**

Let me now turn to the third element of the conspiracy alleged in Count One, the requirement of an overt act.

The last element the Government must prove is that at least one overt act was knowingly committed by at least one of the conspirators in furtherance of the conspiracy.  An overt act is an act that tends to carry out the conspiracy in part but need not necessarily be the object of the crime or itself wrong or criminal.  The purpose of the overt act requirement is just to ensure that the agreement went beyond the mere talking or agreeing stage.

You need not find that all of the defendants in this case committed an overt act.  It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether a defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy.  Nor is it necessary for the defendant you are considering to commit an overt act in order to be a member of the conspiracy.

In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.  It must be an act that furthers the object of the conspiracy.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy.  It is not necessary for the Government to prove that any of the specified overt acts charged in the Indictment were committed.  Rather, the Government can

prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-7; and the charge given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2055-56); *see also United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction."); *United States v. Rutkoske*, 506 F.3d 170, 175 (2d Cir. 2007) ("It is well-established that the Government may satisfy this test 'by proof of an overt act not explicitly listed in the indictment, as long as a defendant has had fair and adequate notice of the charge for which he is being tried, and he is not unduly prejudiced by the asserted variance in the proof.'" (quoting *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003)).

## IX.  SUBSTANTIVE INSTRUCTIONS – COUNTS FOUR AND SEVENTEEN: CONSPIRACY TO OBSTRUCT JUSTICE

### ~~79.~~89.  COUNT FOUR: CONSPIRACY TO OBSTRUCT JUSTICE

We previously discussed Count Eighteen of the Indictment, which charges Robert Menendez with obstructing justice in relation to a Southern District of New York investigation. I'll now discuss two counts related to *conspiracies* to obstruct justice.

We'll start with Count Four.  Count Four charges Robert Menendez and Daibes with conspiring to obstruct justice in relation to the federal criminal prosecution of Daibes in the District of New Jersey.  For this count, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count Four existed.  In other words, that from at least in or about 2018 through in or about 2023, or any portion of this time period, there was an agreement or understanding among two or more persons to take actions that violate one or more of those provisions of the law which make it illegal to obstruct justice;

*Second*, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further its purpose – that is, with the intent to achieve the illegal object of the charged conspiracy; and

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

I have just instructed you on these elements in connection with Count One, and those instructions apply here as well.  The difference between Count One and Counts Four is the goal of the conspiracy.  As to Count Four, the Government charges that the goal of the conspiracy

151

was to obstruct the criminal prosecution of Daibes in the District of New Jersey.  I have already instructed you on the elements of the substantive crime of obstruction of justice in connection with my instructions for Count Eighteen.



### 80.90.  COUNT SEVENTEEN: CONSPIRACY TO OBSTRUCT JUSTICE

The other count related to a conspiracy to obstruct justice is Count Seventeen.

Count Seventeen charges Robert Menendez with conspiring to obstruct justice in relation to the Southern District of New York investigation against him.  For this count too, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count Seventeen existed.  In other words, that from at least in or about June 2022 through at least in or about 2023, or any portion of this time period, there was an agreement or understanding among two or more persons to take actions that violate one or more of those provisions of the law which make it illegal to obstruct justice;

*Second*, that Menendez knowingly and willfully became a member of the conspiracy, with intent to further its purpose – that is, with the intent to achieve the illegal object of the charged conspiracy; and

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

I earlier instructed you on these elements in connection with Count One, and those instructions apply here as well.  The difference between this count and the other conspiracy counts is the goal of the conspiracy.  As to Count Seventeen, the Government charges the goal of the conspiracy was to obstruct an investigation in the Southern District of New York.  I have already instructed you on the elements of the substantive crime of obstruction of justice in connection with my instructions for Count Eighteen.

153

## X. SUBSTANTIVE INSTRUCTIONS – COUNT FIFTEEN: CONSPIRACY FOR A PUBLIC OFFICIAL TO ACT AS A FOREIGN AGENT

**81.91.  COUNT FIFTEEN: CONSPIRACY FOR A PUBLIC OFFICIAL TO ACT AS A FOREIGN AGENT**[46]

We previously discussed Count Sixteen of the Indictment, which charges Robert Menendez with being a public official acting as an agent of a foreign principal.  Count Fifteen charges Robert Menendez and Hana with *conspiring* for a public official to act as an agent of a foreign principal from at least in or about 2018 through in or about 2022.

I have just instructed you in connection with Counts One, Four, and Seventeen on the three conspiracy elements that apply to Count Fifteen – that the charged conspiracy existed; the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose; and one of the members knowingly committed an overt act – and those instructions apply here as well.

As to Count Fifteen, the Government charges that the goal of the conspiracy was to have a public official, Robert Menendez, act as an agent of a foreign principal – that is, the Government of Egypt and Egyptian officials, who the Government must identify with specificity. No co-defendant in this case has been identified as a foreign principal.  I have already instructed you on the elements of the substantive crime of a public official acting as an agent of a foreign principal in connection with my instructions for Count Sixteen.

---

[46] Explanation for change:  Defendants propose an elaboration on this instruction's identification of the relevant foreign principal in this case, to ensure that the jury can properly hold the Government to its proof.  *Cf. Pewitt v. Peak Foreclose Servs. of Washington, Inc.*, No. 2:15-cv-173, 2015 WL 6738850, at *3 (E.D. Wash. 2015) ("[A]gency requires a specific principal that is accountable for the acts of its agents.").

154

## XI.   SUBSTANTIVE INSTRUCTIONS – COUNT TWO: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD

**82.92.  Count Two: Conspiracy to Commit Honest Services Wire Fraud**

I am now going to turn to a different conspiracy count.  Count Two of the Indictment charges Robert Menendez, Hana, and Daibes with participating in a conspiracy to violate the honest services wire fraud statute, the crime described earlier.

As previously discussed, a conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.  In order to satisfy its burden of proof with respect to Count Two, the Government must establish each of the following two elements beyond a reasonable doubt:

*First*, the existence of the conspiracy charged in the Indictment; and

*Second*, that at some point the defendant you are considering knowingly and willfully became a member of, and joined in, the conspiracy.

Unlike the conspiracies charged in Counts One, Fifteen, or Seventeen about which I just instructed you, the conspiracy charged in Count Two does not require an overt act.

I previously instructed you, in connection with Count One, on the law relevant to determining whether a conspiracy existed and whether a defendant become a member of such a conspiracy.  You should rely on the instructions I gave you earlier apply them to Count Two, except that the conspiracy charged in Count Two has as its object honest services wire fraud.  So in deciding whether the conspiracy existed, you must determine whether the conspirators agreed to accomplish that object.  I have already instructed you on the elements of the substantive crime

of honest services wire fraud in connection with my instructions for Counts Seven, Nine, and

Thirteen.

      Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-3.



### XII.  SUBSTANTIVE INSTRUCTIONS – COUNT THREE: CONSPIRACY TO COMMIT EXTORTION UNDER COLOR OF OFFICIAL RIGHT

**83.93.  COUNT THREE: CONSPIRACY TO COMMIT EXTORTION UNDER COLOR OF OFFICIAL RIGHT**

Count Three of the Indictment charges Robert Menendez with participating in a conspiracy to commit extortion under color of official right, the crime described earlier, in violation of 18 U.S.C. § 1951.

In order to satisfy its burden of proof on this charge, the Government must prove the following two elements beyond a reasonable doubt:

*First*, that the charged conspiracy existed; and

*Second*, that Menendez you are considering knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have just charged you on these two elements in connection with Count Two, and those instructions apply here as well.  The difference between Count Two and Count Three is the goal of the conspiracy.  As to Count Three, the Government charges that the goal of the conspiracy was to commit extortion under color of official right.  I have already instructed you on the elements of the substantive crime of extortion in connection with my instructions for Counts Eight, Ten, and Fourteen.

Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2983-84).

## 94.    MULTIPLE CONSPIRACIES[47]

In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy. Rather, they claim the government has alleged only several separate and independent conspiracies with various groups of members.  Specifically, defendants contend the following:

As to Count One, the government has alleged not one overarching conspiracy to commit bribery, but rather five independent, unconnected, alleged schemes:  (1) a scheme involving payments to Senator and Mrs. Menendez to obtain assistance for Egypt and Egyptian officials; (2) a scheme regarding payments to protect IS EG Halal; (3) a scheme to disrupt New Jersey State criminal matters; (4) a scheme to disrupt Mr. Daibes's Federal prosecution; and (5) a scheme to take actions favorable to the Government of Qatar.

As to Count Two, the government has alleged not one overarching conspiracy to commit honest services wire fraud, but rather five independent, unconnected, alleged schemes:  (1) a scheme involving payments to Senator and Mrs. Menendez to obtain assistance for Egypt and Egyptian officials; (2) a scheme regarding payments to protect IS EG Halal; (3) a scheme to disrupt New Jersey State criminal matters; (4) a scheme to disrupt Mr. Daibes's Federal prosecution; and (5) a scheme to take actions favorable to the Government of Qatar.

As to Count Fifteen, the government has alleged not one overarching conspiracy to commit honest services wire fraud, but rather at most two independent, unconnected, alleged schemes:  (1)

---

[47] Explanation for change:  Given Defendants' theories as to why the conspiracy charges are deficient, Defendants propose to add an instruction making clear that the jury should consider whether the evidence establishes the conspiracies pleaded in the indictment, as opposed to multiple lesser conspiracies, if any, just as courts do in other cases where Defendants raise this issue.

a scheme involving payments to Senator and Mrs. Menendez to obtain assistance for Egypt and Egyptian officials; and (2) a scheme regarding payments to protect IS EG Halal.

For each of these Counts, you, the jury, must determine what the Government has proved— whether that is a single unlawful agreement, or many such agreements, or indeed, no agreement at all. You must make this determination in accordance with the following instructions:

In evaluating whether the Government has proved the single, overall conspiracy charged in the indictment, proof of several separate and independent conspiracies is not enough to support conviction, unless one of the conspiracies proved is the single conspiracy described in the indictment.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment.

On the other hand, if you find that the specific, single conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of that conspiracy. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the ones charged in Counts, Two, or Fifteen, then you must acquit the defendant of the conspiracy charges.

Therefore, what you must do is determine whether the conspiracies charged in the indictment in fact existed. If it did, you then must determine the nature of the conspiracy and who its members were.

Adapted from *United States v. Mikhael*, No. 14-cr-141-SHS, ECF 102, Tr. at 1067 (jury instructions); Sand *et al*., MODERN FEDERAL JURY INSTRUCTIONS, Instr. 19-5; ECF 180 (Gov't Opposition Brief) at 96 ("And the need for a unanimous verdict, of course, can and should be addressed by jury instructions."); *id.* at 100 ("[W]hether the evidence in a case establishes single or multiple conspiracies is a question of fact to be resolved by a properly instructed jury."); ECF 271 (Gov't Opposition Brief) at 7, 9, 10 ("[T]he need for a unanimous verdict can and should be addressed through jury instructions, not dismissal.").

## XIII.   GENERAL CHARGES

### 84.95.  AIDING AND ABETTING AND/OR WILLFULLY CAUSING A CRIME

I want to return to the two ways a defendant can commit a substantive crime, which I mentioned briefly earlier:  first, as a principal, which includes both committing or willfully causing someone else to commit the crime, and second, as an aider and abettor.

With respect to Counts Five through Fourteen, Sixteen, and Eighteen, which charge the substantive offenses of bribery, honest services wire fraud, extortion under color of official right, obstruction, and a public official acting as a foreign agent, the defendants charged in those counts are also charged with having "aided and abetted" and/or "willfully caused" another person to commit each of those crimes.  These are two different, alternative ways of a committing a crime, and you need not consider whether a defendant did this if you find that he is guilty himself of committing the crime you are considering.  I will take each of these concepts—aiding and abetting and willfully causing a crime—in turn.

### <u>Aiding and Abetting</u>

The aiding and abetting statute provides, in relevant part, that: "[w]hoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  What that means is that, even if the defendant you are considering did not himself commit the offense, the Government may meet its burden of proof by: (1) proving that another person actually committed the offense with which the defendant is charged; and (2) proving that the defendant aided or abetted, that is, helped, that person in the commission

161

of that offense.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed the offense herself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proven that another person committed the crime and that that defendant aided or abetted that person in the commission of the offense.

In order to prove a defendant guilty as an aider or abettor, the Government must prove beyond a reasonable doubt:

*First*, that one or more other persons committed the charged offense (that is, all of the elements of the particular crime were committed or caused to be committed by someone or multiple people);

*Second*, that the defendant, knowing that such a crime was being committed, intentionally associated himself with that crime; and

*Third*, that the defendant intentionally took some action to help the crime succeed.

To act "intentionally" means to act deliberately and purposefully, rather than by mistake, accident, mere negligence, or for some other innocent reason.

Please note, however, that the mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed, or is about to be committed, but who inadvertently does something that aids in the commission of the crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

162

To determine whether the defendant aided or abetted the commission of the crime with which that defendant is charged, ask yourself these questions:  Did the defendant participate in the crime charged as something he wished to bring about?  Did the defendant associate himself with the criminal venture knowingly and willfully?  Did the defendant seek, by his actions, to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor, and therefore guilty of the offense.  If the defendant did not, then the defendant is not an aider and abettor.

### **Willfully Causing a Crime**

I will now describe what it means to "willfully cause" another to commit a crime.  Federal law provides that:

> Whoever willfully causes an act to be done which, if directly
>
> performed by him, would be an offense against the United States,
>
> is punishable as a principal.

What does the term "willfully caused" mean?  It does not mean that the defendant need have physically or personally committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person, that is, a defendant can be found liable even if he acted through someone who is entirely innocent of and had no knowledge of the crimes charged in the Indictment.

> Adapted from Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 11-1, 11-2, 11-3; and the charges given by the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK) (S.D.N.Y. Dec. 1, 2021) (Tr. 1027-29); the Hon. Alvin K. Hellerstein in *United States v. Guildi*, 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 10, 2023) (Tr. 820); and the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 3017-21); *see also United States v. Concepcion*, 983 F.2d 369, 384 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary . . . is irrelevant"); *United States v. Jordan*, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where the defendant caused government agent to ferry narcotics into the United States).

**85.96.  VENUE**[48]

In addition to the foregoing elements of the offenses, you must consider whether an essential part of each of the crimes charged, or as to each of the conspiracy counts any overt act in furtherance of the crimes charged, foreseeably occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Sullivan, Orange, and Dutchess Counties, the waterways surrounding those counties, including the East River, the Hudson River, and the Kill Van Kull strait, and all of the bridges that traverse those waterways, including the Verrazzano-Narrows Bridge, which traverses the Narrows strait, the body of water separating Staten Island and Brooklyn; the Bayonne Bridge, which traverses the Kill Van Kull strait, the body of water separating Staten Island and Bayonne, New Jersey; and the Goethals Bridge and the Outerbridge Crossing, both of which traverse the Arthur Kill strait, the body of water separating Staten Island and Union and Middlesex Counties in New Jersey.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that an essential part of the crime or any overt act in furtherance of the conspiracy you are considering

---

[48] Explanation for changes:  Defendants have edited the instruction to clarify that any acts supporting a charge must be reasonably foreseeable to the defendant, and for conspiracy charges, entail overt acts.  *See United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003); *United States v. Kirk Tang Yuk*, 885 F.3d 57, 67, 69 (2d Cir. 2018).  We also made a few edits to remove ambiguous or confusing phrases that risk watering down the government's burden for demonstrating venue in the Southern District (*e.g.*, "actions designed to make others willing to pay"), as well as to improve clarity and readability, including by deleting a duplicative sentence on the preponderance standard for venue.

foreseeably occurred in the Southern District of New York. Thus, with respect to each count, the Government has satisfied its venue obligations if you conclude that it is more likely than not that such a part of the crime charged, or any overt act in furtherance of the conspiracy charged, foreseeably occurred within the Southern District of New York. ~~The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendants were ever in the Southern District of New York.~~

Venue must be examined separately for each count in the indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses, as I said, it is sufficient to establish venue if the Government proves that any overt act in furtherance of the conspiracy charged foreseeably occurred in the Southern District of New York. The act itself need not be a criminal act. It could include, for example, meeting with others involved in the criminal scheme within this district, so long as it is in furtherance of the conspiracy. The act need not be taken by a defendant or a conspirator, as long as the act was caused by the conduct of the defendant or conspirator and was reasonably foreseeable.

With respect to the substantive counts resting on a bribe being demanded, sought, received, accepted, or agreed to be received or accepted—Counts Five and Eleven—, it is sufficient to establish venue if you find that the demanding, seeking, receiving, accepting, or agreeing to receive or accept anything of value occurred in the Southern District of New York, ~~including acts that were part and parcel of this conduct, such as taking actions designed to make others willing to pay.~~

166

With respect to the substantive counts resting on a bribe being offered, given, or promised—Counts Six and Twelve—, it is sufficient to establish venue if you find that the offering, giving, or promising of anything of value occurred in the Southern District of New York, including acts that were part and parcel of this conduct, such as taking actions designed to make a public official willing to accept bribes.

With respect to the substantive offenses of honest services wire fraud—Counts Seven, Nine, and Thirteen—it is sufficient to establish venue if you find that any of the wire communications you found to satisfy the fourth element of the offense – use of interstate or international wires – were transmitted from or to the Southern District of New York, so long as the defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

With respect to the substantive extortion counts—Count Eight, Ten, and Fourteen—is it sufficient to establish venue if you find that interstate commerce was affected in this district, as I defined affect on interstate commerce above, or if you find that acts of extortion took place in this district.

In addition, if you find a defendant guilty of any of the substantive offenses on an aiding and abetting theory, you need not consider venue as to that defendant so long as the Government has proven venue with respect to the person whom the defendant aided and abetted.

Finally, with respect to the obstruction of justice offenses—Counts Four, Eighteen, and Seventeen—the Government may also demonstrate venue by proving that the defendant intended to affect an official proceeding, whether or not that proceeding was pending or about to be instituted in this district, regardless of whether any act in furtherance of those offenses occurred

167

in this district.  An "official proceeding" includes a federal grand jury.

~~As I said, unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence.  It also~~<u>For each count, the Government</u> need only prove venue ~~as to each count~~ in one of the applicable ways that I described above for ~~each~~ <u>that</u> count.  If you find that the Government failed to prove venue as to the defendant you are considering by a preponderance of the evidence as to any count you must return a verdict of not guilty as to that defendant on that count.

> Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 3-11; and the charges given by the Hon. J. Paul Oetken in *United States v. Costanzo*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2074-76); the Hon. Mae A. D'Agostino in *United States v. Figueroa*, 23 Cr. 161 (MAD) (S.D.N.Y. Dec. 4, 2023) (Tr. 929-31); the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK) (S.D.N.Y. Dec. 1, 2021) (Tr. 1026); and the Hon. Paul A. Crotty, *United States v. Van Manen*, 18 Cr. 30 (PAC) (S.D.N.Y. May 6, 2019) (Tr. 1590-91); . *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) ("Venue is proper only where the acts constituting the offense—the crime's 'essential conduct elements'—took place."); *United States v. Lange*, 834 F.3d 58, 70 (2d Cir. 2016) ("[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done."  (internal citations omitted)); *United States v. Stephenson*, 895 F.2d 867, 874-85 (2d Cir. 1990) (upholding venue where defendant's phone "calls to New York were part and parcel of the offense of 'demand[ing],' "seek[ing],' and 'agree [ing] to receive' a bribe" because the calls were intended to make payors "willing to pay him a bribe" (alteration in original)); *Id.* at 875 ("Venue under the Hobbs Act is proper in any district where interstate commerce is affected or where the alleged acts took place." (citing *United States v. Reed*, 773 F.2d 477, 482 (2d Cir. 1985))).

**86.97.  VARIANCE IN DATES OR AMOUNTS**[49]

The Indictment alleges that certain acts occurred on or about a specific date or time or involved specific amounts.  It does not necessarily matter if the evidence you heard at trial indicates that a particular act occurred on a different date or time or involved a different amount. The law requires only a substantial similarity between the dates and times alleged in the Indictment and the dates and times, times, and amounts established by the evidence.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 3-12 and 3-13.

---

[49] Explanation for changes:  Defendants propose to break the instruction on dates and amounts into separate charges, tracking the Sand model jury instructions, and to make clearer as to both what the jury should do if there is no "substantial similarity" between the Indictment and the evidence presented.

**98.** **VARIANCE IN AMOUNTS**

If the indictment charges that a certain amount was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material and, if you find it was material, then you must find the defendant not guilty.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instrs. 3-13.



### 87.99. MULTIPLE COUNTS – MULTIPLE DEFENDANTS

In addition, you must consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Adapted from *Sand, et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instr. 3-8.

171

## ~~88.~~100.      DEFENSE THEORY OF THE CASE

[*The defense requests that the jury be charged with the defense theory of the case, to be supplied following the close of trial, prior to the charging conference*.]

## XIV.   CONCLUDING INSTRUCTIONS

That almost completes my instructions.  I will close briefly with final directions as to how you are to arrive at your verdict.

The evidence presented has raised factual issues that you must decide as trier of the facts and you must resolve those issues solely on the basis of the evidence you have heard or the lack of evidence and my instructions on the law.  Your sworn duty is to determine whether each defendant is guilty or not guilty solely on the basis of the evidence or lack of evidence and my instructions on the law.

Again I remind you, you must not be influenced by sympathy or by any assumption, conjecture or inference stemming from personal feelings, the nature of the charges or your view of the relative seriousness or lack of seriousness of the alleged crime.

I caution you that under your oath as jurors you are not to consider the punishment that may be imposed upon each defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine the guilt or non-guilt of each defendant solely upon the evidence and the law which I have given to you and which you must apply.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  However, you are not to give up a point of view that

173

you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence and the facts and the law that is the correct way to decide the case.

We have made a record of these proceedings.  If any of you wish at any time to have any part of the testimony read back, then simply have the foreperson send me a note, dated and with the time, to that effect, and we will comply with your request as quickly as we can.  I am not suggesting that you must or should do this.  I am simply saying that it is a service we can make available to you.  It would be helpful in the case of such a request if your note is as precise as possible so that we can know exactly what it is that you need.  It does take time for the court reporter to find testimony in the transcript.  Therefore, please be patient if you send a note and there seems to be a delay in our response to you.  Finally, if you do send me any notes, however, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue.  The foreperson should sign any notes that you send to me.

In the course of your deliberations, you have the right to review any of the exhibits that have been received in evidence.  If you wish to see any of these exhibits, simply have your foreperson send me a note requesting the exhibits you wish to see.  Again, however, I stress that no note should give me any indication of your thinking on any disputed issue or on your verdict.

Your verdict will and must be announced only in open court at the end of your deliberations.  Your verdict must be by a unanimous vote of all of you.

Finally, when you reach a verdict, all of you should sign the verdict sheet and then send me a note stating that you have reached a verdict.  Do not specify what the verdict is in the note.

174

Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. I remind you that your verdict must be unanimous.

* * * * *

Attorneys, are there any additional instructions you seek?

* * * * *

Members of the jury, you may now retire to deliberate.

175