



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 29, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Robert Menendez, et al.*,
           S4 23 Cr. 490 (SHS)

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter in opposition to defendant Robert Menendez's letter motion (Dkt. 357), filed on Friday, seeking to effectively preclude the Government from offering any exhibits at trial that are not designated by today, Monday, April 29, at 5 p.m., *i.e.*, approximately two weeks before jury selection and one business day after their motion was filed. Because Menendez provides no adequate basis for this extraordinary request, it should be denied.

On April 19, 2024, the amended deadline to produce exhibits, the Government provided a detailed exhibit list and a production of its trial exhibits.[1] Since then, the Government has supplemented its production of exhibits in good faith as preparations for trial continue, and has taken steps to assist the defendants in understanding the exhibits and preparing for trial. Menendez complains principally of the volume of exhibits that the Government has designated, as well as the fact that the Government has designated certain large exhibits for identification purposes, and identified after April 19 a number of subparts of the exhibits that it intends to offer.

Regarding the volume of exhibits, the Government's exhibit production is undoubtedly voluminous, which is understandable given that—as the Government explained at the initial conference—this case features a substantial quantity of documentary evidence. (Tr., Oct. 2, 2023, at 5-7.) The volume is a function of the complex and long-running nature of the charged schemes. There is thus a significant amount of material for the defendants to review, but that was entirely

---

[1] The Government consented to produce its exhibits on April 19, 2024, while agreeing to a one-week adjournment of trial, which had the effect, as the Court noted, of producing exhibits to the defendants three days farther in advance of trial than the Court had originally ordered. (Tr., Apr. 19, 2024, at 12 (Court noting that parties' agreement "provides for 3500 and witness lists and exhibit lists to be turned over earlier than previously agreed upon").)

Honorable Sidney H. Stein
April 29, 2024
Page 2

foreseeable in this case and is not indicative of some type of problem with the Government's production of trial exhibits.

      In complaining of an allegedly unmanageable volume, Menendez points to a large number of documents that the Government has already informed the defendants that it has marked for identification purposes only for the convenience of all parties. (Dkt. 357 at 3.) In particular, the Government advised the defendants that a certain set of exhibits are folders of attachments to certain of the large text message chains on the Government's exhibit list. Each of these—specifically indicated on the exhibit list and designated with exhibit numbers ending in -AF to denote that they are attachment folders—has been marked for identification purposes only, and the Government has already indicated it does not intend to offer those folders in evidence. Instead, as the Government has explained to the defendants, it has marked the folders for identification to facilitate the inspection of metadata and to show which attachments the Government intends to offer (each of which are separately marked as exhibits) were sent with the specific text messages that the Government intends to offer. Accordingly, the vast majority of the documents Menendez complains of are ones the Government has indicated it does not intend to offer.

      Menendez also complains that the Government has marked a number of long text message chains between key co-conspirators and requests that each message and attachment must be specifically identified by today. (Dkt. 357 at 2.) While many of these text message chains would be admissible in their entirety even though they are long, the Government has already informed the defendants that it does not presently intend to offer the entirety of all of these chains. Rather, the Government has been identifying, on a rolling basis, a series of subparts of those chains that the Government intends to offer into evidence. The Government therefore has continued to designate portions of the message chains, and certain specific attachments from the attachment folders, as supplemental exhibits, for the convenience of the parties, the Court, and the jury to narrow and focus attention on the relevant portions of the message chains. The bulk of these designations has been completed, and indeed, the majority were completed and produced as marked sub-exhibits to the defense before Menendez wrote to the Court. The Government intends to continue to mark supplemental exhibits (whether subparts of larger exhibits or other exhibits entirely) as appropriate during ongoing trial preparation, as is common in any case of any complexity. However, the Government presently expects that the volume of such designations will be substantially smaller going forward.[2]

      Moreover, the Government has taken a number of steps to attempt to assist the defendants in preparing for trial. The Government has answered Menendez's counsel's questions regarding the exhibits, including telling them that it did not intend to offer the voluminous attachment folders, and directing them to a detailed proposed authenticity stipulation that explained the source and nature of these folders. The Government also proposed and entered into a stipulation to facilitate

---

[2] The Government does not understand the Menendez's complaint about purported omitted Bates ranges from Government exhibits (Dkt. 357 at 4 n.4), given that the index indicates the Bates number that each exhibit is drawn from, excepting physical exhibits which did not receive Bates numbers. A number of the documentary exhibits were exported out of data files that were themselves produced natively (such as extraction reports for cellphones), and as such do not have numbers stamped onto their pages. However, for the convenience of the defendants, the Government's exhibit index includes, as to each such document, the Bates number of the data file from which these exhibits were exported.

Honorable Sidney H. Stein
April 29, 2024
Page 3

the sharing of summary exhibits and demonstratives in draft form prior to being finalized. The Government provided the first such summary chart on Friday evening, which addressed, among other things, a number of questions defense counsel says they have regarding certain items of physical evidence the Government intends to offer. The Government has also provided to the defendants on Sunday three detailed summary exhibits setting forth the chronology of the offenses with great specificity. Taken together, these chronological draft summary exhibits list over 2,500 line items (each with a specific citation to one or more Government exhibits) and provide the defendants with a wealth of detail regarding the Government's expected proof. The Government expects to prepare additional summary exhibits or demonstratives as appropriate to facilitate the jury's understanding of the evidence and to allow trial to proceed as efficiently as possible, but expects that any such further summary exhibits will be substantially shorter in length than those already produced.

In light of this record, Menendez's request for Court intervention in the Government's good-faith process of preparation for this complex and lengthy trial is entirely unwarranted. He appears to seek an order precluding the Government from designating additional exhibits, or from producing additional summary charts, after today at 5 p.m., regardless of the nature of the exhibit, and regardless of how long he has had the materials from discovery. That sweeping request is unwarranted, and he cites no case supporting it. By constraining the Government's proof—and limiting the jury's ability to search for the truth—weeks before a jury is selected, such an order would go far beyond preventing any arguable unfair prejudice to Menendez (of which there is none), and would contravene the settled principles governing criminal trials. *See, e.g.*, *United States v. Morrison*, 449 U.S. 361, 364 (1981) ("the general rule [is] that remedies should be tailored to the injury suffered" and "should not unnecessarily infringe on competing interests"); *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (a remedy must "neutralize the taint" but not "grant a windfall to the defendant" (internal quotation marks and citations omitted)); *Nix v. Whiteside*, 475 U.S. 157, 167 (1986) ("the nature of a criminal trial" is a "search for truth"). The order Menendez seeks would also be particularly inappropriate because he has not produced any reciprocal discovery, or identified any exhibits he intends to offer in the Government's case-in-chief, despite an April 26 deadline to do so, nor has he answered the Government's inquiry as to whether his lack of identification of such exhibits means that he does not have any.

Indeed, even in the more serious context of Rule 16 violations—which involve a defendant being deprived of evidence, rather than a failure to narrow as promptly as a defendant wishes exhibits from evidence he already has—courts recognize that "[a]bsent bad faith on the part of the Government, the preclusion of evidence is rarely an appropriate sanction." *United States v. Guerrero*, No. 09 CR. 339 (RWS), 2010 WL 1790400, at *1 (S.D.N.Y. Apr. 30, 2010) (citing *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)); *see also United States v. Monsanto Lopez*, 798 F. App'x 688, 690-91 (2d Cir. 2020) (continuance of trial after government's late disclosure of evidence was sufficient to cure any prejudice, even if Rule 16 violation occurred); *United States v. Graham*, No. 99 Cr. 271 (CFD), 2000 WL 1902425, at *2 (D. Conn. Dec. 21, 2000) ("A continuance is the least severe remedy necessary to preserve the defendant's right to a fair trial, promote the fair and efficient administration of justice, and ensure full compliance with Rule 16(a).").

In short, there is no basis for the Court to intervene. The Government will continue to engage with the defense in good faith and expects that the defense will do the same, and will

Honorable Sidney H. Stein
April 29, 2024
Page 4

continue to share draft demonstratives and summary exhibits in a timely manner upon their completion, without the need for judicial intervention.

                                              Respectfully submitted,

                                              DAMIAN WILLIAMS
                                              United States Attorney

                        By:    s/ Paul M. Monteleoni
                              Eli J. Mark
                              Daniel C. Richenthal
                              Paul M. Monteleoni
                              Lara Pomerantz
                              Catherine Ghosh
                              Assistant United States Attorneys
                              (212) 637-2431/2109/2219/2343/1114

cc:     (by ECF)

        Counsel of Record