```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
              -v.-                                          :    S4 23 Cr. 490 (SHS)
                                                            :
ROBERT MENENDEZ,                                            :
WAEL HANA,                                                  :
   a/k/a "Will Hana," and                                   :
FRED DAIBES,                                                :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x
```

# THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN CROSS-EXAMINATION

DAMIAN WILLIAMS
United States Attorney

Eli J. Mark
Daniel C. Richenthal
Paul M. Monteleoni
Lara Pomerantz
Catherine Ghosh
Assistant United States Attorneys
- Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

APPLICABLE LAW .............................................................................................................. 1

    A.    The Scope of Cross-Examination – Generally.......................................................... 1

    B.    Rule 609 ................................................................................................................... 2

    C.    Rule 608 ................................................................................................................... 2

    D.    Rules 611 and 403 ................................................................................................... 3

ARGUMENT ........................................................................................................................... 3

I.    THE COURT SHOULD PRECLUDE CERTAIN CROSS-EXAMINATION AS IMPROPER AND/OR UNDER RULE 403 ........................................................................ 3

    A.    Witness-1 ................................................................................................................. 3

CONCLUSION ........................................................................................................................ 8

## **PRELIMINARY STATEMENT**

The Government respectfully seeks a ruling *in limine* precluding cross-examination of a certain witness regarding the witness's prior history or conduct that are not proper grounds for cross-examination under Federal Rules of Evidence 609 and 608 and should be precluded under Federal Rule of Evidence 403.[1]

## **APPLICABLE LAW**

### A.   The Scope of Cross-Examination – Generally

"The scope and extent of cross-examination lies within the discretion of the trial judge." *United States v. Scarpa*, 913 F.2d 993, 1018 (2d Cir. 1990) (internal quotation marks omitted). As the Supreme Court has explained:

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (emphasis in original) (internal quotation marks omitted).

---

[1] Prior to filing this motion, the Government asked counsel for the defendants whether they intended to cross-examine several witnesses on certain subjects. Defense counsel agreed not to do so for all such witnesses and such subjects, except for the witness described herein on the subjects described herein, for which they reserved the right to so cross-examine. Hana's counsel further asked for more information concerning the circumstances of Witness-1's ▮▮▮▮ to ascertain whether they would seek to cross-examine on the subject, but advised that they would not cross-examine Witness-1 regarding ▮▮▮▮ without raising it with the Government and, if necessary, the Court in advance.

**B.     Rule 609**

Federal Rule of Evidence 609 sets forth the rubric for impeachment by evidence of a criminal conviction.

A conviction within the last ten years (or a conviction resulting in confinement within the past ten years) (1) may be admitted to "attack[] a witness's character for truthfulness" if the crime was punishable by more than one year's imprisonment, and the admission is not barred by Federal Rule of Evidence 403; and (2) must be admitted "for any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a). The party "desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (internal quotation marks omitted).

A conviction that is more than a decade old is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

**C.     Rule 608**

Federal Rule of Evidence 608 sets forth the rubric for impeachment by evidence of specific instances of past conduct. The rule provides that such instances may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified

2

about." Fed. R. Evid. 608(b). However, the rule precludes the admission of extrinsic evidence to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness. *Id.*

### D. Rules 611 and 403

Federal Rule of Evidence 611 states that that a court should "protect witnesses from harassment or undue embarrassment," and that cross-examination "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(a)(3), (b).

Evidence, including testimony sought to be elicited on cross-examination, must also satisfy Federal Rule of Evidence 403, which provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also, e.g.*, *United States v. Devery*, 935 F. Supp. 393, 407-08 (S.D.N.Y. 1996) ("[E]ven if the prior act does concern the witness's character for truthfulness under Rule 608(b), its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403."), *aff'd*, 128 F.3d 38 (2d Cir. 1997).

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE CERTAIN CROSS-EXAMINATION AS IMPROPER AND/OR UNDER RULE 403

#### A. Witness-1

Witness-1 is a ███████████████████████, who resides and works in ███ ███. Witness-1 is expected to testify regarding Witness-1's ███████████████ ███████████████████████████████████████████████

3



.²

As is relevant here, Witness-1 has advised the Government that (a) for a period of several years ending approximately 2.5 years ago, Witness-1 was a heavy consumer of alcohol, and ███ ███, but Witness-1 has not used alcohol ███, ███ ███ in the past 2.5 years; (b) during the same time period as Witness-1's prior alcohol and ███, Witness-1 engaged in

---

² While the Government does not herein use Witness-1's name, given that this memorandum describes Witness-1's relevant position and expected testimony, Witness-1 is likely to be identifiable; the matters described below are highly personal and sensitive; and this motion, if granted, would avoid Witness-1, a non-public figure who has been subpoenaed to testify, having to describe such matters, the Government has submitted this memorandum under seal in the first instance. Pursuant to the Court's order (Dkt. 169), the Government will confer with counsel for the defendants regarding the scope of redactions to a public filing, which the Government believes should be of (1) those details that could reasonably lead to Witness-1's identification presently or when Witness-1 testifies, and (2) the sensitive details of the conduct or history of which the Government seeks preclusion. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (The "privacy interests of innocent third parties" should "weigh heavily in a court's balancing equation" and can be the kind of "compelling interest" that may justify sealing or closure, and "[i]n determining the weight to be accorded an assertion of a right of privacy," courts must "consider the degree to which the subject matter is traditionally considered private rather than public," such as "family affairs, . . . embarrassing conduct with no public ramifications, and similar matters."); *cf., e.g., United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, *7 (S.D.N.Y. Apr. 14, 2016) (considering "personal and embarrassing conduct [with] public ramifications").

██████████████████████████████████████████████████████████

██████ ; and (c) Witness-1 has been ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████. None of these subjects, except alcohol and marijuana use, should be inquired about on cross-examination.

First, as to ████████████████, while it is "████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████," any prior instance of ██████ is irrelevant to "████████████████████

████████████████████████████████████████████████." *United States v.* ██████████████████████████ (citations omitted); *see also, e.g., United States v.* ██████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ *United States v.* ████████████████████

██████████████████████████████████████████████████████████

██████); *United States v.* ██████████████████████████

██████████ ; ████ *t v. United States,* ██████████████████████

██████████████████████████████████████████████████████████

████████████████████████████."). Here, while Witness-1 ████████ between approximately 2018 and approximately 2020, the Government does not understand

5

Witness-1 to have been ▓▓▓▓▓▓ during the specific events during that timeframe about which Witness-1 will testify.

Moreover, as noted above, the Government has no objection to the defendants cross-examining Witness-1 about Witness-1's alcohol or marijuana usage, the former of which appears to have been habitual and accordingly about which, at least in these circumstances, it would not be unreasonable to question Witness-1 (provided such questions were not excessive or improper under Rules 403 and 611). In light of these avenues for cross-examination, the non-cumulative probative value of cross-examining Witness-1 specifically about ▓▓▓▓▓▓ is low. At the same time, the nature of ▓▓▓▓▓▓ risks a heightened emotional response from the jury, in contrast to alcohol (which is legal nationwide) and marijuana (which has been legalized or de-criminalized by multiple states, including both this state and Witness-1's home state). Further, the Government understands that Witness-1 primarily or exclusively ▓▓▓▓▓▓ during a time in Witness-1's life when Witness-1 was going to clubs and ▓▓▓▓▓▓. As a result, cross-examination about ▓▓▓▓▓▓ is likely to cause Witness-1 severe embarrassment, or at the very least, greatly increase Witness-1's nervousness and accordingly the risk that Witness-1's testimony is inadvertently inaccurate or less comprehensible to the jury. Cross-examination on ▓▓▓▓▓▓ should therefore be precluded.

In any event, under no circumstance should Witness-1 have to answer questions about previously ▓▓▓▓▓▓, which Witness-1 freely admitted to the Government, is highly sensitive, has little or no bearing on Witness-1's truthfulness, and would subject Witness-1 and ▓▓▓▓▓▓ to undue embarrassment. *See United States v.* ▓▓▓▓▓▓ ▓▓▓▓▓▓ (precluding defense from cross-examining

6

Government witness at trial concerning witness's ▮▮▮▮ under Fed. R. Evid. 403 and 611 due to ▮▮▮▮ ▮▮▮▮"); *United States v.* ▮▮▮▮ (precluding cross-examination of witness concerning ▮▮▮ ▮▮ finding that ▮▮▮▮ ▮▮▮); *United States v.* ▮▮▮▮ ▮▮▮▮ ▮▮▮); *United States v.* ▮▮▮▮ ▮▮▮▮ ▮▮▮▮").

Finally, cross-examination of Witness-1 about Witness-1's ▮▮▮▮ should be precluded. ▮▮▮▮ ▮▮▮▮ . ▮▮▮▮ ." ▮▮▮ *United States*, ▮▮▮▮ ▮▮▮▮ ▮▮▮); ▮▮▮▮ (same). No proper purpose would be served by cross-examination concerning ▮▮▮ and, at the same time, such cross-examination would unnecessarily embarrass Witness-1.

***

The Government respectfully reserves the right to file additional motions *in limine* as may be warranted.

**CONCLUSION**

For the foregoing reasons, the cross-examination of Witness-1 on the topics described herein should be precluded.

Dated: New York, New York
       May 5, 2024

                                          Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114