# EXHIBIT B



- Recent Cases
- FARA eFile
- Advisory Opinions
- Letters of Determination
- Frequently Asked Questions +
- Registration Forms and Templates
- Fee Schedule
- Browse Filings −
  - By Primary Registrant
  - By Short Form Registrant
  - By Foreign Principal

## About

The Foreign Agents Registration Act (FARA) was enacted in 1938. FARA requires certain agents of foreign principals who are engaged in political activities or other activities specified under the statute to make periodic public disclosure of their relationship with the foreign principal, as well as activities, receipts and disbursements in support of those activities. Disclosure of the required information facilitates evaluation by the government and the American people of



**Leadership**
Matthew G. Olsen
Assistant Attorney General for National Security

Contact



GOVERNMENT EXHIBIT
10K-1
23 Cr. 490 (SHS)

SDNY_00160824



**Search this site**

HOME | ABOUT | AGENCIES | RESOURCES | NEWS | CAREERS | CONTACT

Home » Foreign Agents Registration Act

- FARA Home
- Legal Authority
- Enforcement
- Recent Cases
- FARA eFile
- Advisory Opinions
- Frequently Asked Questions
- Registration Forms
- Fee Schedule
  - Browse Filings
    - By Primary Registrant
    - By Short Form Registrant
    - By Foreign Principal
    - Search Filings

## BROWSE FILINGS

### Foreign Agents Registration Act -- Browse Filings

- **PRIMARY REGISTRANTS**

  - Active Registrants
  - Active Registrants in a Date Range
  - Active Registrants by Country or Location Represented
  - Active Registrants by Country or Location in a Date Range
  - Registrant Supplemental Statements by Country or Location in a Date Range
  - New Registrants in a Date Range
  - Terminated Registrants in a Date Range
  - Historical List of All Registrants (Active and Terminated)
  - Historical List of All Registrants by Country or Location Represented (Active and Terminated)

  - Active Registrants with Political Contributions

  - Active Registrants with Political Activities

SDNY_00160825

# THE UNITED STATES DEPARTMENT of JUSTICE

| HOME | ABOUT | AGENCIES | RESOURCES | NEWS | CAREERS | CONTACT |

Home » Foreign Agents Registration Act

- FARA Home
- **Legal Authority**
- Enforcement
- Recent Cases
- FARA eFile
- Advisory Opinions
- **Frequently Asked Questions**
- Registration Forms
- Fee Schedule
- ○ **Browse Filings**
  - By Primary Registrant
  - By Short Form Registrant
  - By Foreign Principal

## BROWSE FILINGS

**Foreign Agents Registration Act -- Browse Filings**

- **FOREIGN PRINCIPALS**
  - Active Foreign Principals
  - Active Foreign Principals in a Date Range
  - New Foreign Principals in a Date Range
  - Terminated Foreign Principals
  - Terminated Foreign Principals in a Date Range
  - Historical List of All Foreign Principals (Active and Terminated)

SDNY_00160826





Case 1:23-cr-00490-SHS    Document 426-2    Filed 05/29/24    Page 7 of 16




SDNY_00160829

| Date | Name | ID | Firm | Type |
|---|---|---|---|---|
| 10/18/2013 | Government of the Arab Republic of Egypt | 5666 | Glover Park Group, LLC | Exhibit AB |
| 10/18/2013 | Edelson, Samuel Blodgett | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | Brophy, Susan | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | O'Brien, Brett | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | Dumke, David T. | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | Miner III, William A. | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | Ballentine, Jennifer Loven | 5666 | Glover Park Group, LLC | Short-Form |
| 10/18/2013 | Cole, Edward | 5666 | Glover Park Group, LLC | Short-Form |
| 10/17/2013 | Amendment | 5666 | Glover Park Group, LLC | Amendment |
| 10/11/2013 | Government of the Arab Republic of Egypt | 5666 | Glover Park Group, LLC | Exhibit AB |
| 10/11/2013 | Government of the Arab Republic of Egypt | 5666 | Glover Park Group, LLC | Exhibit AB |

U.S. Department of Justice
Washington, DC 20530

OMB No. 1124-0004; Expires February 28, 2014

Exhibit B to Registration Statement
Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. A registrant must furnish as an Exhibit B copies of each written agreement and the terms and conditions of each oral agreement with his foreign principal, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances by reason of which the registrant is acting as an agent of a foreign principal. Compliance is accomplished by filing an electronic Exhibit B form at http://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 et seq., for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the Registration Unit in Washington, DC. Statements are also available online at the Registration Unit's webpage: http://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public in print and online at: http://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .33 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, Registration Unit, Counterespionage Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name of Registrant | 2. Registration No. |
|---|---|
| The Glover Park Group, LLC | 5666 |

3. Name of Foreign Principal

Government of the Arab Republic of Egypt

Check Appropriate Box:

4. ☒ The agreement between the registrant and the above-named foreign principal is a formal written contract. If this box is checked, attach a copy of the contract to this exhibit.

5. ☐ There is no formal written contract between the registrant and the foreign principal. The agreement with the above-named foreign principal has resulted from an exchange of correspondence. If this box is checked, attach a copy of all pertinent correspondence, including a copy of any initial proposal which has been adopted by reference in such correspondence.

6. ☐ The agreement or understanding between the registrant and the foreign principal is the result of neither a formal written contract nor an exchange of correspondence between the parties. If this box is checked, give a complete description below of the terms and conditions of the oral agreement or understanding, its duration, the fees and expenses, if any, to be received.

7. Describe fully the nature and method of performance of the above indicated agreement or understanding.

Registrant will provide public diplomacy, strategic communications counsel and government relations services for the Government of Egypt. Registrant's activities will include communications associated with the Government's implementation of its Road Map to build the institutions of an inclusive democratic state through parliamentary and presidential elections. The terms of the agreement and scope of work have not yet been determined. A copy of the agreement will be filed as an Amendment to this Exhibit upon execution.

JAMES E. RISCH, IDAHO, CHAIRMAN

MARCO RUBIO, FLORIDA
RON JOHNSON, WISCONSIN
CORY GARDNER, COLORADO
MITT ROMNEY, UTAH
LINDSEY GRAHAM, SOUTH CAROLINA
JOHN BARRASSO, WYOMING
ROB PORTMAN, OHIO
RAND PAUL, KENTUCKY
TODD YOUNG, INDIANA
TED CRUZ, TEXAS
DAVID PERDUE, GEORGIA

ROBERT MENENDEZ, NEW JERSEY
BENJAMIN L. CARDIN, MARYLAND
JEANNE SHAHEEN, NEW HAMPSHIRE
CHRISTOPHER A. COONS, DELAWARE
TOM UDALL, NEW MEXICO
CHRISTOPHER MURPHY, CONNECTICUT
TIM KAINE, VIRGINIA
EDWARD J. MARKEY, MASSACHUSETTS
JEFF MERKLEY, OREGON
CORY A. BOOKER, NEW JERSEY

**United States Senate**
COMMITTEE ON FOREIGN RELATIONS
WASHINGTON, DC 20510–6225

May 18, 2020

The Honorable John C. Demers
Assistant Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Assistant Attorney General Demers:

Recent press reports and a lawsuit suggest that former Congressman David M. Rivera (R-FL-25) worked on behalf of a foreign principal and conducted activities covered under the registration requirements of the Foreign Agents Registration Act (FARA).[1] I therefore request that the Department of Justice review whether Mr. Rivera was in compliance with FARA, including whether he has an obligation to retroactively register as a foreign agent acting on behalf of the Maduro regime.

Specifically, Mr. Rivera is alleged to have worked as a consultant on behalf of Petróleos de Venezuela, S.A. ("PDVSA") and the regime of former Venezuelan President Nicolás Maduro—a repressive regime subject to comprehensive U.S. sanctions.[2] PDVSA is the state-owned oil and natural gas company of Venezuela and, at the time of Mr. Rivera's work was controlled by Maduro. The complaint, brought by PDVSA's U.S. subsidiary, PDV USA, alleges that in 2017, Mr. Rivera, through his Florida company, Interamerican Consulting, agreed to provide "strategic consulting services" for PDVSA. According to the complaint, "PDV USA was instructed by the parent company (PDVSA) of its parent company (PDV Holding, Inc.) to enter into the Agreement for the purported purpose of improving PDVSA's 'long-term reputation and standing' in the United States."[3]

The complaint alleges that "PDVSA, rather than PDV USA, made the initial contact with [Mr. Rivera] . . . and PDVSA, rather than PDV USA, selected [Mr. Rivera], the contemplated payment amounts and timing of those payments, and the substance of the work to be performed."[4] In the course of providing these services, Mr. Rivera allegedly "organized

---

[1] Patricia Mazzei, "Venezuelan Oil Company Sues Miami Ex-Congressman Over $50 Million Deal," May 13, 2020, https://www.nytimes.com/2020/05/13/us/david-rivera-venezuela-oil-pdvsa.html; *PDV USA, Inc. v. Interamerican Consulting Inc.,* Case no. 20-cv-3699 (S.D.N.Y, May 13, 2020).
[2] *See e.g.*, Executive Order 13808, "Imposing Additional Sanctions with Respect to the Situation in Venezuela," Aug. ,24, 2017; Executive Order 13827, "Taking Additional Steps to Address the Situation in Venezuela," Mar. 19, 2018; Executive Order 13835, "Prohibiting Certain Additional Transactions With Respect to Venezuela," May 21, 2018.
[3] *PDV USA, Inc. v. Interamerican Consulting Inc.*, Complaint ¶ 1, Case no. 20-cv-3699 (S.D.N.Y, May 13, 2020).
[4] *Id.* ¶ 16.

GOVERNMENT EXHIBIT 10D-1   23 Cr. 490 (SHS)

meetings" and engaged with "important policy makers," "key public officials," and "public sector stakeholders."[5]

FARA requires registration of agents of foreign principals engaged in political activities and other conduct as specified by statute, including acting as "public relations counsel, publicity agent, information service employee or political consultant for or in the interests of such foreign principal."[6] The Act is clear that acting directly or indirectly in any capacity on behalf of a foreign principal triggers the requirement to register under FARA.[7]

FARA was enacted to ensure that American citizens have the necessary information to make judgments about the political activities of foreign governments and foreign agents operating in the United States. When foreign agents fail to register under FARA, their activities on behalf of foreign powers are hidden from public view, obscuring potential threats to U.S. national security.

The Maduro regime's involvement in drug trafficking, crimes against humanity, and the expansive humanitarian crisis in Venezuela poses significant threats to U.S. national security interests and regional stability in Latin America and the Caribbean. If the U.S. Government is to be taken seriously in our efforts to defend and protect the Venezuelan people from the tyranny of the Maduro regime, the last thing we should tolerate is a former member of Congress potentially violating U.S. laws as he does the regime's dirty work in the United States.

As the leader of the division charged with investigating non-compliance with FARA and enforcing the law, I hope that you will give this matter the attention that it deserves.

Sincerely,

Robert Menendez
Ranking Member

---

[5] Id. ¶¶ 17, 25.
[6] 22 U.S. Code § 611(c)(1)(ii).
[7] *Id.* § 611(c)(1).

ROBERT MENENDEZ, NEW JERSEY, CHAIRMAN

BENJAMIN L. CARDIN, MARYLAND              JAMES E. RISCH, IDAHO
JEANNE SHAHEEN, NEW HAMPSHIRE             MARCO RUBIO, FLORIDA
CHRISTOPHER A. COONS, DELAWARE            RON JOHNSON, WISCONSIN
CHRISTOPHER MURPHY, CONNECTICUT           MITT ROMNEY, UTAH
TIM KAINE, VIRGINIA                       ROB PORTMAN, OHIO
EDWARD J. MARKEY, MASSACHUSETTS           RAND PAUL, KENTUCKY
JEFF MERKLEY, OREGON                      TODD YOUNG, INDIANA
CORY A. BOOKER, NEW JERSEY                JOHN BARRASSO, WYOMING
BRIAN SCHATZ, HAWAII                      TED CRUZ, TEXAS
CHRIS VAN HOLLEN, MARYLAND                MIKE ROUNDS, SOUTH DAKOTA
                                          BILL HAGERTY, TENNESSEE



United States Senate
COMMITTEE ON FOREIGN RELATIONS
WASHINGTON, DC 20510–6225

May 4, 2022

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dear Attorney General Garland,

I write to reiterate my request that the Justice Department review whether former Congressman David M. Rivera violated the Foreign Agents Registration Act (FARA) by failing to register as a foreign agent working on behalf of the repressive regime of Nicolas Maduro in Venezuela. I am concerned that seemingly little progress has been made on this matter in the two years since I first raised the serious and credible allegations against Mr. Rivera with the Department. If Mr. Rivera carried out work that requires registration under FARA, it is imperative that the Justice Department ensure he is held to account.

FARA requires that anyone who agrees to act directly or indirectly on behalf of a foreign principal, including as a "public relations counsel, publicity agent, information service employee or political consultant", register as a foreign agent.[1] The purpose of the law is to ensure that the public has the necessary information to make judgements about the political activities of foreign governments and foreign agents operating in the United States. As noted in my May 18, 2020, letter to then Assistant Attorney General John C. Demers, press reports and an ongoing lawsuit suggest that Mr. Rivera engaged in work as a consultant on behalf of the Maduro regime that should have triggered a registration under FARA.[2]

Through his Florida-based company, Interamerican Consulting, Mr. Rivera allegedly agreed to provide "strategic consulting services" to Petróleos de Venezuela S.A. (PDVSA) after entering into a $50 million agreement with its U.S. based subsidiary (PDV USA) in 2017, of which Rivera collected $20 million.[3] PDVSA is the state-owned oil and natural gas company of Venezuela, and was at the time controlled by Maduro. According to a complaint filed against Mr. Rivera's consulting company by PDV USA, Interamerican "organized meetings and engaged with "important policy makers," "key public officials," and "public sector stakeholders" for the

---

[1] 22 U.S. Code § 611(c)(1)(ii).
[2] Letter from Robert Menendez to Assistant Attorney General John C. Demers, May 18, 2020, https://www.foreign.senate.gov/imo/media/doc/05-18-20%20RM%20Letter%20to%20DOJ%20on%20FL%20Rep%20Rivera%20FARA.pdf.
[3] Jay Weaver and Antonio Maria Delgado, "Rivera diverted $13 million from Venezuelan deal to convicted drug trafficker, others," *Miami Herald*, April 22, 2022, https://www.miamiherald.com/news/nation-world/world/americas/venezuela/article260644607.html.

GOVERNMENT EXHIBIT 10D-3
23 Cr. 490 (SHS)

purported purpose of improving PDVSA's "'long-term reputation and standing' in the United States."[4] According to the complaint, Mr. Rivera was selected to provide consulting services by PDVSA, and PDVSA was the entity that was responsible for determining the payments and work to be performed by Mr. Rivera.[5]

Since my original letter, additional disclosures have only added to the likelihood that Mr. Rivera engaged in actions covered by FARA. In December 2020, PDV USA retroactively registered under FARA for engaging in activities on behalf of PDVSA.[6] Among the activities identified is the 2017 Agreement with Mr. Rivera in which the Venezuelan state-owned oil company was identified as the client.[7]

To protect our national interests and promote continued transparency, I urge the Department to scrutinize Mr. Rivera's apparent work on behalf of a foreign adversary intent on undermining U.S. national security interests. The American people deserve to know whether a former Republican member of Congress was secretly doing the bidding of a dictator responsible for committing crimes against humanity in Venezuela.

As our nation's chief law enforcement officer, I hope that you will give this matter the attention that it deserves.

Sincerely,

Robert Menendez
Chairman

---

[4] *PDV USA, Inc. v. Interamerican Consulting Inc.*, Complaint, Case no. 20-cv-3699 (S.D.N.Y, May 13, 2020).
[5] *Id*.
[6] PDV USA, Registration Statement Pursuant to the Foreign Agents Registration Act of 1938, OMB No. 1124-0006, December 12, 2020, https://efile.fara.gov/docs/6903-Exhibit-AB-20201231-1.pdf.
[7] *Id.*, Attachment to Exhibit B at 2.



ABOUT    PRESS    HEARINGS    ACTIVITIES & REPORTS

PRESS • CHAIRMAN'S PRESS

MAY 04, 2022

# Chairman Menendez Reiterates Call for DoJ to Investigate Former GOP Congressman's Work as an Agent for the Maduro Regime

"The American people deserve to know whether a former member of Congress was secretly doing the bidding of a dictator responsible for committing crimes against humanity in Venezuela."

**WASHINGTON – U.S. Senator Bob Menendez (D-N.J.), Chairman of the Senate Foreign Relations Committee**, today sent a new request calling on the Department of Justice to investigate whether former Florida Republican Congressman David Rivera violated the *Foreign Agents Registration Act* (FARA) by failing to register as a foreign agent on behalf of Nicolas Maduro's oppressive regime and Venezuela's state oil company Petróleos de Venezuela, S.A. (PDVSA). Rivera reportedly received millions to provide "strategic consulting services" to PDVSA. The Chairman's letter follows increasing reports and an ongoing lawsuit suggesting that Mr. Rivera should have registered under FARA for his work on behalf of the regime.

"If Mr. Rivera carried out work that requires registration under FARA, it is imperative that the Justice Department ensure that he is held to account," **Chairman Menendez wrote in a letter to Attorney General Merrick Garland**. "The American people deserve to know whether a former member of Congress was secretly doing the bidding of a dictator responsible for committing crimes against humanity in Venezuela."

Chairman Menendez also raised his concerns that—despite additional disclosures that have surfaced in the last two years— "seemingly little progress has been made" on the matter since he first brought the serious allegations against Mr. Rivera to the Department's attention. "To protect our national interests and promote continued transparency, I urge the Department to scrutinize Mr. Rivera's apparent work on behalf of a foreign adversary intent on undermining U.S. national security interests," **added the Chairman.**

Find a copy of the letter HERE and below.

GOVERNMENT
EXHIBIT
10D-4
23 Cr. 490 (SHS)



**ABOUT**    **PRESS**    **HEARINGS**    **ACTIVITIES & REPORTS**

Dear Attorney General Garland,

I write to reiterate my request that the Justice Department review whether former Congressman David M. Rivera violated the Foreign Agents Registration Act (FARA) by failing to register as a foreign agent working on behalf of the repressive regime of Nicolas Maduro in Venezuela. I am concerned that seemingly little progress has been made on this matter in the two years since I first raised the serious and credible allegations against Mr. Rivera with the Department. If Mr. Rivera carried out work that requires registration under FARA, it is imperative that the Justice Department ensure he is held to account.

FARA requires that anyone who agrees to act directly or indirectly on behalf of a foreign principal, including as a "public relations counsel, publicity agent, information service employee or political consultant", register as a foreign agent.[1] The purpose of the law is to ensure that the public has the necessary information to make judgements about the political activities of foreign governments and foreign agents operating in the United States. As noted in my May 18, 2020, letter to then Assistant Attorney General John C. Demers, press reports and an ongoing lawsuit suggest that Mr. Rivera engaged in work as a consultant on behalf of the Maduro regime that should have triggered a registration under FARA.[2]

Through his Florida-based company, Interamerican Consulting, Mr. Rivera allegedly agreed to provide "strategic consulting services" to Petróleos de Venezuela S.A. (PDVSA) after entering into a $50 million agreement with its U.S. based subsidiary (PDV USA) in 2017, of which Rivera collected $20 million.[3] PDVSA is the state-owned oil and natural gas company of Venezuela, and was at the time controlled by Maduro. According to a complaint filed against Mr. Rivera's consulting company by PDV USA, Interamerican "organized meetings and engaged with "important policy makers," "key public officials," and "public sector stakeholders" for the purported purpose of improving PDVSA's "'long-term reputation and standing' in the United States."[4] According to the complaint, Mr. Rivera was selected to provide consulting services by PDVSA, and PDVSA was the entity that was responsible for determining the payments and work to be performed by Mr. Rivera.[5]

Since my original letter, additional disclosures have only added to the likelihood that Mr. Rivera engaged in actions covered by FARA. In December 2020, PDV USA retroactively registered under FARA for engaging in activities on behalf of PDVSA.[6] Among the activities identified is the 2017 Agreement with Mr. Rivera in which the Venezuelan state-owned oil company was identified as the client.[7]

To protect our national interests and promote continued transparency, I urge the Department to scrutinize Mr. Rivera's apparent work on behalf of a foreign adversary intent on undermining U.S. national security interests. The American people deserve to know whether a former Republican member of Congress was secretly doing the bidding of a dictator responsible for committing crimes against humanity in Venezuela.

As our nation's chief law enforcement officer, I hope that you will give this matter the attention that it deserves.



**ABOUT**   **PRESS**   **HEARINGS**   **ACTIVITIES & REPORTS**

Sincerely,

###

**El Senador Menéndez Reitera su Llamado para que el Departamento de Justicia Investigue Excongresista Republicano por Trabajar Como Agente del Régimen de Maduro**

*"El pueblo estadounidense merece saber si un exmiembro del Congreso estaba haciendo negocios a escondidas en nombre de un dictador responsable de cometer crímenes de lesa humanidad en Venezuela".*

**WASHINGTON - El Senador Bob Menéndez (D-N.J.), Presidente del Comité de Relaciones Exteriores del Senado**, envió hoy una nueva solicitud pidiéndole al Departamento de Justicia de EE.UU. que investigue si el excongresista republicano de la Florida, David Rivera, violó la Ley de Registro de Agentes Extranjeros (FARA, por sus siglas en inglés) al no inscribirse como agente extranjero en nombre del régimen opresor de Nicolás Maduro y de la compañía petrolera estatal venezolana Petróleos de Venezuela, S.A. (PDVSA). Rivera supuestamente recibió millones para proporcionar "servicios de consultoría estratégica" a PDVSA. La carta del Senador se produce tras múltiples informes y una demanda en curso que sugieren que el Sr. Rivera debío haberse inscrito bajo la ley FARA por su trabajo en nombre del régimen venezolano.

"Si el Sr. Rivera llevó a cabo un trabajo que requiere una inscripción bajo la ley FARA, es imperativo que el Departamento de Justicia se asegure de que rinda cuentas", **escribió el Senador Menéndez en una carta al Fiscal General Merrick Garland**. "El pueblo estadounidense merece saber si un exmiembro del Congreso estaba haciendo negocios a escondidas en nombre de un dictador responsable de cometer crímenes de lesa humanidad en Venezuela".

El Senador Menéndez también expresó su preocupación por el hecho de que, a pesar de las nuevas revelaciones que han surgido en los últimos dos años, "aparentemente no se ha hecho mayor avance" en este asunto desde que el legislador presentó por primera vez las graves y creíbles acusaciones contra el Sr. Rivera ante el Departamento de Justicia.

"Para proteger nuestros intereses nacionales y promover la transparencia continua, insto al Departamento a que examine el aparente trabajo del Sr. Rivera en nombre de un adversario extranjero que esta dedicado a intentar socavar los intereses de seguridad nacional de los Estados Unidos", **añadió el Senador**.

###